**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
(State)

Case number *(if known)*: _____   Chapter   11

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/22

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | HONX, Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Hess Oil New York Corp.<br><br>Hess Oil Virgin Islands Corp. |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 85-1302163 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **1501 McKinney Street**<br>Number           Street | Number           Street |
| | P.O. Box |
| **Houston**          **TX**      **77010**<br>City              State    Zip Code | City              State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Harris**<br>County | JP Morgan Chase, 383 Madison Ave<br>Number           Street |
| | **New York**          **NY**      **10017**<br>City              State    Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://cases.stretto.com/honx |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

| Debtor | HONX, Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7.  Describe debtor's business**

A.  *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B.  *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**324110 – Crude Petroleum Refineries**

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.   District _____  When _____  Case number _____
         MM/DD/YYYY

          District _____  When _____  Case number _____
                                   MM/DD/YYYY

| Debtor | HONX, Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No
☐ Yes.

| | | | |
|---|---|---|---|
| Debtor | _____ | Relationship | _____ |
| District | _____ | When | |
| | | | MM / DD / YYYY |
| Case number, if known | _____ | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| | |
|---|---|
| _____ | |
| Number | Street |
| _____ | |
| City | State    Zip Code |

**Is the property insured?**

☐ No
☐ Yes.

| Insurance agency | _____ |
|---|---|
| Contact name | _____ |
| Phone | _____ |

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

Debtor ___HONX, Inc._____     Case number *(if known)*_____
       Name

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **14. Estimated number of creditors (on a consolidated basis)** | ☐ | 1-49 | ☒ | 1,000-5,000 | ☐ | 25,001-50,000 |
| | ☐ | 50-99 | ☐ | 5,001-10,000 | ☐ | 50,001-100,000 |
| | ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| | ☐ | 200-999 | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **15. Estimated assets (on a consolidated basis)** | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| | ☐ | $50,001-$100,000 | ☒ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| | ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **16. Estimated liabilities (on a consolidated basis)** | ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☒ | $500,000,001-$1 billion[1] |
| | ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| | ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| | ☐ | $500,001-$1 million | ☐ | $100,000,001-$500 million | ☐ | More than $50 billion |

**Request for Relief, Declaration, and Signatures**

**WARNING --**  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __04/28/2022__
               MM/ DD / YYYY

✖   __/s/_____     **Todd R. Snyder**_____
    Signature of authorized representative of debtor      Printed name

    Title   __**Chief Administrative Officer**_____

**18. Signature of attorney**

✖   __/s/ *Matthew D. Cavenaugh*_____     Date   __04/28/2022__
    Signature of attorney for debtor                    MM/DD/YYYY

            __Matthew D. Cavenaugh_____
            Printed name

            __Jackson Walker L.L.P._____
            Firm name

            __1401 McKinney Street, Suite 1900_____
            Number            Street

            __Houston_____     __TX___     __77010___
            City                            State      ZIP Code

            __(713) 752-4200_____     __mcavenaugh@jw.com__
            Contact phone                          Email address

            __24062656_____     __TX___
            Bar number             State

---

[1]  Includes approximately $800,000,000 of intercompany payables to Hess Corporation and its affiliates.  Substantially all of the Debtor's other liabilities are contingent, unliquidated, and disputed.

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HONX, Inc., | ) Case No. 22-_____(___) |
| | ) |
| Debtor. | ) |
| | ) |

## LIST OF EQUITY SECURITY HOLDERS[2]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| HONX, Inc. | Hess Corporation | 1501 McKinney St., Houston, TX 77010 | 100% |

---

[2] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HONX, Inc., | ) | Case No. 22-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Hess Corporation | 100% |

**Fill in this information to identify the case:**

Debtor name   HONX, Inc.

United States Bankruptcy Court for the:   Southern                    District of   Texas
                                                                                    (State)

Case number (If known):

☐ Check if this is an
  amended filing

## Chapter 11 Cases: List of Law Firms Representing the Asbestos Plaintiffs   12/15

The following is a list of parties that represent or have represented the known parties that have alleged claims against HONX, Inc. (the "**Debtor**") related to asbestos and exposure to toxic substances (the "**Top Asbestos Counsel List**").  Substantially contemporaneously with this petition, the Debtor has filed a motion seeking authority to file this Top Asbestos Counsel List in lieu of a list of the 20 largest unsecured creditors.[1]  This list does not include any person or entity who is an "insider" under section 101(31) of title 11 of the United States Code.  The Top Asbestos Counsel List was prepared for with information existing as of the date hereof. The Debtor reserves the right to amend the Top Asbestos Counsel List based on additional information it may identify.  The information contained in the Top Asbestos Counsel List shall not constitute an admission by, nor shall it be binding on, the Debtor.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **Burns Charest LLP** 900 Jackson Street Suite 500 Dallas, TX 75202 | Attn Warren Burns P: 469-904-4551 F: 469-444-5002 wburns@burnscharest.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | **Undetermined** |
| 2 | **Lee J. Rohn and Associates, LLC** 1101 King Street Christiansted- St Croix, 00820-0000 USVI | Attn Lee J. Rohn, Esq. P: 340-778-8855 F: 340-773-2954 lee@rohnlaw.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | **Undetermined** |
| 3 | **Thomas Alkon P.C.** P.O. Box 223032 Christiansted- St Croix, 00822-0000 USVI | P: 340-277-5865 F: 340-773-4491 attorney.alkonlaw@gmail.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | **Undetermined** |
| 4 | **The Gori Law Firm, P.C.** 156 N. Main St. Edwardsville, IL 62025 | Attn Sara Salger, Erin Beavers P: 618-659-9833 F: 618-659-9834 Sara@gorijulianlaw.com; erin@gorjiulianlaw.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | **Undetermined** |
| 5 | **Law Office of Ryan W. Greene** 15-B Norre Gade St Thomas, 00804-0000 USVI | P: 340-715-5297 F: 888-519-7138 | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | **Undetermined** |
| 6 | **Waters & Kraus, LLP** 3141 Hood Street, Suite 700 Dallas, TX 75219 | P: 214-357-6244 F: 214-357-7252 | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | **Undetermined** |
| 7 | **Maune Raichle Hartley French & Mudd, LLC** 1015 Locust Street, Suite 1200 St. Louis, MO 63101 | Attn Dawn Besserman, Esq. P: 314-241-2003 F: 314-241-4838 dbesserman@mrhfmlaw.com | Litigation | Contingent/ Unliquidated/ Disputed | N/A | N/A | **Undetermined** |

---

[1]   This list is in substantially the same form as Official Bankruptcy Form 204 for chapter 11 cases setting forth the list of creditors other than insiders, who have the 20 largest unsecured claims against a debtor.

Debtor Name:  HONX, Inc.                                                Case Number (if known):_____

| 8 | **Meirowitz & Wasserberg, LLP**<br>233 Broadway, Suit 2070<br>New York, NY 10279 | Attn Daniel Wasserberg, Esq.<br>P: 212-897-1988<br>F:<br>dw@mwinjurylaw.com | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
|---|---|---|---|---|---|---|---|
| 9 | **The Early Law Firm, LLC**<br>360 Lexington Avenue, 20th Floor<br>New York, NY 10017 | Attn Brian Early Esq.<br>P: 212-986-2233<br>F: 212-986-2255<br>bearly@elslaw.com | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 10 | **Harris & Huge, LLC**<br>180 Spring Street<br>Charleston,, SC 29403 | P: 843-805-8031<br>F: 843-636-5229 | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 11 | **Murray Law Firm**<br>701 Poydras Street, Suite 4250<br>New Orleans, LA 70139 | Attn Stephen Murray Sr &<br>Stephen Murray Jr & Devin<br>Lowell<br>P: 504-525-8100<br>F: 504-584-5249<br>smurray@murray-lawfirm.com;<br>smurrayjr@murray-lawfirm.com | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 12 | **The Pate Law Firm**<br>P.O. Box 370<br>Christiansted- St Croix, 00821-0000<br>USVI | Attn J. Russell B Pate<br>P: 340-777-7283<br>F: 888-889-1132<br>sunlawvi@gmail.com | Litigation | Contingent/<br>Unliquidated/<br>Disputed | N/A | N/A | **Undetermined** |
| 13 | | | | | | | |
| 14 | | | | | | | |
| 15 | | | | | | | |
| 16 | | | | | | | |
| 17 | | | | | | | |
| 18 | | | | | | | |
| 19 | | | | | | | |
| 20 | | | | | | | |

**WRITTEN CONSENT BY THE INDEPENDENT DIRECTORS OF
HONX, INC.**

April 27, 2022

The undersigned, being independent directors (the "**Independent Directors**") of the board of directors (the "**Board**") of HONX, Inc., a New York corporation (the "**Company**"), having considered the filing of voluntary petitions for relief under the provisions of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**") and exploring strategic and/or financial alternatives in light of the Company's current litigation liabilities and general financial condition, including possibilities of undertaking a restructuring, reorganization, or other transaction and related financing (each of the foregoing and any combination of the foregoing, a "**Restructuring Transaction**"), have reviewed and considered certain materials presented by the management of the Company and the Company's financial and legal advisors, including, but not limited to, materials regarding the liabilities and obligations of the Company, its liquidity, the strategic alternatives available to it, and the effect of the foregoing on the Company, and have had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and fully consider each of the strategic alternatives available to the Company;

*Approval of the Funding Agreement*

**WHEREAS,** the Independent Directors, pursuant to actions by written consent of the Board, dated as of April 18, 2022 (the "**Delegating Resolutions**"), were explicitly delegated certain rights, authority, and powers in connection with any matters pertaining to a Restructuring Transaction in which a conflict exists between the Company, on the one hand, and its shareholders, affiliates, or one or more of the non-independent Directors of the Independent Directors and the Company's officers, on the other hand (the "**Conflict Matters**"); and

**WHEREAS** the Delegating Resolutions contemplate that authority is delegated to the Independent Directors in connection with any of the Conflict Matters, and the Independent Directors have concluded that the decisions to authorize entry into the Funding Agreement (as defined below) constitute Conflict Matters.

**NOW, THEREFORE, IT IS RESOLVED,** that each of the Authorized Persons is hereby authorized, empowered, and directed to execute (under the common seal of the Company, if appropriate) steps necessary and proper to effectuate entry into that certain funding agreement dated April 27, 2022 (as amended, restated, modified or supplemented from time to time, the "**Funding Agreement**"), by and among the Company and Hess Corporation, a Delaware corporation; and

**FURTHER RESOLVED,** that for the avoidance of doubt, the Independent Directors, in consultation with their advisors, have determined that: (a) the execution of the Funding Agreement constitutes a Conflict Matter; and (b) entry into the Funding Agreement is in the best interests of the Company, its creditors, and other parties in interest; and therefore, the Independent Directors

hereby authorize entry into the Funding Agreement.

*Authorizing the Filing of Bankruptcy Petitions and Retention of Professionals*

**WHEREAS,** the Independent Directors has reviewed and considered the following:

1. the presentations by the Company's management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to them, and the impact of the foregoing on the Company's business;

2. the Funding Agreement;

3. the information and advice previously provided to and reviewed by the Independent Directors; and

4. the related matters reported on at meetings of the Independent Directors on and before the date hereof; and

**WHEREAS,** the Independent Directors has had the opportunity to consult with the Company's management and the legal and financial advisors of the Company and to fully consider each of the strategic alternatives available to the Company;

**WHEREAS** the Delegating Resolutions contemplate that authority is delegated to the Independent Directors in connection with any of the Conflict Matters, and the Independent Directors have concluded that the decisions to authorize entry into the Funding Agreement (as defined below) constitute Conflict Matters; and

**WHEREAS,** the Independent Directors has determined, in its business judgment, that it is desirable and in the best interests of the Company and its respective stakeholders for the Company to file, or causing the filing of, a voluntary petition under chapter 11 of the Bankruptcy Code and that such action will benefit the Company.

**NOW, THEREFORE, IT IS RESOLVED,** that the Company is authorized to file a voluntary petition for relief under the Bankruptcy Code and seeking necessary relief;

**FURTHER RESOLVED,** that, in the judgment of the Independent Directors, it is desirable and in the best interests of the Company, its interest holders, its creditors, and other parties in interest, that the Company file or cause to be filed a voluntary petition for relief (the "**Bankruptcy Petition**") under the provisions of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas or such other court of competent jurisdiction (the "**Court**").  In accordance with the requirements of the Company's governing documents and applicable law, the Directors hereby consent to, authorize, and approve the filing of the Bankruptcy Petition;

**FURTHER RESOLVED,** that any director, officer, or other duly appointed officer of the Company (each an "**Authorized Person**" and collectively, the "**Authorized Persons**") is hereby authorized and appointed to act as signatory and attorney on behalf of the Company in respect of any Restructuring Transaction, and/or any person to whom such Authorized Persons and/or officers delegate certain responsibilities is hereby authorized to execute (under the common seal of the Company, if appropriate) and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all actions they deem necessary or proper to obtain such relief;

**FURTHER RESOLVED,** that each of the Authorized Persons is hereby authorized, empowered, and directed to employ: (i) the law firm of Kirkland & Ellis LLP as general bankruptcy counsel; (ii) the law firm of Jackson Walker LLP as co-bankruptcy counsel; (iii) Piper Sandler Companies/TRS Advisors LLC, as financial advisor; (iv) Stretto, Inc., as claims and noticing agent; (v) Bates White LLC, as estimation professional; and (vi) any other legal counsel, accountant, financial advisor, restructuring advisor, estimation professional, or other professional the Authorized Persons deem necessary, appropriate, or advisable to retain; each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, the Authorized Persons are hereby authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute (under the common seal of the Company, if appropriate) appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and

**FURTHER RESOLVED,** that each of the Authorized Persons is hereby authorized, empowered, and directed to execute (under the common seal of the Company, if appropriate) and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute (under the common seal of the Company, if appropriate) such further documentation that the Authorized Persons in their absolute discretion deem necessary, appropriate, or desirable in accordance with these resolutions.

### General

**NOW, THEREFORE, IT IS RESOLVED,** that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, are hereby authorized to execute (under the common seal of the Company, if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfers, deeds, and other documents on behalf of the Company relating to the Restructuring Transactions;

**FURTHER RESOLVED,** that each of the Authorized Persons (and their designees and delegates) is hereby authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute (under the common

seal of the Company, if appropriate), acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents, and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's or Authorized Persons' absolute discretion, as shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolution adopted herein;

**FURTHER RESOLVED,** that the Independent Directors have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the governing documents of the Company, or hereby waives any right to have received such notice;

**FURTHER RESOLVED,** that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed, and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Directors; and

**FURTHER RESOLVED,** that any Authorized Person is hereby authorized to perform all other acts, deeds, and other actions as the Company itself may perform, in accordance with its governing documents and applicable law, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution (under common seal, whether or not expressed to be a deed, as may be necessary or appropriate), and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfers, deeds, and other documents whatsoever as the individual acting may in their absolute and unfettered discretion approve or deem or determine necessary, appropriate, or advisable, such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

* * * *

*[Signature pages follow}*

**IN WITNESS WHEREOF,** the undersigned, being the Independent Directors of the Board, and having been delegated the authority to act on behalf of the Company through the procedures described herein, have executed this written consent as of the date first set forth above.

Matthew R. Kahn

D.J. (Jan) Baker

**IN WITNESS WHEREOF,** the undersigned, being the Independent Directors of the Board, and having been delegated the authority to act on behalf of the Company through the procedures described herein, have executed this written consent as of the date first set forth above.

 

_____
Matthew R. Kahn

_____
D.J. (Jan) Baker

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | HONX, Inc. |
| United States Bankruptcy Court for the: | Southern District of Texas |
| | (State) |
| Case number (If known): | |

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors       12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| Executed on | 04/28/2022 | ☒ /s/ |
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Todd R. Snyder** |
| | | Printed name |
| | | **Chief Administrative Officer** |
| | | Position or relationship to debtor |

**Official Form 202**       Declaration Under Penalty of Perjury for Non-Individual Debtors