**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HONX, INC.,[1] | ) | Case No. 22-90035 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| HONX, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff. | ) | Adv. Proc. No. 22-[_____] (MI) |
| | ) | |
| THOSE PARTIES LISTED IN APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000, | ) | (Emergency Hearing Requested) |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR INJUNCTIVE RELIEF**

---

[1]    The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is HONX, Inc. (2163).  The location of the Debtor's service address in this chapter 11 case is:  1501 McKinney Street, Houston, Texas, 77010.

HONX, Inc., as debtor and debtor-in-possession in the above-captioned chapter 11 case ("HONX" or the "Debtor"), files this complaint (the "Complaint") against plaintiffs (the "Asbestos Claimants") in current and future asbestos and toxic substance-related actions against the Debtor and its parent, Hess Corporation ("Hess"), arising from Hess Oil Virgin Island Corp. ("HOVIC"), the Debtor's corporate predecessor, and/OR HOVENSA L.L.C.'s ("HOVENSA") ownership and/or operation of an oil refinery in St. Croix (the "Refinery") from 1965 through 2015 (the "Asbestos Claims").  These Asbestos Claims include the pending actions identified in **Appendix A** ("Pending Actions").  For the reasons detailed herein and in the *Declaration of Todd R. Snyder, Chief Administrative Officer of HONX, Inc., In Support of Chapter 11 Petition and First Day Motions* (the "First Day Declaration"), the Debtor requests that the United States Bankruptcy Court for the Southern District of Texas (the "Court") issue a temporary restraining order prohibiting Kadar Mohansingh from continuing to prosecute *Mohansingh v. Hess Oil Virgin Islands Corp., et al.*, SX-2006-CV-00231 (V.I. Super. Ct.) (the "Mohansingh Action"), against Hess.  The Debtor also requests that the Court issue a preliminary (and ultimately permanent) injunction pursuant to section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), enjoining the plaintiffs in the Pending Actions (including Mohansingh) from continuing to prosecute such Actions through the effective date of any plan confirmed in the Debtor's chapter 11 case.  Finally, the Debtor asks that the Court, pursuant to section 362 of the Bankruptcy Code, extend the automatic stay as to Hess and enjoin the plaintiffs in the Pending Actions (including the Mohansingh Action) from continuing to prosecute such Actions through the effective date of any plan confirmed in the Debtor's chapter 11 case.  In support of its Complaint, the Debtor alleges as follows:

## PRELIMINARY STATEMENT

1.      Over the last three decades, the Debtor and Hess have been mired in litigation stemming from plaintiffs' alleged exposure to asbestos and other toxic substances at the Refinery that was previously owned and operated by the Debtor's predecessor, HOVIC.[2]  HONX and its predecessors have been in existence for 57 years, owned and operated the Refinery for more than 30 years, and have defended against asbestos and toxic tort liabilities for decades.  The Debtor no longer owns or operates the Refinery, and has not had any operational role in the Refinery for 24 years.

2.      The specific cases at issue in this adversary proceeding instead stem from alleged exposure to asbestos and other toxic substances that occurred as far back as 1966, when the Refinery first began operations.  The Refinery was originally constructed in 1965 by HOVIC, which owned and operated it until 1998.  The Debtor ceased operating the Refinery in 1998 and has not held any financial interest in the Refinery since 2016.  In fact, the Debtor has no current operations, employees, or assets—and as a result, Hess for all practical matters is responsible for both managing and funding the Debtor's defense of the Pending Actions and has now committed to fund this chapter 11 case, subject to the conditions set forth in the funding agreement with Hess ("Funding Agreement"), as defined in the First Day Declaration.

3.      There are currently approximately 580 cases alleging toxic substance exposure from the Refinery against either the Debtor alone or the Debtor and Hess as co-defendants.[3]  Until

---

[2]      Any references to HOVIC, HONYC, or HONX in this motion all refer to the same entity—the Debtor—at different points in the Debtor's corporate history.  In May 2020, for efficiency reasons and to consolidate its corporate entities closer to its business operations, Hess effectuated a plan of merger pursuant to which HOVIC merged with and into a newly-formed New York corporation, Hess Oil New York Corp. ("HONYC").  Prior to the commencement of this chapter 11 case, HONYC changed its name to HONX.  *See* Part I of the First Day Declaration and Exhibit B thereto for a discussion and illustration of the Debtor's corporate history.

[3]      In total, there are over 700 cases alleging damages arising from the Refinery filed against the Debtor and/or Hess.

recently, the vast majority of these cases—nearly all pending in territorial courts in the U.S. Virgin Islands—had remained relatively dormant, with no trials scheduled.  This changed in July 2021, when the U.S. Virgin Islands legislature passed a "preference statute" allowing individuals over age 65 to request an expedited trial date within 180 days.  The trial in the first of these preference cases—the Mohansingh Action—is scheduled to begin on May 2, 2022.

4.      To effectuate a successful resolution of this chapter 11 case and work toward the funding of a section 524(g) trust to fairly and definitively resolve the Pending Actions, immediate equitable relief is necessary in addition to the automatic stay's protection of the Debtor.  To that end, this Complaint seeks three forms of relief that are critical to the success of this chapter 11 case:

5.      *First*, a temporary restraining order staying the impending Mohansingh Action is necessary for preserving the Debtor's legal rights and allowing Hess—the Debtor's parent and funding source—to focus its efforts and resources on the section 524(g) negotiations rather than defending itself in trial.

6.      The Mohansingh Action threatens to upend this chapter 11 case at its most critical juncture.  The complaint in the Mohansingh Action does not distinguish between Hess and the Debtor, but rather alleges identical causes of action resting on the same core facts and theories of causation.  Mohansingh's theory of liability as to Hess is premised on (1) Hess's alleged supply of asbestos-containing materials to the Debtor for use in the Refinery, and/or (2) Hess's alleged control over operations at the Refinery.  But to prevail on any of his claims against non-Debtor Hess, Mohansingh must marshal evidence showing that the Debtor failed to protect its employees against exposure to toxic levels of asbestos at the Refinery.

7.     As a result, the Mohansingh Action will decide critical issues of law and fact which lie at the core of this chapter 11 case and subsequent negotiations with the Debtor's asbestos creditors. The threshold issue in the Mohansingh trial is whether Mohansingh was exposed to hazardous levels of asbestos and other toxic substances at the Refinery that the ***Debtor*** (underline Hess) owned and operated.  Resolution of this threshold question will undoubtedly affect the Debtor's legal rights and defenses, and thereby frustrate the goal of this chapter 11 case:  the establishment of a section 524(g) trust to be funded by a contribution from Hess.  A temporary restraining order is thus necessary to maintain the status quo and allow the Debtor to proceed through this chapter 11 case efficiently and effectively and to reach an equitable result for the Debtor and the Asbestos Claimants.

8.     ***Second***, the Court should, pursuant to section 105, issue a preliminary (and ultimately permanent) injunction staying all Pending Actions (including the Mohansingh Action) through the effective date of any chapter 11 plan in the Debtor's case.  Hess is instrumental to a successful chapter 11 case for the Debtor.   The Debtor and its non-debtor parent Hess are co-defendants in over 570 Pending Actions in the U.S. Virgin Islands stemming from plaintiffs' alleged exposure to asbestos and other toxic substances at the Refinery.  Hess has never owned or operated the Refinery, yet plaintiffs—like Mohansingh—have consistently lodged the same core allegations and claims against Hess because Hess is the Debtor's parent corporation and has become the Debtor's funding source since the Debtor became a non-operating entity after the Refinery shut down in 2015.  The Debtor no longer owns or operates the Refinery, has no assets or employees of its own, and therefore must rely on Hess to fund this chapter 11 case.

9.     Failing to enjoin the Pending Actions against Hess would thus jeopardize this chapter 11 case in two fundamental ways.  For one thing, allowing the plaintiffs in the Pending

Actions to move forward with their claims against Hess would effectively require the Debtor to continue litigating hundreds of lawsuits to protect its own legal interests, thus undermining the whole purpose of the automatic stay.  As discussed, resolution of the threshold question in each of the Pending Actions—just as in the Mohansingh Action—and the focus of discovery, expert testimony, motions practice, and each trial verdict will directly implicate the Debtor's legal rights and defenses.  For instance, each of these hundreds of cases could involve critical expert disputes concerning the alleged toxicity of asbestos-containing products at the Refinery, depositions of the Debtor's former employees, and legal conclusions concerning alleged negligence or fraud.  There is, accordingly, no practical way to stay the Pending Actions against the Debtor while allowing hundreds of lawsuits to proceed against Hess.  Despite the automatic stay, absent an injunction of the Pending Actions, the Debtor will be forced to continue defending those Actions to avoid evidentiary and other determinations that may prejudice the resolution of those Actions and other claims in this chapter 11 case.

10.    Moreover, litigating the Pending Actions would force Hess—the Debtor's parent and source of funding for its chapter 11 case—to focus its resources on litigation defense rather than negotiating a settlement with the Debtor and its creditors, and establishing a section 524(g) trust, further frustrating the Debtor's ability to achieve an equitable outcome in this chapter 11 case.  In the last two years alone, plaintiffs represented by a single Texas law firm—Burns Charest LLP ("Burns Charest")—have filed over 500 new cases against Hess and the Debtor, the vast majority of which are premised on liability for HOVIC's operations that occurred over two decades ago.  As explained in the First Day Declaration, the volume and expense of managing and litigating this asbestos-related litigation has and will continue to impose substantial financial, administrative, and operating burdens on the Debtor and Hess, and there is no end in sight:  Burns Charest has

informed the Debtor that they expect to file approximately *500 more* lawsuits alleging similar claims in the next several years.  These pending and future actions threaten to overwhelm the chapter 11 case unless an injunction is entered, and the Debtor is counting on Hess's resources to achieve an equitable resolution of these chapter 11 cases, including through funding the section 524(g) trust.

11.      ***Third,*** the court should extend the automatic stay to Hess pursuant to section 362 of the Bankruptcy Code.  The automatic stay ensures that the Debtor can focus its efforts and resources on a fair and efficient resolution to *all* current and future asbestos-related claims against it through the creation of a 524(g) trust.  Extending the stay to Hess is essential to preserving the Debtor's legal rights and defenses and accomplishing its chapter 11 goals here.  Absent a stay of the Pending Actions against Hess, the litigation status quo will not change.  The plaintiffs in those Pending Actions will simply continue to litigate the exact same asbestos-related claims that are being asserted against the Debtor, with the effect that the Debtor will be dragged back into the litigation and the Debtor's parent—who is funding the Debtor's chapter 11 case—will be pulled away from chapter 11 plan negotiations.  This would prejudice the Debtor's right to defend against the plaintiffs' allegations and hinder the Debtor's chapter 11 plan negotiations.  It will also distract the funding source of the Debtor's case (and proposed section 524(g) trust), risking the dissipation of funds that Hess would otherwise contribute to the Debtor's case.  Therefore, to achieve the goal of a confirmed chapter 11 plan and section 524(g) trust, a stay of the Pending Actions against the Debtor <u>and</u> non-debtor Hess is absolutely necessary.

## **THE PARTIES**

12.      HONX is a New York corporation with its principal place of business in Houston, Texas.  HONX is a non-operating, wholly-owned subsidiary of Hess.  Almost all of the Debtor's current liabilities are legacy liabilities of HOVIC stemming from HOVIC's ownership of the

Refinery from 1965 to 1998.  HONX currently has no operations, no employees, minimal assets other than the assets provided via the Funding Agreement as discussed below, and no funded debt.

13.     Hess is a Delaware corporation with its principal place of business in New York, New York, and regional headquarters in Houston, Texas.  Hess is a global exploration and production company engaged in exploration, development, production, transportation, purchase and sale of crude oil, natural gas liquids, and natural gas.

14.     The plaintiffs in the Pending Actions, identified in **Appendix A**, may, at any time while the chapter 11 case is pending, seek to pursue the Asbestos Claims against the Debtor or Hess.

15.     Each of Defendants John and Jane Does 1-1000 is a prospective plaintiff who may, at any time while the chapter 11 case is pending, seek to commence an action to pursue the Asbestos Claims against the Debtor or Hess.

## JURISDICTION AND VENUE

16.     The Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334 and Rules 7001(7) and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)").  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Bankruptcy Rule 7008 and Rule 7008-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), the Debtor consents to the entry of final orders or judgment by this Court.

17.     Venue is proper before the Court pursuant to 28 U.S.C. § 1409.

## FACTUAL BACKGROUND

**Prior Owners of the St. Croix Refinery**

18.     HONX is the successor of several corporate entities who owned and operated the Refinery beginning with its initial construction in 1965.  HOVIC constructed, owned, and operated the Refinery from the beginning of the Refinery's construction in 1965 until 1998.

19.     In 1998, HOVIC formed a 50-50 joint venture with the national oil company of Venezuela, Petróleos de Venezuela, S.A., in which each company held a 50% interest in HOVENSA, the new owner and operator of the Refinery.  The effect of this joint venture was that the Debtor had an indirect 50% ownership interest in the Refinery but no longer operated it. HOVENSA acquired the Refinery through the joint venture transaction and operated the Refinery from October 1998 until February 2012.  In February 2012, the Refinery ceased all refining operations after suffering losses of $1.3 billion in its last three years of operation.  For the next three years, HOVENSA used the Refinery as an oil storage facility until the Refinery was completely shut down in March 2015.

**HOVENSA Bankruptcy and Releases**

20.     On September 16, 2015, HOVENSA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code to run a sale process for its assets that also ultimately led to the resolution of HOVENSA's environmental liabilities.  The sale transaction was completed in January 2016, and since that time, HOVIC has not held any financial interest in the Refinery.  The Debtor does not have any business operations currently in the U.S. Virgin Islands.  Hess has never had any business operations in the U.S. Virgin Islands.

21.     As part of HOVENSA's chapter 11 plan, Hess and the Debtor received a full release of all direct and derivative claims held by HOVENSA's estate.  In addition, Hess and the Debtor received certain releases of all claims arising from HOVENSA's operation of the Refinery from

third parties that voted in favor of the plan and did not affirmatively opt out of those releases. To the extent any third party did not vote to accept or reject the plan, voted to reject the plan, or affirmatively opted out of the plan releases, their claims for alleged injuries arising from HOVENSA's operations of the Refinery were not released.

22.     After the HOVENSA bankruptcy, the Debtor had no operations or ownership interests in St. Croix, and there was no longer any operational purposes for a Virgin Islands-based subsidiary. Consequently, in May 2020, HOVIC merged with and into a newly-formed New York corporation, HONYC.

**Relevant History of the Refinery**

23.     The Debtor's sole relationship to asbestos-containing products (and related litigation) is as the owner and operator of the Refinery, which was designed and built by independent contractors. The Debtor has never manufactured or sold any asbestos-containing products. Hess, for its part, has never owned or operated the Refinery, nor has it manufactured, maintained, or possessed any asbestos-containing products in relation to the Refinery. Throughout its history, the Debtor contracted with general and independent contractors to design and construct the Refinery, including by sourcing, installing, and managing the insulation. These contractors were contractually and legally responsible for the safety of their employees, including warning and protecting them from exposure to asbestos and following all applicable laws and regulations.

24.     The Debtor broke ground on the Refinery in 1965, and completed the final phase of construction in 1974. During that time, the Debtor contracted with numerous general contractors and engineering companies to design and construct the Refinery and to provide the Debtor with the services and materials necessary to complete construction of the Refinery. The lead general contractor during the majority of construction was Litwin Corporation (later Litwin

PanAmerican), who was responsible for, among other things, designing refining units, purchasing materials, and inspecting and managing construction of the refining units.  Thus, while the Debtor reviewed the specifications and plans throughout the construction of the Refinery, all of the material specifications—including the specifications for insulation products—were developed by outside contractors and provided to the Debtor.

25.    Refining processors require insulation materials that must meet certain design and material specifications to perform under extremely high temperatures.  During construction of the Refinery and until the 1980s, the Debtor did not have its own insulation specifications but instead relied on the design specifications of its general contractors.  During the construction of the Refinery in the 1960s and early 1970s, those design specifications could be fulfilled through the supply of calcium silicate or, in the alternative, asbestos.  While calcium silicate is considered a safe alternative to asbestos, some calcium silicate insulation in the 1960s and 1970s made use of asbestos fibers.  As a result, the Debtor's general contractors sourced and installed asbestos insulation and calcium silicate containing asbestos during at least some of the phases of construction of the Refinery, although the presence of asbestos at the Refinery was not confirmed until 1982.

26.    During the construction of the Refinery, Hess assisted in facilitating the purchase of insulation materials by the Debtor.  Specifically, the Debtor would provide Hess with specifications for the necessary insulation materials (including manufacturer, quantities, diameters, and material type) and, in certain instances, Hess would facilitate the ordering of these materials and assist in expediting the materials to the Debtor.

27.    Hess never owned or possessed any of the asbestos-containing products it ordered for the Debtor's Refinery and shipped to St Croix.  Instead, Hess acted merely as a conduit for the

Debtor's acquisition of the materials, facilitating the Debtor's purchase of materials that were ultimately installed in the Debtor's Refinery by employees of the Debtor's contractors. Throughout the entirety of the Debtor's operations at the Refinery, Hess's presence at the Refinery was limited to discrete oversight activities, including assisting the Debtor through periodic inspections regarding worker safety and providing periodic guidance and recommendations regarding safety and health policies and procedures.

28.    The Debtor strictly prohibited the use of any asbestos-related products in 1983 following its first confirmation that insulation at the Refinery contained asbestos, and it took extensive steps to ensure that its workers would not be exposed to hazardous levels of asbestos.

29.    For example, the Debtor issued an asbestos policy modeled on OSHA regulations and subsequently adopted the Hess Asbestos Policy and an Asbestos Management Program.  The HOVIC Policies and Procedures provided guidelines that were imposed on all contractors and their employees.  Before any workers were involved in the removal or cleanup of any potential asbestos-containing insulation at the Refinery, the insulation was tested to confirm whether it contained asbestos.  If positive, a crew trained in removing asbestos-containing insulation would remove the insulation using appropriate safety precautions that prevented the abatement crew and other workers at the facility from exposure to asbestos.  In 1987, the Debtor went even further and instituted the Asbestos Abatement Program to proactively identify the presence of asbestos in the areas of the facility where workers may be present and to facilitate its removal consistent with national safety standards.  These policies continued throughout the Debtor's ownership and operation of the Refinery.

**The Pending Asbestos Cases and the Imminent Mohansingh Action**

30.     Starting in 1987, numerous former Refinery workers began suing the Debtor and Hess in the U.S. Virgin Islands for alleged exposure to asbestos and/or other toxic substances at the Refinery.

31.     Since that time, ***more than 1,000*** plaintiffs have filed suit against the Debtor and Hess in the U.S. Virgin Islands under numerous theories of tort liability, alleging exposure to asbestos-containing compounds and other toxic substances at the Refinery.

32.     In July 2021, the U.S. Virgin Islands legislature passed a preference statute allowing individuals over age 65 to request an expedited trial date within 180 days.  The trial in the first of these preference cases—the Mohansingh Action—is scheduled to begin on May 2, 2022.   The second expedited trial under the preference statute is scheduled for October 2022, and discovery is ongoing in that case.

33.     Jury selection in the Mohansingh Action began just last week, and opening statements are set to begin May 2, 2022.  The plaintiff, Kadar Mohansingh, filed his complaint against Hess and the Debtor in 2006, alleging injuries due to exposure to asbestos "and asbestos-containing products" while working at the Refinery from 1970–1981 and 1988–2009. Mohansingh does not suffer from lung cancer or mesothelioma.  In fact, Mohansingh has never been diagnosed (outside of the litigation) with an asbestos-related disease.  He suffers from shortness of breath, due to his asthma, which is exacerbated by his obesity, advanced age, and other non-employment related health conditions.  After filing his complaint in 2006, Mohansingh ***signed a release of all claims*** against the Debtor and Hess.  In exchange for this release, Mohansingh received approximately one year's wages and continued healthcare coverage for himself and his family.  Hess and the Debtor subsequently moved for summary judgment on the ground that Mohansingh's claims were subject to this broad release.  Despite agreeing that

13

Mohansingh signed a broad release that covered his claims against both the Debtor and Hess, the Mohansingh trial court nevertheless denied the motion on procedural grounds.

34.     The complaint in the Mohansingh Action does not distinguish between Hess and the Debtor.  Instead, it alleges identical causes of action resting on the same core facts and theories of causation against both the Debtor and Hess for:  negligence; supply of dangerous chattel (*i.e.*, asbestos-containing compounds); and fraudulent concealment of the inherent risk posed by exposure to asbestos.

35.     The claims against the Debtor and Hess in the Mohansingh Action are inextricably intertwined and rest on the same core facts and theories of causation.  Mohansingh's theory of liability as to Hess is premised on (1) Hess's alleged supply of asbestos-containing materials to the Debtor for use in the Refinery and/or (2) Hess's alleged control over operations at the Refinery.  But to prevail on any of his claims against non-debtor Hess, Mohansingh must marshal evidence showing that the Debtor failed to protect its employees against exposure to toxic levels of asbestos at the Refinery.  Thus, although the Mohansingh Action asserts claims against both the Debtor and Hess, it is based on the allegedly negligent conduct of the Debtor.

36.     The pretrial submissions in this case make clear that Mohansingh seeks to introduce evidence at the upcoming trial showing that his alleged injuries were caused by asbestos exposure at the Refinery that the Debtor failed to protect against and/or fraudulently concealed.  Mohansingh seeks to develop an evidentiary record establishing that:  (1) the Debtor and Hess "knew that putting millions of pounds of asbestos into the Refinery posed a foreseeable hazard to workers and others"; (2) "asbestos was ubiquitous throughout the Refinery" throughout Mohansingh's employment; and (3) "adequate asbestos-handling procedures were not established on paper until

1987" and "even after 1987, there was lax protection for the Refinery's workers."  April 15, 2022 Jt. Final Pretrial Order, Mohansingh Action, at 3.

37.      Mohansingh has identified 27 potential witnesses for the upcoming trial—only six of whom could testify as to Hess's conduct.  *Id*. at 13–15.  The remaining fact witnesses include Mohansingh, his wife, and former co-workers at the Refinery who will testify about Mohansingh's alleged exposure to asbestos during his employment.  For example, Mohansingh expects that one of these former co-workers will testify that after Hurricane Hugo struck the U.S. Virgin Islands in 1989, "thousands of pounds of asbestos insulation and other materials were scattered throughout the Refinery"; workers "picked up asbestos and other debris"; and that Mohansingh "constantly came into contact with [asbestos-containing] insulation."  *Id*. at 4.  The Debtor, of course, has every interest in cross-examining this witness at trial and presenting testimony of its own witnesses that would counter these allegations.

38.      Hess, for its part, has argued throughout the litigation that it cannot held be liable for conduct that occurred at a facility it never owned or operated, and it moved for summary judgment on that ground.  On April 19, 2022, the court in the Mohansingh Action denied Hess's motion for summary judgment.  *See generally* Order Denying Defs.' Mot. for Part. Summ. J. re Premises Liability, Mohansingh Action.  Although the automatic stay enjoins the Mohansingh Action from proceeding against the Debtor, Mohansingh still intends to prosecute his claims as to the non-Debtor, Hess.

**The Debtor's Settlement Efforts**

39.      Prior to filing the chapter 11 case, the Debtor and Hess made numerous attempts to resolve the asbestos litigation through ad hoc settlement negotiations with plaintiffs' counsel and alternative dispute resolution.

40.     Between 2010 and 2017, the Debtor and Hess successfully settled the claims of 194 plaintiffs that had been pending in the U.S. Virgin Islands.  In 2018, the Debtor and Hess entered into a settlement agreement with approximately 498 plaintiffs and their counsel, including the Burns Charest firm (the "Gomez Settlement").  As an out-growth of this settlement, the parties negotiated an agreement whereby future claimants could submit their claims for pre-suit resolution through non-binding mediation process facilitated by renowned mediator, Kenneth Feinberg.

41.     Unfortunately, this near-global resolution of asbestos litigation against the Debtor and Hess was short-lived:  Despite the plain terms of the Gomez Settlement, the Debtor and Hess's attempt to resolve cases through the mediation process has proven difficult and incomplete.  For instance, the Debtor and Hess engaged with hundreds of plaintiffs represented by Burns Charest— a signatory to the Gomez Settlement—but Burns Charest did not to follow through with the agreed mediation process and began filing separate lawsuits instead.  Indeed, in the last two years, plaintiffs represented by Burns Charest have filed over 500 new cases against Hess and the Debtor, all premised on liability for the Debtor's and/or HOVENSA's operations of the Refinery.  Many of these cases are now potentially eligible for an expedited trial schedule due to the preference statute.  Simply put, the mass settlement has only led to more and more litigation against an entity with limited assets and no operations or revenue.

42.     Each of the Pending Actions presents unique facts, circumstances, and allegations. Although the lawsuits contain common allegations of asbestos exposure and related injuries, they involve workers employed by different contractors, who worked in different roles, at different times, in different areas of the Refinery, while different policies and procedures were in place. Each plaintiff requires the assessment of a different health profile and different medical situation,

which in turn requires substantial expert analysis and discovery into events that occurred decades ago.

**The Bankruptcy Case**

43.     The costs of resolving and defending the Pending Actions against the Debtor are significant.  Plaintiffs' counsel has stated that it intends to file at least 500 more cases in the coming years.   After careful consideration of the available alternatives, the Debtor concluded that commencement of a chapter 11 case premised on using a trust and channeling injunction pursuant to section 524(g) of the Bankruptcy Code was necessary to fairly, efficiently, and permanently resolve all pending and future Asbestos Claims.  This approach serves to the benefit of both the Debtor, its related parties (if certain circumstances are met), and current and future plaintiffs who will be able to take advantage of a singular process to resolve their claims.  Accordingly, on April 28, 2022, the Debtor commenced a chapter 11 case, at which point all litigation against the Debtor was automatically stayed pursuant to section 362 of the Bankruptcy Code.

44.     As described further in the First Day Declaration, prior to filing its chapter 11 case, HONX negotiated a Funding Agreement pursuant to which Hess agreed to advance certain funds for the chapter 11 case and a section 524(g) settlement trust under certain conditions specified therein.  Importantly, the Funding Agreement contains express "milestones" that trigger additional funding.   Those milestones include obtaining a temporary restraining order enjoining the Mohansingh Action within three business days of the filing of the chapter 11 case, and obtaining an extension of the stay to Hess within 65 days of the filing of the chapter 11 case.  Failure to reach these milestones puts the Debtor's funding—and the success of this bankruptcy case and funding of an equitable trust under section 524(g) of the Bankruptcy Code—at risk.

## NATURE OF RELIEF REQUESTED

45.     Through this Complaint, the Debtor requests three counts of relief to protect the Debtor for the duration of this chapter 11 case.  **Count One** requests a temporary restraining order enjoining continued litigation of the Mohansingh Action as to Hess.

46.     **Count Two** requests a preliminary injunction (and ultimately permanent) injunction, pursuant to section 105 of the Bankruptcy Code, of all Pending Actions (including the Mohansingh Action) until the effective date of any plan confirmed in the Debtor's chapter 11 case.

47.     **Count Three** requests a preliminary (and ultimately permanent) injunction, pursuant to section 362 of the Bankruptcy Code, extending the automatic stay to Hess with respect to all Pending Actions (including the Mohansingh Action) until the effective date of any plan confirmed in the Debtor's chapter 11 case.  With a stay of the Pending Actions, the Debtor can focus on prosecuting the chapter 11 case, conducting an estimation trial, and engaging with stakeholders to negotiate and fund a section 524(g) trust without the distraction of (and dissipation of funds from) ongoing litigation against Hess that implicates HONX.

## COUNT ONE

### (Temporary Restraining Order as to Mohansingh)

48.     To prevent the foregoing harmful effects upon the Debtor's estate, the Debtor requests that, on an emergency basis, the Court issue a temporary restraining order prohibiting and enjoining the continued prosecution of the Mohansingh Action as to Hess.

49.     Section 105(a) authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title" and provides this Court with broad, equitable powers to "assure the orderly conduct of the reorganization proceedings."  11 U.S.C. § 105(a); *In re Hunt*, 93 B.R. 484, 491 (Bankr. N.D. Tex. 1988) (citing *In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 348 (2d Cir. 1985)).  Accordingly, "[t]he Court may

issue injunctions as part of its equitable powers, pursuant to 11 U.S.C. § 105." *In re OGA Charters,*

*LLC*, 554 B.R. 415, 424 (Bankr. S.D. Tex. 2016); *see also In re Zale Corp.,* 62 F.3d 746, 761 (5th

Cir. 1995); *In re Yukos Oil Co.*, 320 B.R. 130, 135 (Bankr. S.D. Tex. 2004).  Bankruptcy courts

routinely invoke section 105(a) to enjoin actions against non-debtor entities that would frustrate a

successful chapter 11 case, including a case involving a section 524(g) trust and channeling

injunction.[4]

       50.     The Mohansingh Action against the Debtor would fall within the scope of section

524(g), as a personal injury action "seeking recovery for damages allegedly caused by the presence

of, or exposure to, asbestos or asbestos-containing products."  11 U.S.C. § 524(g)(2)(B)(i)(I).

Section 524(g) expressly authorizes the extension of permanent injunctive relief to non-debtors

alleged to be directly or indirectly liable for asbestos claims against the debtor.  11 U.S.C.

§ 524(g)(4)(A)(ii) ("Notwithstanding the provisions of section 524(e), such an injunction may bar

any action directed against a third party who is identifiable from the terms of such injunction (by

name or as part of an identifiable group) and is alleged to be directly or indirectly liable for the

conduct of, claims against, or demands on the debtor[.]").  Given that the Debtor expects Hess to

---

[4]   *See, e.g.*, *In re Zale Corp.*, 62 F.3d at 761 (temporary section 105 injunction may be imposed "when the third-party action will have an adverse impact on the debtor's ability to accomplish reorganization"); *In re Acis Cap. Mgmt., L.P.*, 604 B.R. 484, 525 (N.D. Tex. 2019) (collecting cases), *aff'd sub nom. Matter of Acis Cap. Mgmt., L.P.*, 850 F. App'x 302 (5th Cir. 2021); *In re Bestwall LLC*, 606 B.R. 243, 253-58 (Bankr. W.D.N.C. 2019), *aff'd*, 2022 WL 68763 (W.D.N.C. Jan. 6, 2022); *In re Purdue Pharms. L.P.*, 619 B.R. 38, 57 (S.D.N.Y. 2020) ("§ 105(a) is properly used to enjoin creditors' lawsuits against third parties where 'the injunction plays an important part in the debtor's reorganization plan' or where the action to be enjoined 'will have an immediate adverse economic consequence for the debtor's estate'" (citation omitted)); *see also In re Caesars Ent. Operating Co., Inc.*, 561 B.R. 441, 451 (Bankr. N.D. Ill. 2016) ("Bankruptcy courts have often enjoined litigation against a non-debtor, usually but not always a guarantor of the debtor's debts, who intends to contribute financially to the debtor's reorganization."  (collecting cases)); *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 443 B.R. 295, 316 (Bankr. S.D.N.Y. 2011) ("[C]ourts have consistently utilized section 105(a) to extend section 362 to third-party actions against non-debtor entities 'when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate.'") (quoting *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003)), *aff'd sub nom. In re Bernard L. Madoff Inv. Sec. LLC*, 2011 WL 7975167 (S.D.N.Y. Dec. 15, 2011); *In re Calpine Corp.*, 365 B.R. 401, 409 n.20 (S.D.N.Y. 2007) ("Courts consistently have found that section 105(a) may be used to stay actions against non-debtors even where section 362 otherwise would not provide such relief, recognizing that section 105 grants broader authority than section 362.").

qualify for this relief at the conclusion of this chapter 11 case, it is appropriate to extend these protections on a preliminary basis pending a final judgment.

51.     The Debtor meets each of the four requirements for injunctive relief:  "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the [temporary restraining order] is not issued, (3) that the threatened injury if the [temporary restraining order] is denied outweighs any harm that will result if the [temporary restraining order] is granted, and (4) that the grant of a [temporary restraining order] will not disserve the public interest."  *Jones v. Tex. Dep't of Criminal Justice*, 880 F.3d 756, 759 (5th Cir. 2018); *see also In re Yukos Oil Co.*, 320 B.R. at 135.

**The Debtor is Likely to Succeed on the Merits**

52.     The Debtor will likely prevail on the merits of its request for an injunction halting the Mohansingh Action during the pendency of the Debtor's chapter 11 case.  The Debtor must only "show a likelihood of success on the merits rather than actual success" to obtain preliminary relief, including a temporary restraining order.  *ICEE Distribs., Inc. v. J&J Snack Foods Corp.*, 325 F.3d 586, 596 n.34 (5th Cir. 2003) (quoting *Amoco Prod. Co. v. Vill. of Gambell*, *Alaska*, 480 U.S. 531, 546 n.12 (1987)).  To do so, "a plaintiff must present a prima facie case but need not show a certainty of winning."  *Texas v. United States*, 328 F. Supp. 3d 662, 710 (S.D. Tex. 2018) (internal citations omitted).  The focus of the "likelihood of success" element is on the "purpose of the requested injunction."  *In re FiberTower Network Servs. Corp.*, 482 B.R. 169, 182 (Bankr. N.D. Tex. 2012) (quoting 2 Collier on Bankruptcy ¶ 105.03[1][a] (16th ed. 2012)).  The crux of the inquiry is "whether this court is authorized and likely to grant the requested relief."  *Id.* at 183.

53.     Here, the absence of a stay of the Mohansingh Action would threaten the Debtor's ability to successfully negotiate a settlement with claimants and fund a section 524(g) trust because it will drag the Debtor into ongoing litigation and force Hess—the Debtor's funding source—to

focus its efforts and resources not on the chapter 11 case, but on the Mohansingh Action, which involves identical claims against the Debtor and Hess.  Litigating these identical claims presents the risk of adverse rulings and findings as to the Debtor, compelling the Debtor's involvement. Failure to impose a stay also risks default of the Funding Agreement and losing funding for this chapter 11 case and, ultimately, the section 524(g) trust.  An injunction is thus essential, and the lack of a stay threatens the Debtor's ability to reorganize.  *See, e.g.*, *In re Zale Corp.*, 62 F.3d at 761; *A.H. Robins Co.*, *Inc. v. Piccinin*, 788 F.2d 994, 1003–06 (4th Cir. 1986) (stating that section 105 injunction may be appropriate where proceeding would have an adverse impact on debtor's ability to reorganize or deplete property of estate); *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 293 (2d Cir. 1992) (approving injunction because settlement was "unquestionably an essential element" of reorganization and injunction a "key component" of settlement).

**The Debtor Will Suffer Irreparable Harm Absent a Stay of the Mohansingh Action**

54.     The Debtor will suffer irreparable harm if the impending Mohansingh Action trial proceeds against Hess.  It is well settled that a debtor satisfies the requirement of irreparable harm where he will suffer an injury "for which there is no adequate remedy at law" that is not speculative or remote, but actual and imminent.  *See Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013); *Allied Home Mortg. Corp. v. Donovan*, 830 F. Supp. 2d 223, 227 (S.D. Tex. 2011).  Moreover, "the mere fact that economic damages may be available does not always mean that a remedy at law is 'adequate.'"  *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011); *see also In re OGA Charters*, 554 B.R. at 424–25.  Here, the Debtor will suffer multiple, independent irreparable harms absent a stay of the Mohansingh Action.

55.     ***First***, the Mohansingh Action will determine critical issues of law and fact that bear directly on the Debtor's legal rights and defenses and implicate the core of the settlement

negotiations at the center of this chapter 11 case.  Without a stay, key issues related to the Refinery and the Debtor's alleged negligence in operating that Refinery will be decided in the Debtor's absence.  There is a therefore material risk that findings of law or fact in the Mohansingh Action could create an adverse record against the Debtor at a time where the Debtor is trying to focus its efforts on negotiating a settlement with asbestos creditors that can resolve all Pending Actions on fair and reasonable terms.[5]  As a result, the Debtor will have to redirect its efforts to continue trying to manage the Mohansingh Action to protect its legal interests, while simultaneously trying to negotiate an end to its liability through the chapter 11 case.  "These are consequences the Debtor should not be required to suffer (or be compelled to protect against)."  *In re Bestwall LLC*, 606 B.R. at 256.

56.     ***Second***, continued prosecution of the Mohansingh Action will threaten the Debtor's ability to achieve its goal of a successful chapter 11 case through establishment of a section 524(g) asbestos trust, which will be funded at least in part by Hess.  Proceeding with the Mohansingh Action will require Hess to redirect its attention and resources away from funding the chapter 11 case, and toward the trial instead.  That prejudices not only the Debtor, but the hundreds of asbestos claimants who will ultimately seek to benefit from a section 524(g) trust in the chapter 11 case.  If the Mohansingh Action is not stayed, a monetary judgment in favor of Mohansingh (in addition to Hess's substantial legal expenditures to litigate the case to verdict) will siphon off assets that would otherwise be used to fund a section 524(g) trust for the benefit of all claimants.  As a result, substantial assets that would otherwise be distributed fairly and equitably

---

[5]     Even if the doctrine of collateral estoppel does not apply, the mere risk of preclusion also warrants a temporary stay.  *See In re Bestwall LLC*, 606 B.R. at 256 ("Courts have concluded that the risks of collateral estoppel and res judicata warrant a stay of third-party litigation because allowing that litigation to proceed would thwart the purposes of the automatic stay." (collecting cases)).  The Debtor will not be able to "unring the bell" once evidence is introduced and becomes intertwined with other evidence and argument.  Findings concerning those facts then pose a risk of future prejudice to the Debtor, despite its inability to litigate those issues at trial.

through the section 524(g) trust will have to be redirected to defend against (and potentially pay) a single plaintiff by virtue of his case being the first to reach a jury verdict.

57.     **Third**, failure to obtain a temporary restraining order poses an existential threat to the Debtor's entire reorganization because without a stay, the Debtor risks losing the funding necessary to carry the Debtor though the conclusion of its chapter 11 case.   In addition to covenanting to maintain a $10,000,000 reserve to fund any future section 524(g) trust, Hess has committed to a baseline administrative expense fund of approximately $11,000,000, disbursed in two tranches, with additional funding provided upon reaching certain milestones.   The first milestone is a temporary restraining order as to the Mohansingh Action, which is essential to providing Hess and the Debtor breathing room to engage in the chapter 11 process with the ultimate goal of reaching a resolution with plaintiffs.   Continued litigation of the Mohansingh Action therefore puts the Debtor's funding arrangement—and the effectiveness of this chapter 11 case—at substantial risk.

58.     **Fourth**, the Mohansingh Action will threaten the integrity of any potential future estimation proceedings in the chapter 11 case because (as discussed above) Mohansingh is a highly unrepresentative plaintiff who could skew the estimation for hundreds of other pending and future plaintiffs.   The goal of the estimation proceeding is for the Debtor—as the fiduciary of the bankruptcy estate for the benefit of creditors—to establish a fair and equitable estimate of the claims of all current and future asbestos plaintiffs, including by presenting evidence reflecting a representative sample of claimants.   Current and future asbestos claimants therefore may actually have an interest in staying the Mohansingh Action to avoid a trial judgment that could skew the estimation proceedings based on the claims of a highly unrepresentative plaintiff.

**The Balance of the Equities Weighs in Favor of the Debtor**

59.     Staying the Mohansingh Action will increase the odds of resolving hundreds of pending and future cases on fair and equitable terms, while serving little to no prejudice to Mohansingh.  In considering a request for injunctive relief, a court must "balance the competing claims of injury and . . . consider the effect on each party of the granting or withholding of the requested relief." *Texas*, 328 F. Supp. 3d at 740 (quoting *Amoco Prod. Co.*, 480 U.S. at 542); *see also In re OGA Charters*, 554 B.R. at 431 (noting that the "the analysis focuses on the degree to which each party will be harmed if a preliminary injunction should be entered and whether, in consideration of those harms, the harm of one party outweighs another").  Here, the Debtor is seeking a limited stay of litigation which is essential to its reorganization goals.  At worst, Mohansingh would experience a slight delay in receiving any payment that he may be awarded, but that momentary delay pales in comparison to the years Mohansingh has already spent litigating his lawsuit through the tort system—to say nothing of the burdens of appeal if he obtains a judgment.

**The Public Interest Favors a Stay of the Mohansingh Action**

60.     The public interest favors entry of a temporary restraining order enjoining the Mohansingh Action.  "Evaluation of the public interest factor of the analysis 'requires a balancing of the public interest in successful bankruptcy reorganizations with other competing societal interests.'" *In re Calpine Corp.*, 365 B.R. at 413 (quoting 2 Collier on Bankruptcy ¶ 105.02[2] (15th ed. 2006)).  "In the bankruptcy context, the relevant public interest is the interest in successful reorganizations, since reorganizations preserve value for creditors and ultimately the public." *In re Caesars Ent. Operating Co., Inc.*, 561 B.R. at 453 (collecting cases); *see also In re Bestwall LLC*, 606 B.R. at 258 (collecting cases); *In re OGA Charters*, 554 B.R. at 426.  Staying the Mohansingh Action is consistent with the public's strong interest in efficiently and equitably

resolving all asbestos-related claims through the centralized chapter 11 process, as reflected in the text of section 524(g) and expounded upon in the relevant legislative history. *See In re Grossman's Inc.*, 607 F.3d 114, 126–27 (3d Cir. 2010) (discussing legislative history); *In re Fed.-Mogul Glob. Inc.*, 684 F.3d 355, 359 (3d Cir. 2012) (quoting H.R. Rep. No. 103–835, at 46–48 (1994)).  A stay here is instrumental to achieving the dual purpose of section 524(g), so that Mohansingh and all other asbestos claimants can achieve a fair and efficient resolution of their claims and the Debtor can definitively put this litigation behind it as part of a successful reorganization.

61.    For all of these reasons, it is appropriate for the Court to grant the temporary restraining order on an emergency basis.

## COUNT TWO

### (Section 105: Preliminary and Permanent Injunction)

62.    The Court has broad authority under section 105(a) of the Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).  Pursuant to section 105(a), this Court may enjoin actions against third parties where necessary to prevent an adverse effect on the Debtor's estate or to assure the orderly administration of the Debtor's chapter 11 case.  Bankruptcy courts routinely invoke section 105(a) to enjoin actions against non-debtor entities—like Hess—that would frustrate a successful chapter 11 case, including the establishment of a section 524(g) trust and channeling injunction.  The Debtor seeks an injunction barring the plaintiffs in the Pending Actions from commencing or continuing any Asbestos Claims—including the Mohansingh Action— against Hess under section 105(a) of the Bankruptcy Code, through the effective date of any plan confirmed in this chapter 11 case.

63.    The Debtor meets each of the four requirements for a preliminary (and ultimately permanent) injunction.  *See Jones*, 880 F.3d at 759.

64.     *First*, there is a substantial likelihood that the Debtor will prevail on the merits of its request for an injunction enjoining the Pending Actions during the pendency of the Debtor's chapter 11 case.  For the reasons discussed above, there is ample support for entry of an injunction here, because the absence of a stay would threaten the success of the Debtor's efforts to achieve consensus by dragging the Debtor back into the very litigation that is stayed by the filing of this case.  *See In re Zale*, 62 F.3d at 761; *In re A.H. Robins*, 788 F.2d at 1003-06; *In re Drexel*, 960 F.2d 285, 293 (2d Cir. 1992); *see also* 2 Collier on Bankruptcy ¶ 105.04 (16th ed. 2020) ("The most notorious use of section 105 has been to seek to enjoin actions which, for one reason or another, are not stayed by the automatic stay of section 362.").

65.     *Second*, the failure to grant the requested injunction would irreparably harm the Debtor's chapter 11 negotiations and ability to resolve all current and future Asbestos Claims against it under section 524(g).  The Asbestos Claims against Hess and the Debtor are based on substantially identical conduct concerning the Debtor and/or HOVENSA's operations of the Refinery.  Plaintiffs do not meaningfully distinguish between the Debtor and Hess and seek to hold both jointly and severally liable for the same alleged conduct.  Absent a stay of the trial, the litigation will proceed as planned:  plaintiffs will continue with discovery, dispositive motions, and trial, and final judgments against Hess—all while the Debtor is pursuing its chapter 11 case. This would prejudice the Debtor's right to defend against the plaintiffs' allegations concerning HOVIC's operations of the Refinery, which are directly relevant to the Debtor's liability.

66.     Furthermore, because the Asbestos Claims against Hess and the Debtor are substantially similar, there is a material risk that findings of law or fact in the cases will create an adverse record against the Debtor, and one that may conflict with the Court's claim estimation proceedings in the chapter 11 case.  On top of all this, the costs and effort of defending against the

26

Pending Actions will only continue to grow as more and more cases are scheduled for expedited trials pursuant to the U.S. Virgin Island's preference statute. Continued litigation of the Pending Actions will require Hess's involvement and supervision over the litigation, requiring funds and resources that could otherwise be allocated towards supervising this chapter 11 case.

67.     **Third**, the balance of the harms weighs heavily in favor of an injunction. Failure to issue an injunction will not only cause significant harm to the Debtor's reorganization goals, but it will also prejudice certain plaintiffs by leading to different recoveries among similarly situated claimants depending on whether they recover through the tort system or a future, court-approved section 524(g) trust. On the other hand, the harm, if any, that issuing an injunction might cause the plaintiffs is minimal. Litigation, particularly mass tort asbestos litigation, generally requires extensive discovery, involves numerous parties, and presents complicated questions of causation. Such litigation is rarely efficient and often goes on for many years, as many of the Pending Actions illustrate. By contrast, enjoining the Asbestos Claims in favor of a section 524(g) trust in the chapter 11 case would allow for more efficient and uniform recoveries for plaintiffs—including future claimants who have yet to institute litigation—than are typically possible outside of the bankruptcy.

68.     **Finally**, the public interest weighs strongly in favor of an injunction. As courts and Congress have recognized, there is a substantial public interest in a successful chapter 11 case, and injunctive relief is critical to the Debtor's chapter 11 case for the reasons discussed already. It also is in the public interest to promote justice in the court system by resolving all Asbestos Claims in a fair and equitable manner. This result is not possible if piecemeal litigation of the Asbestos Claims in the tort system circumvents the bankruptcy process. For that reason, a successful

chapter 11 case—and an injunction that makes a successful case possible—serves the public interest by fostering the resolution of thousands of claims in a uniform and equitable manner.

69.     An injunction barring the Defendants from commencing or continuing any Asbestos Claims against the Hess while the chapter 11 case remains pending is appropriate and essential to the orderly and effective administration of the Debtor's estate.  Good cause exists for the entry of injunctive relief pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 7065.

**COUNT THREE**

**(Preliminary and Permanent Injunction Extending Automatic Stay Pursuant to Section 362)**

70.     The purpose of section 362 of the Bankruptcy Code is to "give the debtor a 'breathing spell' from his creditors, and also, to protect creditors by preventing a race for the debtor's assets."  *See*, *e.g.*, *Garza v. CMM Enters., LLC (In re Garza)*, 605 B.R. 817, 827 (Bankr. S.D. Tex. 2019); *Commonwealth Oil Refin. Co. v. U.S. Env't Prot. Agency (In re Commonwealth Oil Refin. Co.)*, 805 F.2d 1175, 1182 (5th Cir. 1986) (citation omitted).

71.     The Court has the authority to extend the automatic stay to non-debtor third parties and may invoke section 362(a) to stay proceedings against non-debtors that "will have an adverse impact on the debtor's ability to accomplish reorganization."  *See In re Matter of Zale Corp.*, 62 F.3d 746, 761, n.45 (5th Cir. 1995).

72.     This is a textbook example of why section 362(a) exists.  The continued prosecution of the Pending Actions against Hess will entirely undermine the Debtor's ability to achieve its goals in this case.  Without a stay of litigation against Hess, the Debtor will be forced to continue participating in hundreds of actions to defend its rights while issues critical to the Debtor's liability in the underlying asbestos allegations are decided through the tort system.  If the Pending Actions

continue to proceed, the Debtor will have to decide whether to (a) participate in the Pending Actions to protect its rights, and be burdened with the distraction of having to continue litigating the Pending Actions in the midst of its chapter 11 efforts, or (b) not participate in the Pending Actions and risk having its legal rights affected by the plaintiffs' pursuit of Asbestos Claims against Hess.  At the same time, the Debtor's parent—the sole source of the Debtor's funding under the Funding Agreement—will be tied up in costly litigation instead of focusing its efforts and resources on chapter 11 plan negotiations and funding of the section 524(g) trust.

73.     Failing to stay the Pending Actions against Hess would not only hamstring the Debtor's efforts at resolving its chapter 11 case, but it would also undermine the very purpose of the automatic stay.  Plaintiffs in the Pending Actions would effectively be permitted to sidestep the automatic stay by continuing to litigate the Pending Actions against Hess alleging the same facts and theories directed at the Debtor and its predecessors but without the Debtor at the table to defend itself.  Section 362(a) was implemented for precisely this reason, and should be employed to enjoin Pending Actions against non-debtor Hess here.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, the Debtor respectfully requests the following relief:

(i)     That this Court issue a temporary restraining order prohibiting Mohansingh from continuing to prosecute *Mohansingh v. Hess Oil Virgin Islands Corp., et al.*, SX-2006-CV-00231 (V.I. Super. Ct.), against Hess;

(ii)    That this Court issue, pursuant to section 105 of the Bankruptcy Code, a preliminary (and ultimately permanent) injunction enjoining plaintiffs in the Pending Actions (including the Mohansingh Action) from prosecuting such actions until the effective date of any chapter 11 plan confirmed in the Debtor's chapter 11 case;

(iii)   That this Court issue, pursuant to section 362 of the Bankruptcy Code, a preliminary (and ultimately permanent) injunction enjoining plaintiffs in the Pending Actions (including the Mohansingh Action) from prosecuting such actions until the effective date of any chapter 11 plan confirmed in the Debtor's chapter 11 case;

(iv)    Grant such other and further relief as the Court may deem just and proper.

Houston, Texas
April 28, 2022

/s/  Matthew D. Cavenaugh

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
Veronica A. Polnick (TX Bar No. 24079148)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:   (713) 752-4200
Facsimile:    (713) 752-4221
Email:        mcavenaugh@jw.com
              jwertz@jw.com
              vpolnick@jw.com


*Proposed Co-Counsel to the Debtor*
*and Debtor in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Christopher T. Greco, P.C. (*pro hac vice* pending)
Matthew C. Fagen (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900
Email:        christopher.greco@kirkland.com
              matthew.fagen@kirkland.com


- and -


**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Jaimie Fedell (TX Bar No. 24093423) (*pro hac vice* pending)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200
Email:        jaimie.fedell@kirkland.com


- and -


**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Michael F. Williams, P.C. (*pro hac vice* pending)
Daniel T. Donovan, P.C. (*pro hac vice* pending)
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone:   (202) 389-5000
Facsimile:    (202) 389-5200
Email:        michael.williams@kirkland.com
              daniel.donovan@kirkland.com

*Proposed Co-Counsel to the Debtor*
*and Debtor in Possession*

**<u>Certificate of Accuracy</u>**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

**<u>Certificate of Service</u>**

I certify that on April 28, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

**<u>Appendix A</u>**

Appendix A

| Claimant Name | Jurisdiction / State Filed | Case No. / Docket No. | Plaintiff Counsel |
|---|---|---|---|
| Abraham Perez-Rivera | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00632 | Burns Charest LLP |
| Abraham, Narcisse | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00943 | Burns Charest LLP |
| Adams, Melvine Sr | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00883 | Burns Charest LLP |
| Agatha Louis | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00995 | Burns Charest LLP |
| Agnes Alphonse | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00536 | Burns Charest LLP |
| Agnes Andrew | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00107 | Burns Charest LLP |
| Agnes Dalsan | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00646 | Burns Charest LLP |
| Agnes John | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00157 | Burns Charest LLP |
| Alana Finney | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00720 | Burns Charest LLP |
| Albert Edwards, Jr | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00750 | Burns Charest LLP |
| Albert Elliott | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00424 | Burns Charest LLP |
| Albert Ince | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00326 | Burns Charest LLP |
| Albert J Williams | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00885 | Burns Charest LLP |
| Albert Stanislas | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00849 | Burns Charest LLP |
| Albert Tayliam | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00080 | Burns Charest LLP |
| Albert Victor | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2019-CV-00247 | Burns Charest LLP |
| Alexander Charles | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00460 | Burns Charest LLP |
| Alexander St Rose | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00143 | Burns Charest LLP |
| Alexander, David Adrian | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00816 | Burns Charest LLP |
| Alexandrine Abraham | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00880 | Burns Charest LLP |
| Alicia Mars | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00594 | Burns Charest LLP |
| Alita V Theophilus-Phillipp | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00173 | Burns Charest LLP |
| Allan Austin | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00829 | Burns Charest LLP |
| Allan English | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00324 | Burns Charest LLP |
| Alton Elliot | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00724 | Burns Charest LLP |
| Alvin Sonson | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00741 | Burns Charest LLP |
| Alwyn John Baptiste | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00515 | Burns Charest LLP |
| Amelina Marc Louis | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00101 | Burns Charest LLP |
| Andre Jean | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00068 | Burns Charest LLP |
| Andres Velazquez | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00169 | Burns Charest LLP |
| Angel Gautier | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00742 | Burns Charest LLP |
| Angel Rodriguez | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00991 | Burns Charest LLP |
| Angel Santos-Rios | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00858 | Burns Charest LLP |
| Angela Faucher | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00110 | Burns Charest LLP |
| Angela Poleon | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00730 | Burns Charest LLP |
| Anna Arnold | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00192 | Burns Charest LLP |
| Anna Gordon | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00073 | Burns Charest LLP |
| Annabelle Riviere | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00060 | Burns Charest LLP |
| Annette Parris-Delgado | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00153 | Burns Charest LLP |
| Anselm Alexander | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2004-CV-00602 | Burns Charest LLP |
| Anthony Laurencin | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00342 | Burns Charest LLP |
| Antoine Baptiste | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00737 | Burns Charest LLP |

Appendix A

| Claimant Name | Jurisdiction / State Filed | Case No. / Docket No. | Plaintiff Counsel |
|---|---|---|---|
| Aquino-De la Rosa, Ovidio | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00868 | Burns Charest LLP |
| Arelis Pena-Arrendell | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00440 | Burns Charest LLP |
| Arlington Bergan | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00323 | Burns Charest LLP |
| Arroyo, Hector | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00958 | Burns Charest LLP |
| Arthur Carter | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00297 | Burns Charest LLP |
| Arthur John Baptiste | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00140 | Burns Charest LLP |
| Audrey Gustave | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00164 | Burns Charest LLP |
| Avan Casimir | District Court of the Virgin Islands, Division of St. Croix. | 1:2022-CV-00034 | Burns Charest LLP |
| Avis Reid | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00647 | Burns Charest LLP |
| Baltimore, Link | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00047 | Burns Charest LLP |
| Barry, James | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00841 | Burns Charest LLP |
| Barthelmy Dantes | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00243 | Burns Charest LLP |
| Batista, Juan | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00951 | Burns Charest LLP |
| Bazil, Joanness | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00843 | Burns Charest LLP |
| Beharry, Lawrence J, Sr | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00260 | Burns Charest LLP |
| Beharry, Pascal W | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00673 | Burns Charest LLP |
| Belardo, Fidel | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00201 | Burns Charest LLP |
| Belardo, Hector C. | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00834 | Burns Charest LLP |
| Benjamin, Alford D | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00956 | Burns Charest LLP |
| Bernadette Abraham-Soldiew | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00191 | Burns Charest LLP |
| Bernadine John Baptiste | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00428 | Burns Charest LLP |
| Bernard Williams | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00875 | Burns Charest LLP |
| Bernard, Angelo | District Court of the Virgin Islands, Division of St. Croix. | 1:2020-CV-00080 | Burns Charest LLP |
| Bernett Joseph | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00526 | Burns Charest LLP |
| Bhola, Anthony | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00840 | Burns Charest LLP |
| Bibiana Philogene | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00534 | Burns Charest LLP |
| Blake Caldena | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00870 | Burns Charest LLP |
| Blake, Irvine E | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00942 | Burns Charest LLP |
| Boland, Veronica | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00903 | Burns Charest LLP |
| Bougouneau, Francisca | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00016 | Burns Charest LLP |
| Bougouneau, Francisca Andrea | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00578 | Burns Charest LLP |
| Bougouneau, Jeremiah | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00859 | Burns Charest LLP |
| Bowery, Ira | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00042 | Burns Charest LLP |
| Brown, Clarence G | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00579 | Burns Charest LLP |
| Brown, Frank | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00869 | Burns Charest LLP |
| Browne, Alexis H | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00955 | Burns Charest LLP |
| Browne, Alfred | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00864 | Burns Charest LLP |
| Browne, Edwin | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00049 | Burns Charest LLP |
| Burke, Tyrone | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00944 | Burns Charest LLP |
| Candida Acosta-Lewis | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00104 | Burns Charest LLP |

Appendix A

| Claimant Name | Jurisdiction / State Filed | Case No. / Docket No. | Plaintiff Counsel |
|---|---|---|---|
| Canice McFarlane | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00761 | Burns Charest LLP |
| Carlos P Mulrain | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00740 | Burns Charest LLP |
| Carmela Errilienne | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00523 | Burns Charest LLP |
| Carmen Lopez | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00612 | Burns Charest LLP |
| Carmen Mayfield | District Court of the Virgin Islands, Division of St. Croix. | 1:2022-CV-00033 | Burns Charest LLP |
| Carmen Santiago | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00102 | Burns Charest LLP |
| Carolyn Maynard | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00623 | Burns Charest LLP |
| Castro Pablo | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00851 | Burns Charest LLP |
| Catherine Antoine | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00304 | Burns Charest LLP |
| Catherine Charles | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00833 | Burns Charest LLP |
| Catherine Daniel | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00108 | Burns Charest LLP |
| Catherine Phillip | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00352 | Burns Charest LLP |
| Celestine Gordon | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00362 | Burns Charest LLP |
| Celina Bodley | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00131 | Burns Charest LLP |
| Charles Deterville | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00812 | Burns Charest LLP |
| Charles Jacob | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00097 | Burns Charest LLP |
| Charles Powell | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00616 | Burns Charest LLP |
| Charles, Cuthbert R | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00876 | Burns Charest LLP |
| Charles, Ita | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00015 | Burns Charest LLP |
| Ched Antoine, as PR for Jamfes Antoine | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00273 | Burns Charest LLP |
| Cheryann Thomas-Cooke | District Court of the Virgin Islands, Division of St. Croix. | 1:2022-CV-00026 | Burns Charest LLP |
| Cheryl Azille | District Court of the Virgin Islands, Division of St. Croix. | 1:2022-CV-00029 | Burns Charest LLP |
| Cheryl Richardson | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00805 | Burns Charest LLP |
| Christian Farrelly | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00976 | Burns Charest LLP |
| Christine Daniel | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00165 | Burns Charest LLP |
| Claudette King | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00168 | Burns Charest LLP |
| Claudius Thomas | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00063 | Burns Charest LLP |
| Clement Languedoc | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00766 | Burns Charest LLP |
| Clinton Henry | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00114 | Burns Charest LLP |
| Clouden, Elvita | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00827 | Burns Charest LLP |
| Clovis, Lawrence | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00966 | Burns Charest LLP |
| Combie, Eliza | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00857 | Burns Charest LLP |
| Consula Matthew | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00617 | Burns Charest LLP |
| Cora Straker | District Court of the Virgin Islands, Division of St. Croix. | 1:2022-CV-00025 | Burns Charest LLP |
| Coria Rene | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00409 | Burns Charest LLP |
| Cornelia Louis | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00066 | Burns Charest LLP |
| Cornelius Mitchell | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00128 | Burns Charest LLP |
| Creighton, Theresa | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00038 | Burns Charest LLP |
| Cristino Cruz | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00988 | Burns Charest LLP |
| Cyrilla Christophe | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00726 | Burns Charest LLP |
| Cyrile Paul | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00989 | Burns Charest LLP |

Appendix A

| Claimant Name | Jurisdiction / State Filed | Case No. / Docket No. | Plaintiff Counsel |
|---|---|---|---|
| Daisy Francis-Christopher | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00806 | Burns Charest LLP |
| Dalmau-Estrada, Carlos | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00022 | Burns Charest LLP |
| Daniel, Noel | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00580 | Burns Charest LLP |
| Davidson Abraham | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00271 | Burns Charest LLP |
| Davis, Rupert | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00928 | Burns Charest LLP |
| Davon Walter, as the PR of the Estate of Lunid Walter | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00821 | Burns Charest LLP |
| Dayatra Emmanuel | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00369 | Burns Charest LLP |
| De Lande, Clefryn | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00679 | Burns Charest LLP |
| Decima John Baptiste | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00011 | Burns Charest LLP |
| Defreitas, Gilbert M. | District Court of the Virgin Islands, Division of St. Croix. | 1:2020-CV-00045 | Burns Charest LLP |
| Degrasse, William | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00866 | Burns Charest LLP |
| Denis Dariah | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00344 | Burns Charest LLP |
| Denis, Alphonsus | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00177 | Burns Charest LLP |
| Denis, Placide | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00043 | Burns Charest LLP |
| Dennery, Arthur | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00967 | Burns Charest LLP |
| Dennis Barnes, Jr | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00994 | Burns Charest LLP |
| Deschamps, Malcolm | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00863 | Burns Charest LLP |
| Desir, Urias JW | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00678 | Burns Charest LLP |
| Dexter Arthurton | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00721 | Burns Charest LLP |
| Dillon Inglis | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00664 | Burns Charest LLP |
| Donawa, Clarence Eustace | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00582 | Burns Charest LLP |
| Donawa, Ian | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00829 | Burns Charest LLP |
| Donelly, Tricia | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00068 | Burns Charest LLP |
| Doran, Garfield | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00837 | Burns Charest LLP |
| Dorita Trimmingham, as the Personal Representative and Executor of the Estate of Leroy W Trimmingham | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00683 | Burns Charest LLP |
| Douglas, Charles (Christian) | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00821 | Burns Charest LLP |
| Drayton, Cleavely | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00264 | Burns Charest LLP |
| Ducreay, Isaiah | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00851 | Burns Charest LLP |
| Dudley Cox | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00731 | Burns Charest LLP |
| Duncan, Tyrone | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00925 | Burns Charest LLP |
| Dyett, George | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00968 | Burns Charest LLP |
| Eardley Howard Charles | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00645 | Burns Charest LLP |
| Eastman, Felix | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00026 | Burns Charest LLP |
| Efraim Soto-Santos | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00302 | Burns Charest LLP |
| Egbert Carlton Hall | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00462 | Burns Charest LLP |
| Elderfield Richards | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00059 | Burns Charest LLP |
| Eleanor Abraham | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00100 | Burns Charest LLP |
| Eleanor Roseline | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00626 | Burns Charest LLP |
| Elford Christmas | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00764 | Burns Charest LLP |
| Elias Bodley, as PR of Estate of Roland Bodley | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00684 | Burns Charest LLP |
| Elpher Prosper | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00505 | Burns Charest LLP |

Appendix A

| Claimant Name | Jurisdiction / State Filed | Case No. / Docket No. | Plaintiff Counsel |
|---|---|---|---|
| Elsworth Stevenson | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00359 | Burns Charest LLP |
| Emerald Finney | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00610 | Burns Charest LLP |
| Emika Archibald | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00611 | Burns Charest LLP |
| Emil Joseph | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00280 | Burns Charest LLP |
| Emmanuel Augustin | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00454 | Burns Charest LLP |
| Emmanuel, Hyacinth | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00960 | Burns Charest LLP |
| Enoch Simon | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00992 | Burns Charest LLP |
| Enrique Ayala | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00872 | Burns Charest LLP |
| Est. of Alexis Denis | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2004-CV-00606 | Burns Charest LLP |
| Est. of Felix Colon | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2008-CV-00271 | Burns Charest LLP |
| Est. of Fitzroy Roberts | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2006-CV-00219 | Burns Charest LLP |
| Est. of Patrick Mathurin | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2006-CV-00223 | Burns Charest LLP |
| Estate of Arnold Anthony | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2004-CV-00607 | Burns Charest LLP |
| Estate of Eli McKenzie | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2006-CV-00653 | Burns Charest LLP |
| Estate of Ezekiel Farrell | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2015-CV-00506 | Burns Charest LLP |
| Estate of Francisco Carrasquillo-Acosta | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2006-CV-00615 | Burns Charest LLP |
| Estate of James Hughes | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2006-CV-00221 | Burns Charest LLP |
| Estate of Nicholas George | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2005-CV-00221 | Burns Charest LLP |
| Estate of Rosemary Nicholas | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00684 | Burns Charest LLP |
| Estate of Scipio Murren | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2015-CV-00504 | Burns Charest LLP |
| Esther Theobbles | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00855 | Burns Charest LLP |
| Eugenia East | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00811 | Burns Charest LLP |
| Eugenia JnMarie | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00196 | Burns Charest LLP |
| Eugenia Stanley | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00421 | Burns Charest LLP |
| Eunice George | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00446 | Burns Charest LLP |
| Eustace Rose | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00139 | Burns Charest LLP |
| Evans, Gualbert | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00954 | Burns Charest LLP |
| Evans, Hugh | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00886 | Burns Charest LLP |
| Everton Knight | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00034 | Burns Charest LLP |
| Exilia Fonetenelle | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00824 | Burns Charest LLP |
| Ezra Celestin | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00831 | Burns Charest LLP |
| Fabian, Patricio | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00871 | Burns Charest LLP |
| Fahie, Royce H | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00873 | Burns Charest LLP |
| Farrow, Oliver | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00849 | Burns Charest LLP |
| Felice Grant | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00556 | Burns Charest LLP |
| Felicite Patricia Albert | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00624 | Burns Charest LLP |
| Felipe Ledesma | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00299 | Burns Charest LLP |
| Felipe Rios | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2015-CV-00505 | Burns Charest LLP |
| Felix, Anthony | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00855 | Burns Charest LLP |
| Ferdinand Abraham | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00272 | Burns Charest LLP |
| Figueroa, Carlos J | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00945 | Burns Charest LLP |
| Fitzroy B Matthew | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00531 | Burns Charest LLP |

Appendix A

| Claimant Name | Jurisdiction / State Filed | Case No. / Docket No. | Plaintiff Counsel |
|---|---|---|---|
| Flood, Cynthia | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00889 | Burns Charest LLP |
| Floretta Prevost | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00160 | Burns Charest LLP |
| Fonda Gill, As The PR of The Estate of Emerson Gill | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00008 | Burns Charest LLP |
| Forde, Linroy | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00924 | Burns Charest LLP |
| Fox, Melwyn Elias | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00585 | Burns Charest LLP |
| Frances Mondesir | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00245 | Burns Charest LLP |
| Francois St Remy | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00874 | Burns Charest LLP |
| Frank Jeremiah | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00081 | Burns Charest LLP |
| Frederico Garcia | District Court of the Virgin Islands, Division of St. Croix. | 1:2022-CV-00030 | Burns Charest LLP |
| Freeman, Sr., Eugene T. | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00809 | Burns Charest LLP |
| Gabriel Alexander | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2006-CV-00237 | Burns Charest LLP |
| Garcia, Felix | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00020 | Burns Charest LLP |
| Garcia, Juan | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00838 | Burns Charest LLP |
| Garcia, Reynaldo | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00822 | Burns Charest LLP |
| Gaston, Simone | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00900 | Burns Charest LLP |
| Gee Cuffy, Jr | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00506 | Burns Charest LLP |
| Gemma Mitchell | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00070 | Burns Charest LLP |
| George Fontenelle | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00099 | Burns Charest LLP |
| George Joseph | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2019-CV-00249 | Burns Charest LLP |
| George, Cuthbert | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00823 | Burns Charest LLP |
| Gerard Nelson | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2006-CV-00192 | Burns Charest LLP |
| Gerard St Rose | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00982 | Burns Charest LLP |
| Gertrude John | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00542 | Burns Charest LLP |
| Gertrude St Rose | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00535 | Burns Charest LLP |
| Gervais, Rufinus | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00027 | Burns Charest LLP |
| Gifford, Alain | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00833 | Burns Charest LLP |
| Gilbert, Idonia | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00167 | Burns Charest LLP |
| Gilbert, Joseph | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00674 | Burns Charest LLP |
| Gladstone Browne | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00838 | Burns Charest LLP |
| Gomez, Oscar | District Court of the Virgin Islands, Division of St. Croix. | 1:2020-CV-00094 | Burns Charest LLP |
| Gonzague, Augusta | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00059 | Burns Charest LLP |
| Gonzales, Glen | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00946 | Burns Charest LLP |
| Gonzalez, Mario | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00844 | Burns Charest LLP |
| Grace Joseph | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00111 | Burns Charest LLP |
| Green, Tony Curtis | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00939 | Burns Charest LLP |
| Greenaway, Dan | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00856 | Burns Charest LLP |
| Greene, Alwyn | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00050 | Burns Charest LLP |
| Gregor Richelieu | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00637 | Burns Charest LLP |
| Guadalupe, Domingo | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00814 | Burns Charest LLP |
| Guadalupe, Javier, Jr. | District Court of the Virgin Islands, Division of St. Croix. | 1:2020-CV-00051 | Burns Charest LLP |
| Gwendolyn Jacobs | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00305 | Burns Charest LLP |

Appendix A

| Claimant Name | Jurisdiction / State Filed | Case No. / Docket No. | Plaintiff Counsel |
|---|---|---|---|
| Hamilton, Ambrose | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00267 | Burns Charest LLP |
| Harold Abraham | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00242 | Burns Charest LLP |
| Heafline Bannis | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00105 | Burns Charest LLP |
| Helen Isidore | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00725 | Burns Charest LLP |
| Helena Denbow | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00856 | Burns Charest LLP |
| Henreker Liburd | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00857 | Burns Charest LLP |
| Henry Gonzague, Jr | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00355 | Burns Charest LLP |
| Henry, George | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00041 | Burns Charest LLP |
| Henry, Mary G. | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00804 | Burns Charest LLP |
| Henry, Michael | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00044 | Burns Charest LLP |
| Henry, Miles | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00964 | Burns Charest LLP |
| Henry, Nicholas | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00587 | Burns Charest LLP |
| Henry, Paul (Mediated) | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00915 | Burns Charest LLP |
| Henson Emanuel | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00863 | Burns Charest LLP |
| Hinkson, Francilla | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00898 | Burns Charest LLP |
| Hollis Prime | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-cv-00292 | Burns Charest LLP |
| Hospedales, Roderick | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00831 | Burns Charest LLP |
| Humberto Ayala | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00773 | Burns Charest LLP |
| Ingrid Benton | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00729 | Burns Charest LLP |
| Jackline Finney | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00357 | Burns Charest LLP |
| Jaime Castro | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00074 | Burns Charest LLP |
| James , Francis | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00850 | Burns Charest LLP |
| James McNamara, as PR of Estate of Luke Frederick | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00674 | Burns Charest LLP |
| James, Brenda | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00905 | Burns Charest LLP |
| James, Irwin L | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00269 | Burns Charest LLP |
| James, Jerome | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00828 | Burns Charest LLP |
| Janelle Coburn | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00837 | Burns Charest LLP |
| Janine McBean | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00633 | Burns Charest LLP |
| Jarvis, Leroy | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00965 | Burns Charest LLP |
| Jean, Larry | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00045 | Burns Charest LLP |
| Jeanne David | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00792 | Burns Charest LLP |
| Jeffers, Wilfred Z | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00953 | Burns Charest LLP |
| Jeremiah Felicien | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00873 | Burns Charest LLP |
| Jno-Baptiste, Nicholas | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00258 | Burns Charest LLP |
| Joan John | District Court of the Virgin Islands, Division of St. Croix. | 1:2022-CV-00028 | Burns Charest LLP |
| Joanna Desir | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00109 | Burns Charest LLP |
| Joanna Leon | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00744 | Burns Charest LLP |
| Joel Tutein | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00303 | Burns Charest LLP |
| John B William | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00628 | Burns Charest LLP |
| John Desouza | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00743 | Burns Charest LLP |
| John Manie | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00796 | Burns Charest LLP |
| John Paul | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00354 | Burns Charest LLP |

Appendix A

| Claimant Name | Jurisdiction / State Filed | Case No. / Docket No. | Plaintiff Counsel |
|---|---|---|---|
| John Ramdhanny | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00848 | Burns Charest LLP |
| Jorge Soto | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00839 | Burns Charest LLP |
| Jose Lopez-Acosta | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00062 | Burns Charest LLP |
| Jose Sanchez | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2006-CV-00614 | Burns Charest LLP |
| Joseph Herelle | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2019-CV-00252 | Burns Charest LLP |
| Joseph Joaquin | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00760 | Burns Charest LLP |
| Joseph Mess | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00052 | Burns Charest LLP |
| Joseph Prescott | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00301 | Burns Charest LLP |
| Joseph Vigilant Hill | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00728 | Burns Charest LLP |
| Joseph, Elwin | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00832 | Burns Charest LLP |
| Joseph, George | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00952 | Burns Charest LLP |
| Joseph, Judith | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00054 | Burns Charest LLP |
| Joseph, Kenneth | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00894 | Burns Charest LLP |
| Joseph, Magilta | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00055 | Burns Charest LLP |
| Joseph, Selwin George | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00895 | Burns Charest LLP |
| Joshua S Browne | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00408 | Burns Charest LLP |
| Jovo Cotto Jr. | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00277 | Burns Charest LLP |
| Joyce James Galiber | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00325 | Burns Charest LLP |
| Joyceline Noelien | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00103 | Burns Charest LLP |
| Joycelyn Thomas | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00621 | Burns Charest LLP |
| Juan Alamo | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00190 | Burns Charest LLP |
| Judith Doran | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00620 | Burns Charest LLP |
| Julia Charles | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00447 | Burns Charest LLP |
| Julianna Evans | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00132 | Burns Charest LLP |
| Julie James | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00370 | Burns Charest LLP |
| Julietta Coleman | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00864 | Burns Charest LLP |
| Kadar Mohansingh | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2006-CV-00231 | Burns Charest LLP |
| Kendall Roberts | Superior Court of the Virgin Islands, Division of St. Croix. | SZ-2006-CV-00238 | Burns Charest LLP |
| Kendrick Elcock | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00525 | Burns Charest LLP |
| Lazare, Louise | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00847 | Burns Charest LLP |
| Leblanc, Alex G | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00266 | Burns Charest LLP |
| Lenroy Drew | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00071 | Burns Charest LLP |
| Leon, Aybert | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00881 | Burns Charest LLP |
| Leon, Michael | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00858 | Burns Charest LLP |
| Leonce, Phylis | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00067 | Burns Charest LLP |
| Lester Vigilant | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00622 | Burns Charest LLP |
| Liburd, Dave | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00861 | Burns Charest LLP |
| Lilda Decaille | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00444 | Burns Charest LLP |
| Ling, Michael Lee | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00802 | Burns Charest LLP |
| Linton Robertson | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00115 | Burns Charest LLP |
| Lisa Braithwaite | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00507 | Burns Charest LLP |
| Lopez-Quintana, Juan | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00025 | Burns Charest LLP |

Appendix A

| Claimant Name | Jurisdiction / State Filed | Case No. / Docket No. | Plaintiff Counsel |
|---|---|---|---|
| Lubin, Jonah N | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00268 | Burns Charest LLP |
| Lucette Merced-Green | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00172 | Burns Charest LLP |
| Lucia Marcelle | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00738 | Burns Charest LLP |
| Lucille Henry | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00823 | Burns Charest LLP |
| Lucy C Talian | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00718 | Burns Charest LLP |
| Lydia McIntosh | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00166 | Burns Charest LLP |
| Lyne Turnbull-James | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00734 | Burns Charest LLP |
| Mable Cuffy | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00119 | Burns Charest LLP |
| Maharaj, Devraj | District Court of the Virgin Islands, Division of St. Croix. | 1:2020-CV-00114 | Burns Charest LLP |
| Maishaleen Lopez | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00613 | Burns Charest LLP |
| Malvina Jackson | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00365 | Burns Charest LLP |
| Margarita Joseph | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00155 | Burns Charest LLP |
| Marguerite Wilton | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00521 | Burns Charest LLP |
| Maria Baptiste | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00423 | Burns Charest LLP |
| Maria M Hepburn | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00868 | Burns Charest LLP |
| Maria R Guadalupe-Thomas | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00865 | Burns Charest LLP |
| Maria Sanes | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00170 | Burns Charest LLP |
| Marian Mitchell | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00867 | Burns Charest LLP |
| Marie Auguste | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00358 | Burns Charest LLP |
| Marie Serieux | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00631 | Burns Charest LLP |
| Marilyn Nyack | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00595 | Burns Charest LLP |
| Mario Carroll | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00098 | Burns Charest LLP |
| Mariska Scotland | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00866 | Burns Charest LLP |
| Mark Victor | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00835 | Burns Charest LLP |
| Martin, Telbert | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00923 | Burns Charest LLP |
| Martina Simeina | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00345 | Burns Charest LLP |
| Mary Anna Weeks | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00540 | Burns Charest LLP |
| Mary Clercin | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00836 | Burns Charest LLP |
| Mary Eugene | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00194 | Burns Charest LLP |
| Mary Glover | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00067 | Burns Charest LLP |
| Mary Leon | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00368 | Burns Charest LLP |
| Mary Longville | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-cv-00244 | Burns Charest LLP |
| Mary Lucille | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00532 | Burns Charest LLP |
| Mary Maxwell | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00615 | Burns Charest LLP |
| Mary St Rose | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00366 | Burns Charest LLP |
| Massicott, Jeannoel S | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00879 | Burns Charest LLP |
| Mathurin, Bernard | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00892 | Burns Charest LLP |
| Mathurin, Gregory | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00927 | Burns Charest LLP |
| MathurinVitalis | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00012 | Burns Charest LLP |
| Maxwell, Weldon | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00845 | Burns Charest LLP |
| Maynard Lazare | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00890 | Burns Charest LLP |
| Maynard, James | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00882 | Burns Charest LLP |

Appendix A

| Claimant Name | Jurisdiction / State Filed | Case No. / Docket No. | Plaintiff Counsel |
|---|---|---|---|
| McIntosh, Daniel | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00589 | Burns Charest LLP |
| McMahon, Vincent | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00957 | Burns Charest LLP |
| McNamara, James | District Court of the Virgin Islands, Division of St. Croix. | 1:2020-CV-00060 | Burns Charest LLP |
| Melvin Benjamin | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00141 | Burns Charest LLP |
| Merced, Edgar | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00870 | Burns Charest LLP |
| Merlyn Massicott | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00356 | Burns Charest LLP |
| Mervyn Henry | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00092 | Burns Charest LLP |
| Mervyn Henry | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00095 | Burns Charest LLP |
| Michael C. John | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00279 | Burns Charest LLP |
| Michael Clarke | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00978 | Burns Charest LLP |
| Michael Elsworth Matthew | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00457 | Burns Charest LLP |
| Michael K Alexander | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00517 | Burns Charest LLP |
| Michael Thomas | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00993 | Burns Charest LLP |
| Michael, Coletta | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00904 | Burns Charest LLP |
| Mitchell, Alfred | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00013 | Burns Charest LLP |
| Mitchell, Clayton | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00819 | Burns Charest LLP |
| Moe, Russell | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00884 | Burns Charest LLP |
| Montoute-Dumar, Clarita | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00058 | Burns Charest LLP |
| Moore, Steven | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00839 | Burns Charest LLP |
| Morris Benjamin | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00980 | Burns Charest LLP |
| Moses, Godclive | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00021 | Burns Charest LLP |
| Munchez-Nurse, Barbara A. | District Court of the Virgin Islands, Division of St. Croix. | 1:2020-CV-00061 | Burns Charest LLP |
| Murray, Michael | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00947 | Burns Charest LLP |
| Myrna Lopez | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00282 | Burns Charest LLP |
| Natalia Herman-Sadoo | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00115 | Burns Charest LLP |
| Nathalie Desbonnes | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00093 | Burns Charest LLP |
| Nathalie Desbonnes | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00094 | Burns Charest LLP |
| Neil Corridon | District Court of the Virgin Islands, Division of St. Croix. | 1:2022-CV-00031 | Burns Charest LLP |
| Nelson, Clement | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00901 | Burns Charest LLP |
| Newton, Sharon | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00200 | Burns Charest LLP |
| Nieves, Sonia | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00063 | Burns Charest LLP |
| Nina O'Bryan | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00455 | Burns Charest LLP |
| Nisbeth, Edric | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00029 | Burns Charest LLP |
| Nobbie, Ainsley | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00677 | Burns Charest LLP |
| Norford, Derrick | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00896 | Burns Charest LLP |
| Norma Nales-Martinez | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00346 | Burns Charest LLP |
| Norma Parris-Bruce | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00817 | Burns Charest LLP |
| Norris Rupert St. Henry | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00281 | Burns Charest LLP |
| Octalien, Norbert C | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00887 | Burns Charest LLP |
| Octavia Ferdinand, as PR for the Estate of Octave Ferdinand | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00043 | Burns Charest LLP |

Appendix A

| Claimant Name | Jurisdiction / State Filed | Case No. / Docket No. | Plaintiff Counsel |
|---|---|---|---|
| Onesimus Chiverton | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00061 | Burns Charest LLP |
| Osorio, Jr , Pedro | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00033 | Burns Charest LLP |
| Patricia Mathurin | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00461 | Burns Charest LLP |
| Patrick Nelson Thomas | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00422 | Burns Charest LLP |
| Patrick Phillips | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00032 | Burns Charest LLP |
| Paul, Anthony | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00590 | Burns Charest LLP |
| Paula Crispin | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00509 | Burns Charest LLP |
| Pedrito Coto | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00075 | Burns Charest LLP |
| Pedro Oliver | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00850 | Burns Charest LLP |
| Peter Delande | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00625 | Burns Charest LLP |
| Peter Edward | District Court of the Virgin Islands, Division of St. Croix. | 1:2022-CV-00027 | Burns Charest LLP |
| Peter, Michael | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00852 | Burns Charest LLP |
| Peterson, Lucien | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00270 | Burns Charest LLP |
| Petronella Sargeant | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00840 | Burns Charest LLP |
| Phangyou, Carl P. J. | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00825 | Burns Charest LLP |
| Phillip Collins | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00138 | Burns Charest LLP |
| Phillip E. Daniel | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00278 | Burns Charest LLP |
| Phillip Paul | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00300 | Burns Charest LLP |
| Phillip, Vaughn | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00824 | Burns Charest LLP |
| Philogene, Lawrence | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00680 | Burns Charest LLP |
| Pius Fontenelle, as PR of the Estate of Teresa Fontenelle, Deceased | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00889 | Burns Charest LLP |
| Plante, Marion, as the personal representative of the Estate of Joseph Plante | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00929 | Burns Charest LLP |
| Poleon, Celina | District Court of the Virgin Islands, Division of St. Croix. | 1:2020-CV-00115 | Burns Charest LLP |
| Poleon, John | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00926 | Burns Charest LLP |
| Pricilla John Baptiste | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00841 | Burns Charest LLP |
| Rambally, Brian | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00023 | Burns Charest LLP |
| Ras, Luis | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00874 | Burns Charest LLP |
| Raul Gonzalez | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00891 | Burns Charest LLP |
| Rebecca Lestrade | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00619 | Burns Charest LLP |
| Regina Boyer | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00853 | Burns Charest LLP |
| Renee Tann | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00154 | Burns Charest LLP |
| Rennie Benwaree | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00420 | Burns Charest LLP |
| Rennie, Lloyd | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00046 | Burns Charest LLP |
| Rennie, Ronnie | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00899 | Burns Charest LLP |
| Reuben Weekes | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00082 | Burns Charest LLP |
| Reuben, Aaron | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00961 | Burns Charest LLP |
| Reynard D Menders, Sr | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00716 | Burns Charest LLP |
| Richard A Samuel | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00986 | Burns Charest LLP |
| Richard Allen, Sr | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00971 | Burns Charest LLP |
| Richelieu, Gregory E | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00259 | Burns Charest LLP |
| Richelieu, Margarita | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00912 | Burns Charest LLP |

Appendix A

| Claimant Name | Jurisdiction / State Filed | Case No. / Docket No. | Plaintiff Counsel |
|---|---|---|---|
| Rita Browne | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00274 | Burns Charest LLP |
| Rita Velazquez | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00106 | Burns Charest LLP |
| Rivera, Jose | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00036 | Burns Charest LLP |
| Rivera, Sandro | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00963 | Burns Charest LLP |
| Rivera, Santos | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00846 | Burns Charest LLP |
| Rivera-Lopez, Santos | District Court of the Virgin Islands, Division of St. Croix. | 1:2020-CV-00057 | Burns Charest LLP |
| Robert Phangyou | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00072 | Burns Charest LLP |
| Roberto Figueroa | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00504 | Burns Charest LLP |
| Roberts, Cuthbert F | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00949 | Burns Charest LLP |
| Roderick Gordon | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00076 | Burns Charest LLP |
| Rodney Blake | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00054 | Burns Charest LLP |
| Rodney Solomon | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00987 | Burns Charest LLP |
| Roger A Roberts | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00981 | Burns Charest LLP |
| Rollin Viotty | District Court of the Virgin Islands, Division of St. Croix. | 1:2022-CV-00024 | Burns Charest LLP |
| Romain, Andrew | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00805 | Burns Charest LLP |
| Ronald Sealey | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00979 | Burns Charest LLP |
| Rosa Xavier | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00465 | Burns Charest LLP |
| Rosa, Sonia | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00902 | Burns Charest LLP |
| Rosetta Lawrence | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00156 | Burns Charest LLP |
| Russell, Hulester | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00812 | Burns Charest LLP |
| Sadoo, Ricardo | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00817 | Burns Charest LLP |
| Sam, Reginald A. | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00815 | Burns Charest LLP |
| Samuel, Virginia | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00237 | Burns Charest LLP |
| Santiago, Bernabe Jr. | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00842 | Burns Charest LLP |
| Santiago, Luis | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00865 | Burns Charest LLP |
| Sargeant, Vincent | District Court of the Virgin Islands, Division of St. Croix. | 1:2020-CV-00068 | Burns Charest LLP |
| Sean Ian Wickham | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00807 | Burns Charest LLP |
| Seecharan, Alvan | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00862 | Burns Charest LLP |
| Sharia Durgah | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00854 | Burns Charest LLP |
| Sheralda Guadalupe | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00528 | Burns Charest LLP |
| Shirley Alibocas | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00557 | Burns Charest LLP |
| Shirley Cuffy | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00161 | Burns Charest LLP |
| Silvestre, Juan Riveras | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00820 | Burns Charest LLP |
| Simnia Eugene | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00544 | Burns Charest LLP |
| Simon, Lesroy | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00265 | Burns Charest LLP |
| Sirdrina Isaac-Joseph | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00429 | Burns Charest LLP |
| Skitter Verna Clercin | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00869 | Burns Charest LLP |
| Smith, Anthony | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00835 | Burns Charest LLP |
| Smith, James A | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00017 | Burns Charest LLP |
| Sonia Cirilo | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00739 | Burns Charest LLP |
| Sookoo, Richie | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00048 | Burns Charest LLP |

Appendix A

| Claimant Name | Jurisdiction / State Filed | Case No. / Docket No. | Plaintiff Counsel |
|---|---|---|---|
| Sophia Francis | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00116 | Burns Charest LLP |
| Soto-Nieves, Irma | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00069 | Burns Charest LLP |
| St Jean Wong, Meredith | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00057 | Burns Charest LLP |
| St Rose, Saraphine | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00073 | Burns Charest LLP |
| St. George Joseph | District Court of the Virgin Islands, Division of St. Croix. | 1:2022-CV-00032 | Burns Charest LLP |
| Stafford Browne | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00275 | Burns Charest LLP |
| Stedman Hughes | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00648 | Burns Charest LLP |
| Stephanie Granger | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00120 | Burns Charest LLP |
| Stephanie Wheeler | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00636 | Burns Charest LLP |
| Stephen Jeffers | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00298 | Burns Charest LLP |
| Stephenson, Eugene | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00931 | Burns Charest LLP |
| Subniak, Dianan | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00010 | Burns Charest LLP |
| Sydney, John | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00271 | Burns Charest LLP |
| Sykes, Eric | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00018 | Burns Charest LLP |
| Sylvester John | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00830 | Burns Charest LLP |
| Sylvia Barry | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00627 | Burns Charest LLP |
| Tabita Phangyou | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00117 | Burns Charest LLP |
| Taylor, Macdonald | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00906 | Burns Charest LLP |
| Thecla Weston | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00715 | Burns Charest LLP |
| Theodile, Ruthine | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00897 | Burns Charest LLP |
| Theodore, Roselyn | District Court of the Virgin Islands, Division of St. Croix. | 1:2021-CV-00178 | Burns Charest LLP |
| Theodule, Elizabeth | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00064 | Burns Charest LLP |
| Theresa Dariah | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00456 | Burns Charest LLP |
| Theresa Joseph | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00114 | Burns Charest LLP |
| Thomas Thomas | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00859 | Burns Charest LLP |
| Thomas, Franklyn M | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00263 | Burns Charest LLP |
| Thorpe, Charline as the personal representative of the Estate of Wilmouth A Hughes | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00932 | Burns Charest LLP |
| Titre, Cyril | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00811 | Burns Charest LLP |
| Treasure, Ferdinand | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00867 | Burns Charest LLP |
| Treasure, Melrose | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00066 | Burns Charest LLP |
| Valerie Combie | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2022-CV-00053 | Burns Charest LLP |
| Vega-Vargas, Percio | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00878 | Burns Charest LLP |
| Velazquez, Ada L | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00941 | Burns Charest LLP |
| Verdan Jagrup | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00762 | Burns Charest LLP |
| Verna Rita Richelieu | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00508 | Burns Charest LLP |
| Vernage, Matthew | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00940 | Burns Charest LLP |
| Veronica Eugene | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00550 | Burns Charest LLP |
| Veronica Rita Charles | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00558 | Burns Charest LLP |
| Victor Monrose | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00518 | Burns Charest LLP |
| Victor Ruiz Carrasquillo | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00759 | Burns Charest LLP |
| Victor, Fenton Curtis | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00014 | Burns Charest LLP |

Appendix A

| Claimant Name | Jurisdiction / State Filed | Case No. / Docket No. | Plaintiff Counsel |
|---|---|---|---|
| Victoria Woodley | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00171 | Burns Charest LLP |
| Vigilant, Timothy | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00056 | Burns Charest LLP |
| Virginia Melius-Michaud | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00425 | Burns Charest LLP |
| Virginia St Rose | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00133 | Burns Charest LLP |
| Viviane Charles Mondesir | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00118 | Burns Charest LLP |
| Wallace, Elton | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00950 | Burns Charest LLP |
| Walters, Shawn | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00019 | Burns Charest LLP |
| Waltrude Hippolyte | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00722 | Burns Charest LLP |
| Wendy Green | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00832 | Burns Charest LLP |
| Wheeler, Joseph C | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00262 | Burns Charest LLP |
| White, Clyde | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00035 | Burns Charest LLP |
| William, Augustine | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00040 | Burns Charest LLP |
| Williams, Anderson Leroy | District Court of the Virgin Islands, Division of St. Croix | 1:2020-CV-00104 | Burns Charest LLP |
| Williams, Carol G. | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00836 | Burns Charest LLP |
| Williams, Lennard | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00959 | Burns Charest LLP |
| Williams, Merle | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00062 | Burns Charest LLP |
| Williams, Spencer | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00024 | Burns Charest LLP |
| Williams, Vincent | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00818 | Burns Charest LLP |
| Wilson, Alfred | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00261 | Burns Charest LLP |
| Wiltshire, Christina | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00890 | Burns Charest LLP |
| Winifred Jonas | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00541 | Burns Charest LLP |
| Winifred President | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00136 | Burns Charest LLP |
| Woods, Benjamin | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00875 | Burns Charest LLP |
| Wranda Dariah | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00834 | Burns Charest LLP |
| Xiomara Hernandez-Aquino | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00121 | Burns Charest LLP |
| Yolanda Henry | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00135 | Burns Charest LLP |
| Younge, Everette | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00810 | Burns Charest LLP |
| Younge, Grantley A | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2020-CV-00877 | Burns Charest LLP |
| Yvette Ballantine-Phillips | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00719 | Burns Charest LLP |
| Yvie Poleon | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00159 | Burns Charest LLP |
| Zenia Raymond | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00539 | Burns Charest LLP |
| Zulaika Ahamad | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2021-CV-00545 | Burns Charest LLP |
| Carmela Susino on her own behalf and on behalf of the Estate of Decedent, Luciano Susino and his beneficiaries | District Court of the Virgin Islands, Division of St. Thomas | 3:2021-cv-00038 | Law Office of Ryan W. Greene |
| MARINA STANISLAS on her own behalf and on behalf of the estate of DECEDENT KELVIN STANISLAS and all other statutory beneficiaries of DECEDENT KELVIN STANISLAS, | Superior Court of the Virgin Islands, Division of St. Thomas and St. John | ST-2021-CV-00042 | Law Office of Ryan W. Greene |
| Abbott v. HOVENSA and HOVIC | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2010-CV-00270 | Lee J. Rohn and Associates, LLC |
| Amadee, Apaul v. HOVIC | Superior Court of the Virgin Islands, Division of St. Croix. | 212/1998 | Lee J. Rohn and Associates, LLC |
| Julien St. Rose et al. v. VI Industrial Maintenance, Jacobs Industrial Maintenance, HOVENSA, HOVIC and Hess | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2002-CV-00598 | Lee J. Rohn and Associates, LLC |
| Pagan v. Hess et al. | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2005-CV-00740 | Lee J. Rohn and Associates, LLC |
| Jose M. Rivera | In the Circuit Court Third  Judicial Circuit Madison County, Illinois | No.: 2021-L-00094 | Maune Raichle Hartley French & Mudd, LLC |
| Bruce Torgerson | Supreme Court of The State of New York, County of New York | 190051/2019 | Meirowitz & Wasserberg, LLP |

**Appendix A**

| Claimant Name | Jurisdiction / State Filed | Case No. / Docket No. | Plaintiff Counsel |
|---|---|---|---|
| Estate of Thomas Lannaghan | Supreme Court of The State of New York, County of New York | 190166/2014 | The Early Law Firm, LLC |
| Darren Delozier | In the Circuit Court Twentieth Judicial Circuit St. Clair County, Illinois | No.: 2020-L-00095 | The Gori Law Firm, P.C. |
| Estate of Benjamin Freemen | In the Circuit Court Third Judicial Circuit Madison County, Illinois | No.: 2019-L-00307 | The Gori Law Firm, P.C. |
| Estate. of Patricia Stewart | In the Circuit Court Twentieth Judicial Circuit St. Clair County, Illinois | No.: 2020-L-00065 | The Gori Law Firm, P.C. |
| Adolphus Gordon | Superior Court of the Virgin Islands, Division of St. Croix. | SX-1998-cv-00423 | Thomas Alkon P.C. |
| Alexander Gumbs | District Court of the Virgin Islands, Division of St. Croix. | 1:04-cv-00103-RLF-GWC | Thomas Alkon P.C. |
| Enno Lansiquot | Superior Court of the Virgin Islands, Division of St. Croix. | SX-2097-CV-00431 | Thomas Alkon P.C. |