**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| HONX, INC.,[1] | ) ) ) | Case No. 22-90035 (MI) |
| Debtor. | ) ) ) | (Emergency Hearing Requested) |

**DEBTOR'S EMERGENCY MOTION FOR ENTRY
OF AN ORDER (I) AUTHORIZING THE DEBTOR TO FILE
A LIST OF THE TOP LAW FIRMS REPRESENTING THE LARGEST
NUMBERS OF ASBESTOS PLAINTIFFS ASSERTING CLAIMS AGAINST
THE DEBTOR IN LIEU OF THE LIST OF THE TWENTY LARGEST UNSECURED
CREDITORS, (II) AUTHORIZING THE LISTING OF ADDRESSES OF COUNSEL FOR
ASBESTOS CLAIMANTS IN CREDITOR MATRIX IN ADDITION TO THE ASBESTOS
CLAIMANTS' ADDRESSES, (III) AUTHORIZING THE DEBTOR TO REDACT
PERSONALLY IDENTIFIABLE INFORMATION, (IV) APPROVING CERTAIN
NOTICE PROCEDURES FOR ASBESTOS CLAIMANTS, (V) APPROVING THE
FORM AND MANNER OF NOTICE OF THE COMMENCEMENT
OF THIS CHAPTER 11 CASE, AND (VI) GRANTING RELATED RELIEF**

> Emergency relief has been requested.  Relief is requested not later than May 2, 2022.
>
> If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.
>
> A hearing will be conducted on this matter on May 2, 2022 at 8:00 a.m. (prevailing Central time).
>
> Participation at the hearing will only be permitted by an audio and video connection.
>
> Audio communication will be by use of the Court's dial-in facility.  You may access the facility at 832-917-1510.  Once connected, you will be asked to enter the conference room number.  Judge Isgur's conference room number is 954544.  Video communication will be by use of the GoToMeeting platform.  Connect via the free GoToMeeting application or click the link on Judge Isgur's home page.  The meeting code is "JudgeIsgur."  Click the settings icon in the upper right corner and enter your name under the personal information setting.
>
> Hearing appearances must be made electronically in advance of both electronic and in-person hearings.  To make your appearance, click the "Electronic Appearance" link on Judge Isgur's home page.  Select the case name, complete the required fields and click "Submit" to complete your appearance.

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is HONX, Inc. (2163).  The location of the Debtor's service address in this chapter 11 case is:  1501 McKinney Street, Houston, TX 77010.

The above-captioned debtor and debtor in possession (the "Debtor") states as follows in support of this motion:

### Requested Relief

1. By this motion, the Debtor seeks entry of an order, substantially in the form attached hereto (the "Order"): (a) authorizing the Debtor to file a list consisting of the top law firms representing the largest numbers of asbestos plaintiffs asserting claims against the Debtor (the "Top Asbestos Counsel List") in lieu of the list of the twenty largest unsecured creditors pursuant to Bankruptcy Rule (as defined below) 1007(d) (the "Top Twenty List"); (b) authorizing the listing of addresses of counsel for the asbestos claimants in the Creditor Matrix (as defined below) in addition to the asbestos claimants' addresses; (c) authorizing the Debtor to redact certain personally identifiable information; (d) approving certain notice procedures for the asbestos claimants; (e) approving the form and manner of the Notice of Commencement (as defined below) of this chapter 11 case and the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code (as defined below); and (f) granting related relief.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtor confirms its consent to the entry of a final order.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 107(c), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 1007, 2002, and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

2

rule 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Background

5.  The Debtor is a wholly owned subsidiary of Hess Corporation ("Hess"), a global energy company, and the corporate successor of Hess Oil Virgin Islands Corporation ("HOVIC"). The Debtor constructed, owned, and operated an oil refinery in St. Croix, U.S. Virgin Islands (the "Refinery") from the beginning of its creation in 1965 until 1998. In 1998, the Debtor entered a joint venture with the national oil company of Venezuela, Petróleos de Venezuela, S.A., in which each held 50% ownership in a company called HOVENSA L.L.C. ("HOVENSA"). HOVENSA acquired the Refinery through the joint venture transaction and operated the Refinery from October 1998 until February 2012. From February 2012 through March 2015, HOVENSA operated the Refinery as an oil storage and distribution center until the Refinery was ultimately shut down. The Debtor is a non-operating entity without any employees whose primary activity is defending against asbestos and other litigation related to its prior ownership and operation of the Refinery.

6.  The first asbestos claim was filed in 1987 against HOVIC and, since that time, more than 1,500 plaintiffs have filed suit against HOVIC, Hess, and/or the Debtor as HOVIC's successor in interest. The Debtor is currently facing approximately 580 asbestos and toxic tort claims in the Superior Court of the Virgin Islands, and could face an additional 500, or more, claims in the next several years based on discussions with current plaintiffs' counsel. The Debtor anticipates that, absent the filing of this chapter 11 case, litigation of asbestos related claims could consume an enormous amount of its and Hess's time and resources for decades to come.

7.  On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and

circumstances giving rise to the Debtor's chapter 11 case and in support of this motion is set forth in the *Declaration of Todd R. Snyder, Chief Administrative Officer of HONX, Inc., in Support of Chapter 11 Petition and First Day Motions* (the "First Day Declaration"),[2] filed contemporaneously with this motion and incorporated by reference herein. The Debtor is operating its business and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## Basis for Relief

I. **A Top Twenty List Consisting of the Top Asbestos Counsel List is the Best Option for this Case.**

8. Pursuant to Bankruptcy Rule 1007(d), "a debtor in a voluntary chapter 11 reorganization case shall file with the petition a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders, as prescribed by the appropriate Official Form." Bankruptcy Rule 1007(d) (such list, the Top Twenty List). The Top Twenty List is primarily used by the Office of the United States Trustee, including the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), to identify potential candidates to serve on an official committee of unsecured creditors in accordance with section 1102 of the Bankruptcy Code. The Debtor anticipates that, at the inception of this case, the U.S. Trustee will appoint an official committee of asbestos personal injury claimants (an "Asbestos Claims Committee"), in lieu of an official committee of unsecured creditors, that consists of individuals that are representative of the Debtor's overall pool of asbestos personal injury claimants or law firms that represent the largest number of asbestos plaintiffs asserting claims against the Debtor—most notably, Burns Charest LLP ("Burns Charest"), which represents

---

[2] Capitalized terms used but not otherwise defined in this motion have the meanings ascribed to them in the First Day Declaration.

4

approximately 568 of the 574 known plaintiffs alleging asbestos related claims against the Debtor. For the reasons stated herein, the Debtor believes that it is in the best interests of the estate and its creditors, and that it will be most helpful to the U.S. Trustee, to produce a Top Asbestos Counsel List instead of a Top Twenty List.

9. As detailed more fully in the First Day Declaration, as of the Petition Date, the overwhelming majority of claims against the Debtor in this chapter 11 case originate from approximately 580 lawsuits alleging exposure to asbestos-containing compounds and products and/or toxic tort claims from the Debtor's prior ownership of an oil refinery in St. Croix in the U.S. Virgin Islands (the "Asbestos Lawsuits"). Nearly all of the Debtor's known contingent creditors are claimants in the Asbestos Lawsuits, and the only other known unsecured claims against the Debtor consist of intercompany claims with Hess and its affiliates. Because virtually all of the claimants in the Asbestos Lawsuits hold unliquidated claims against the Debtor, it is impossible for the Debtor to determine, for purposes of filing the Top Twenty List pursuant to Bankruptcy Rule 1007(d), which asbestos claimants hold the "largest" unsecured claims in this chapter 11 case.[3]

10. The Debtor believes that filing a Top Asbestos Counsel List in lieu of a Top Twenty List will also allow the Debtor to provide the most accurate disclosure of information required by Bankruptcy Rule 1007(d) in light of the limitations of the known information regarding the individual asbestos claimants, as well as the absence of non-asbestos related unsecured claims in this chapter 11 case.

---

[3] Moreover, asbestos plaintiffs themselves rarely assert a damages amount in their complaints.

**II.    In Addition to Listing the Addresses of Asbestos Claimants in the Creditor Matrix, the Debtor Should be Authorized to Also List the Addresses of Their Counsel of Record.**

11. Bankruptcy Rule 1007(a) requires a debtor to file with the petition for relief a list containing the name and address of each creditor (the "Creditor Matrix").  *See* Bankruptcy Rule 1007(a).  As noted above, the Debtor is a defendant in hundreds of asbestos-related lawsuits, and nearly all of its known contingent creditors are asbestos claimants.  As it currently stands, the Debtor possesses only a few of the addresses of the asbestos claimants in this chapter 11 case.  Furthermore, the majority of the addresses of the asbestos claimants are not available to the Debtor.  On the other hand, there are twelve plaintiffs' firms representing the claimants in the Asbestos Lawsuits, and as noted above, Burns Charest, is counsel to 568 of such claimants in the Asbestos Lawsuits.  Because these plaintiffs' firms will have appropriate knowledge of their clients' current addresses, the Debtor believes that these firms are well positioned to receive communications on behalf of the asbestos claimants to the extent that the Debtor does not possess such claimant's address.  Accordingly, the Debtor requests authorization to list the address of counsel to each asbestos claimant in addition to their personal address, to the extent known.  The Debtor is continuing to try and find the addresses of each claimant and will update the Creditor Matrix as it is able to get more information.

12. The individual plaintiff information in the claims database—maintained for the Debtor by Legal Tracker by Thomson Reuters—is, in many cases, incomplete or obsolete, and supplemental information cannot be obtained in an efficient or complete manner.  Moreover, even where the Debtor does have a record of a claimant's address, it is likely that such address was obtained from an original complaint and has not been updated or confirmed in years.  Fifteen years have passed since certain of the Asbestos Lawsuits were filed.  Gathering all of the updated addresses for individual claimants now would require an extensive review of the files maintained

by the Debtor's various past and present asbestos litigation counsel across the country, and such review would yield incomplete and potentially inaccurate results at best. And while the Debtor intends to list the addresses of claimants to the extent they are known, the Debtor believes that the actual notice that claimants will receive via their counsel pursuant to the Asbestos Claimant Notice Procedures (as defined below) will be superior to the notice that such claimants would receive if the Debtor were to attempt to deliver notices and other communications directly to the claimants.

13.     The Debtor also believes that listing and using the addresses of counsel of record for asbestos claimants will ease the burden on both the claimants and the Debtor. Such claimants may be unfamiliar with the types of notices and pleadings that will be served in this chapter 11 case or any required actions in response to such communications. In addition, listing counsel of record for each asbestos claimant will dramatically ease the administrative burden on the Debtor of attempting to obtain verified information and of sending notices to hundreds of personal injury claimants, resulting in more cost-effective notice procedures. At this critical juncture in the Debtor's chapter 11 case, accuracy and administrative efficiency are key. Therefore, the Debtor believes that listing both the addresses of the asbestos claimants and the addresses of the law firms representing such claimants is in the best interests of the Debtor's estate and its creditors.

### III.    To the Extent Applicable, Redaction of Certain Confidential Information of Individuals Listed on the Creditor Matrix is Warranted.

14.     Section 107(c) of the Bankruptcy Code provides that the Court:

> for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].

> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

15. It is appropriate to authorize the Debtor to redact from any paper filed or to be filed with the Court or otherwise made publicly available upon request in this chapter 11 case, including the Creditor Matrix and Schedules and Statements,[4] the home addresses of individual creditors—including the asbestos claimants—because such information can be used to perpetrate identity theft and phishing scams, or to locate survivors of domestic violence, harassment, or stalking under section 107(c)(1) of the Bankruptcy Code, thereby exposing the Debtor to potential civil liability and significant financial penalties. The risk in relation to section 107(c)(1) is not merely speculative. In at least one recent chapter 11 case, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again.[5]

16. The Debtor proposes to provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to the proposed order to (a) the Court, the U.S. Trustee, counsel to any official committee appointed in this chapter 11 case, and (b) any party in interest upon a request to the Debtor (email is sufficient) or to the Court that is reasonably related to this chapter 11 case. In each case, this would be subject to a review of

---

[4] As defined in the *Debtor's Emergency Motion For Entry of an Order (I) Extending Time to File (A) Schedules of Assets and Liabilities, (B) Schedules of Current Income and Expenditures, (C) Schedules of Executory Contracts and Unexpired Leases, (D) Statements of Financial Affairs, and (II) Granting Related Relief* filed contemporaneously herewith.

[5] The incident, which took place during the first Charming Charlie chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019).

whether such disclosure, on a case-by-case basis, would violate any obligation under any privacy or data protection law or regulation. The Debtor shall inform the U.S. Trustee promptly after denying any request for an unredacted document. Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by the Order, once entered.

17. Absent such relief, the Debtor (a) would unnecessarily render individuals more susceptible to identity theft and (b) could jeopardize the safety of any asbestos claimants in this chapter 11 case who, unbeknownst to the Debtor, are survivors of domestic violence, harassment, or stalking by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

**IV.     The Asbestos Claimant Notice Procedures are Appropriate and Should Be Approved.**

18. Pursuant to section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a). In addition, the Court may "enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by [the Bankruptcy Rules]." Bankruptcy Rule 2002(m).

19. The Supreme Court has stated that, in general, due process requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Courts have further held that a debtor in a chapter 11 reorganization case may fulfill the requirements of due process by providing notice to the counsel of record for a claimant who is engaged in litigation with the debtor. *See*, *e.g.*, *Maldonado v. Ramirez*, 757 F.2d 48, 51 (3d Cir. 1985) (acknowledging that providing notice to a claimant's acting pre-bankruptcy counsel is sufficient to satisfy the requirements of due process);

9

*Linder v. Trump's Castle Assoc.*, 155 B.R. 102, 108 (D.N.J. 1993) (holding that, because notice was given to the attorney representing the creditor in its claim against the debtor, notice could be imputed to the creditor); *In re WorldCom*, No. 02-13533 (AJG), 2005 WL 3875192, at *3 (Bankr. S.D.N.Y. Oct. 25, 2005) (holding that notice to a creditor's attorney is binding on that creditor where the attorney was retained in a state court matter with sufficient knowledge of and nexus to the bankruptcy case).

20. Throughout this chapter 11 case, the Debtor will be required to send certain notices, mailings, and other communications to the asbestos claimants that have asserted claims against the Debtor. To ensure that all of the asbestos claimants receive proper and timely notice of all relevant filings and critical events related to this chapter 11 case, the Debtor intends to publish the Notice of Commencement (as defined herein) in *The Virgin Islands Daily News* and *The New York Times National Edition* (the "Publication Notice") as soon as practicably possible after the Notice of Commencement is approved. The Debtor will also serve the Notice of Commencement on all parties listed on the Creditor Matrix. In addition, through Stretto, Inc., the Debtor's proposed noticing, claims, and balloting agent (the "Claims and Noticing Agent"), the Debtor seeks to implement a notice procedure by which the Debtor's Claims and Noticing Agent will send required notices, mailings, and other communications to both the counsel of record for the asbestos claimants as well as directly to the claimants whose addresses are known to the Debtor (together with the Publication Notice, the "Asbestos Claimant Notice Procedures"). Specifically, with the assistance of the Claims and Noticing Agent, the Debtor will provide notices, mailings, and other communications required to be served on asbestos claimants either directly to such claimants or to

10

the respective counsel of record for such claimants in the manner required pursuant to any other applicable noticing procedures in effect in this chapter 11 case.[6]

21.     Because the counsel of record for the asbestos claimants will have more complete and accurate contact information for its clients, relevant case law and the facts and circumstances of this chapter 11 case support the implementation of the Asbestos Claimant Notice Procedures set forth herein to ensure that the claimants who have asserted asbestos claims against the Debtor receive proper and timely notice of filings and critical events in this chapter 11 case. The Debtor believes that such relief is necessary to facilitate and improve the administration of this chapter 11 case and provide meaningful notice to and satisfy due process with regards to holders of asbestos claims.

22.     The provision of notices to asbestos claimants through their counsel is a standard practice in asbestos related chapter 11 cases. Courts in various jurisdictions have granted similar relief in other asbestos related chapter 11 cases where the debtor was a defendant in numerous personal injury lawsuits. *See*, *e.g.*, *In re LTL Management LLC*, No. 21-30589 (JCW) (Bankr. W.D.N.C. Oct. 14, 2021) (approving the asbestos claimant notice procedures through the asbestos claimants' counsel of record); *In re Maremont Corporation*, No. 19-10118 (KJC) (Bankr. D. Del. Jan. 23, 2019) (same); *In re Garlock Sealing Techs., LLC*, No. 17-00275 (GCM), 2017 WL 2539412, at *15 (W.D.N.C. June 12, 2017) (finding that all asbestos claimants had been afforded

---

[6]  Pursuant to Bankruptcy Rule 9014(b), service of pleadings in a contested matter is to be accomplished in the manner provided for by Bankruptcy Rule 7004. Pursuant to Bankruptcy Rule 7004(b)(8), "in addition to the methods authorized by Rule 4(e) . . . service may be made within the United States by first class mail postage prepaid" upon "any defendant . . . [by mailing] a copy of the summons and complaint . . . to an agent of such defendant authorized by appointment or by law to receive service of process . . . ." Bankruptcy Rule 7004(b)(8). Rule 4(e)(2)(C) of the Federal Rules of Civil Procedure states that "an individual . . . may be served in a judicial district of the United States by . . . delivering a copy of [a summons and complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(C). Accordingly, the Debtor respectfully submits that the procedures described herein are consistent with such rules and reasonably calculated to apprise asbestos claimants of any notices, mailings, pleadings, and communications in a contested matter.

11

due process when debtors provided notice of their proposed plan of reorganization and the confirmation hearing to asbestos claimants' attorneys, rather than to asbestos claimants); *In re Yarway Corp.*, No. 13-11025 (BLS) (Bankr. D. Del. Apr. 25, 2013) (authorizing the debtor to send notices and mailings regarding the bankruptcy case to counsel of record for personal injury claimants in lieu of sending communications to such individual claimants); *In re Rapid-Am, Corp.*, No. 13-10687 (Bankr. S.D.N.Y. Mar. 13, 2013) (same).

V. **The Notice of Commencement Should Be Approved and Service Should be Authorized.**

23. Bankruptcy Rule 2002(a)(1) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of: (1) the meeting of creditors under § 341 or § 1104(b) of the [Bankruptcy] Code." Bankruptcy Rule 2002(a)(1). Subsection (f)(1) provides that notice of the order for relief shall be sent by mail to all creditors. *See* Bankruptcy Rule 2002(f)(1).

24. The Debtor seeks (a) approval of the notice of commencement of this chapter 11 case, substantially in the form attached as <u>Exhibit 1</u> to the Order (the "<u>Notice of Commencement</u>"), (b) authority to serve the Notice of Commencement, through the Claims and Noticing Agent, on all parties listed on the Creditor Matrix to advise them of the meeting of creditors under section 341 of the Bankruptcy Code, and (c) to file the Publication Notice. Service of the Notice of Commencement on the parties and their counsel listed on the Creditor Matrix will not only avoid confusion among creditors, but will prevent the Debtor's estate from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtor's complex and atypical Creditor Matrix. Accordingly, the Debtor submits that approval and service of the Notice of Commencement is warranted.

**Emergency Consideration**

25. The Debtor requests emergency consideration of this motion pursuant to Bankruptcy Local Rule 6003, which empowers a court to grant relief within the first twenty-one days after the commencement of a chapter 11 case when that relief is necessary to avoid immediate harm to the estate. This motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than twenty-one days after the Petition Date. The relief will save costs and avoid undue administrative burden and confusion only if granted immediately. Accordingly, the Debtor requests that the Court approve the relief requested in this motion on an emergency basis.

**Notice**

26. The Debtor will provide notice of this motion to: (a) the U.S. Trustee; (b) the Top Asbestos Counsel List; (c) counsel to Hess Corporation, Haynes and Boone, LLP, Attn: Charles A. Beckham, Jr. (1221 McKinney Street, Suite 4000, Houston, Texas 77010) and Martha Wyrick (2323 Victory Avenue, Suite 700, Dallas, Texas 75219); (d) Burns Charest LLP, as counsel in the majority of pending asbestos cases, 900 Jackson Street, Suite 500, Dallas, Texas 75202, Attn: Warren Burns; (e) the United States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the United States Environmental Protection Agency; (i) the office of the attorney general in the states where the Debtor conducts its business operations; (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

The Debtor requests entry of the Order, granting the relief requested herein and granting such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
April 28, 2022

/s/  Matthew D. Cavenaugh

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
Veronica A. Polnick (TX Bar No. 24079148)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:   (713) 752-4200
Facsimile:   (713) 752-4221
Email:       mcavenaugh@jw.com
Email:       jwertz@jw.com
Email:       vpolnick@jw.com

*Proposed Co-Counsel to the Debtor*
*and Debtor in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Christopher T. Greco, P.C. (*pro hac vice* pending)
Matthew C. Fagen (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:       christopher.greco@kirkland.com
             matthew.fagen@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Jaimie Fedell (TX Bar No. 24093423) (*pro hac vice* pending)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:       jaimie.fedell@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Michael F. Williams, P.C. (*pro hac vice* pending)
Daniel T. Donovan, P.C. (*pro hac vice* pending)
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone:  (202) 389-5000
Facsimile:  (202) 389-5200
Email:       michael.williams@kirkland.com
             daniel.donovan@kirkland.com

*Proposed Co-Counsel to the Debtor*
*and Debtor in Possession*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

/s/ *Matthew D. Cavenaugh*
Matthew D. Cavenaugh

**Certificate of Service**

I certify that on April 28, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Matthew D. Cavenaugh*
Matthew D. Cavenaugh