IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| HONX, INC.,[1] | ) ) ) | Case No. 22-90035 (MI) |
| Debtor. | ) ) ) ) | Re: Docket No. __ |

**FINAL ORDER (I) AUTHORIZING THE
DEBTOR TO (A) CONTINUE TO OPERATE ITS CASH
MANAGEMENT SYSTEM, (B) CONTINUE USE OF ITS BANK
ACCOUNT, AND (C) CONTINUE TO PERFORM INTERCOMPANY
TRANSACTIONS, (II) AUTHORIZING THE DEBTOR'S BANK TO CHARGE
CERTAIN FEES AND OTHER AMOUNTS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of a final order (this "Final Order"), (a) approving the Debtor's continued use of its existing Bank Account, including honoring certain prepetition obligations related thereto (but excluding Bank Fees); (b) authorizing, but not directing, any bank of the Debtor to honor certain transfers, provided that sufficient funds are available in the applicable accounts to cover such transfers, and charge Bank Fees; all as more fully set forth in the Motion and upon the First Day Declaration; and (c) granting related relief; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is HONX, Inc. (2163). The location of the Debtor's service address in this chapter 11 case is: 1501 McKinney Street, Houston, Texas, 77010.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Debtor is authorized to continue operating its Bank Account within the Hess Cash Management System, honor its prepetition obligations related thereto, and continue Intercompany Transactions in the ordinary course of business consistent with historical practices and the Funding Agreement; *provided* that the Debtor is not authorized to cash settle Intercompany Transactions pursuant to this Final Order.

2. The Debtor is authorized to: (a) continue to use, with the same account number, the Bank Account in existence as of the Petition Date; (b) treat the Bank Account for all purposes as the account of the Debtor as a debtor in possession; (c) deposit funds in and withdraw funds from the Bank Account by all usual means, including checks, wire transfers, and other debits; and (d) to otherwise perform its obligations under the documents governing the Bank Account (which, for the avoidance of doubt, includes the Funding Agreement).

3. The Debtor is authorized to deposit into and hold the Bank Account in accordance with its prepetition deposit practices, and a waiver of the requirements of the requirements of the U.S. Trustee Guidelines requiring the opening of separate debtor in possession accounts is granted.

4. The Cash Management Bank is authorized to continue to maintain, service, and administer the Bank Account as an account of the Debtor as a debtor in possession, without interruption, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, and ACH transfers issued and drawn on the Bank Account after the Petition Date by the holders or makers thereof, as the case may be. The Debtor and the Cash Management Bank may, without further order of this Court, agree to and implement changes to the Cash Management System and procedures related thereto postpetition, including the closing of bank accounts or the opening of new bank accounts, and enter into any ancillary agreements related to the foregoing as they may deem necessary and appropriate. The Debtor is authorized to open new bank accounts so long as any such new account is either with the Debtor's existing Cash Management Bank or with a bank that (a) is insured with the FDIC or the FSLIC, (b) is designated as an authorized depository by the U.S. Trustee pursuant to the *Region 7 Guidelines for Debtors-in-Possession*, and (c) agrees to be bound by the terms of this Final Order.

5. The relief granted in this Final Order is extended to any new bank account opened by the Debtor after the date hereof, which account shall be deemed a Bank Account, and to the bank at which such account is opened, which bank shall be deemed a Cash Management Bank.

6. The Debtor is authorized to promptly place stop payments on any unauthorized prepetition checks or ACH payments that should not be honored by the Cash Management Bank. The Cash Management Bank, once provided with notice of this Final Order, shall not honor or pay any bank payments drawn on the Bank Account or otherwise issued before the Petition Date (if any) for which the Debtor specifically issues a stop payment order in accordance with the documents governing such Bank Account.

7.     The Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or funds transfer requests that are dishonored as a consequence of this chapter 11 case.

8.     Subject to the terms set forth herein, any bank, including a Cash Management Bank, may rely upon the representations of the Debtor with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtor prior to the Petition Date (if any) should be honored pursuant to any order of this Court, and no bank that honors a prepetition check or other item drawn on any account that is the subject of this Final Order (a) at the direction of the Debtor or (b) in a good faith belief that this Court has authorized such prepetition check or item to be honored shall be deemed to be, nor shall be liable to the Debtor or its estate on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Final Order.

9.     Notwithstanding anything to the contrary in any other order of this Court, any banks, including the Cash Management Bank, are (a) authorized and directed to honor the Debtor's directions with respect to the opening and closing of any bank account and accept and hold, or invest, the Debtor's funds in accordance with the Debtor's instructions, (b) authorized and directed to accept and honor all representations from the Debtor as to which checks, drafts, wires, or ACH transfers should be honored or dishonored, consistent with any order of this Court and governing law, whether such checks, drafts, wires, or ACH transfers are dated prior to, on, or subsequent to the Petition Date, and (c) have no duty to independently inquire as to whether such payments are authorized by an order of this Court; *provided* that the Cash Management Bank shall not have any liability to any party for relying on such representations.

10. The Debtor is authorized to coordinate with the Cash Management Bank to implement reasonable handling procedures designed to effectuate the terms of this Final Order. No Cash Management Bank that implements such handling procedures and then honors a prepetition check or other item drawn on any Bank Account that is the subject of this Final Order either (a) in good faith belief that the Court has authorized such prepetition check or item to be honored or (b) as a result of an innocent mistake made despite implementation of such handling procedures, shall be deemed to be liable to the Debtor or its estate otherwise in violation of this Final Order.

11. The Debtor is authorized to continue Intercompany Transactions arising from or related to its operations on a postpetition basis. In connection with the Intercompany Transactions, the Debtor shall continue to maintain current records with respect to all transfers of cash so that all Intercompany Transactions may be readily ascertained, traced, and properly recorded on intercompany accounts, *provided* that such records shall distinguish between prepetition and postpetition transactions. For the avoidance of doubt, the relief granted in this Final Order with respect to the postpetition Intercompany Transactions and the Intercompany Claims resulting therefrom shall not constitute a finding as to the validity, priority, or status of any prepetition Intercompany Claim or any Intercompany Transaction from which such Intercompany Claim may have arisen, and the Debtor expressly reserves any and all rights with regard to the validity, priority, or status of any prepetition Intercompany Claim or any Intercompany Transaction from which such Intercompany Claim may have arisen. The Debtor also expressly reserves any and all rights to contest the validity, priority, or status of any prepetition Intercompany Claim or any Intercompany Transaction from which such Intercompany Claim may have arisen is expressly reserved.

12. Nothing contained in the Motion or this Final Order shall be construed to alter or impair any security interest or perfection thereof, in favor of any person or entity that existed as of the Petition Date or that arises after the Petition Date.

13. The banks and financial institutions on which checks were drawn or electronic fund transfer requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic fund transfer requests when presented for payment, and all such banks and financial institutions are authorized and directed to rely on the Debtor's designation of any particular check or electronic fund transfer requests as approved by this Final Order.

14. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any particular claim against the Debtor under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtor's or other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of any claims, causes of action or other rights of the Debtor or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; or (g) an admission as to the validity, priority, enforceability or perfection of any lien on (contractual, common law, statutory, or otherwise), security interest in, or other encumbrance on property of the Debtor's estate, and the Debtor expressly reserves its

rights to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtor's rights to subsequently dispute such claim.

15. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

17. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

18. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Houston, Texas
Dated: _____, 2022

_____
UNITED STATES BANKRUPTCY JUDGE