IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| HONX, INC.,[1] | ) ) ) | Case No. 22-90035 (MI) |
| Debtor. | ) ) ) |  |

**NOTICE OF PROPOSED FORM OF ORDER AND
OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT
TO APPOINTMENT OF INDEPENDENT MEDICAL EXAMINER**

1. Kadar Mohansingh, individually, and those claimants listed as clients of Burns Charest LLP (collectively, the BC Litigants") hereby file their *Notice of Proposed Form of Order and Objection and Reservation of Rights with Respect to Appointment of Independent Medical Examiner* (the "Objection"). In support thereof, the BC Litigants respectfully request as follows:

**BACKGROUND**

2. On April 28, 2022, the above-captioned debtor and debtor in possession (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. On the same day that it filed its bankruptcy case (the "Bankruptcy Case"), the Debtor also commenced an adversary proceeding in this Court (the "Adversary Proceeding"),[2] in which the Debtor sought to extend the automatic stay and/or obtain injunctive relief to prevent the BC Litigants from pursuing claims related to exposure to asbestos and/or other toxic torts resulting

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is HONX, Inc. (2163). The location of the Debtor's service address in this chapter 11 case is: 1501 McKinney Street, Houston, Texas, 77010.

[2] The adversary proceeding is styled *HONX, Inc. v. Those Parties Listed in Appendix A to Complaint and John and Jane Does 1-1000*, Adv. No. 22-03129.

1

13394484

from a refinery in St. Croix, United States Virgin Islands against Hess Corporation ("Hess"), the parent of the Debtor.

3. On April 29, 2022, the Court held a hearing (the "TRO Hearing") on the Debtor's application to extend the automatic stay and/or obtain injunctive relief to prevent the BC Litigants from pursuing claims related to exposure to asbestos and/or other toxic torts resulting from a refinery in St. Croix, United States Virgin Islands against Hess.

4. At the TRO Hearing, the Court *sua sponte* introduced the concept of initiating process to appoint an independent medical examiner (an "IME") and, thereafter, issued a minute entry in the Adversary Proceeding docket (the "IME Order") as follows:

> The Court orders that the plaintiffs will name 10 people for an IME exam, the defendants will name 10 people for an IME exam, and 30 people will be selected randomly as agreed by the parties for an IME exam. Parties to agree on the medical expert who is completely independent for the exam. Parties to file an agreed order on the Hess funding and the IME examination not later than 5/3/22. If parties can't agree, parties to file a notice and each side file a proposed form of order.

5. On May 2, 2022, the United States Trustee's Office for the Southern District of Texas (the "U.S. Trustee") indicated that it intended to form an unsecured creditors' committee (the "Committee") that would, at minimum, include tort claimants.

6. As of May 3, 2022, no Committee has been appointed.

**OBJECTION**

7. The BC Litigants object to the immediate appointment of an independent medical examiner (the "IME") in the bankruptcy case (the "Bankruptcy Case") of the above-captioned debtor (the "Debtor") on the following grounds.

8. The BC Litigants object to appointment of an IME as premature at this time. The U.S. Trustee indicated less than 24 hours ago that it intended to promptly form a Committee, and

as of the time of the filing of this Objection, no Committee has been formed. Without the Committee in place, the rights of the BC Litigants and other similarly situated plaintiffs cannot be effectively represented in the Bankruptcy Case. The Court should therefore defer further consideration of the appointment of an IME and appropriate form of Order until a Committee has been formed and the Committee has had an opportunity to retain counsel that can weigh in on the IME considerations.

9. The BC Litigants further object to the Debtor's proposed form of order (the "Debtor's Order").[3] Following a review of the Debtor's Order, the BC Litigants expressed their concerns about it in discussions with the Debtor's counsel on May 3, 2022. These concerns, which are substantive in nature, required additional consideration by the BC Litigants and their counsel, and should be raised with any Committee. Similarly, under Federal Rule of Civil Procedure 35, as made applicable to contested matters via Federal Rules of Bankruptcy Procedure 7035 and 9014, the order to which the parties are responding was not made "on motion for good cause" or with "notice to all parties and the person[s] to be examined." *See* FED. R. CIV. P. 35(a)(2)(A); FED. R. BANKR. P. 7035, 9014. Nor were "the parties [afforded an opportunity] to show cause why expert witnesses should not be appointed" consistent with Federal Rule of Evidence 706(a). *See* FED. R. EVID. 706(a).

10. In lieu of the Debtor's Order, the BC Litigants submit the attached *Order Setting Deadlines with Respect to (A) The Submission of Asbestos Claimant Candidates for Examination by an Independent Medical Examiner and (B) the Proposal for an Independent Medical Examiner to Conduct Such Examination*, wherein it requests the following relief related to the appointment of the Committee and the IME, respectively:

---

[3] The Debtor's Order has not yet been filed, but the BC Litigants have reviewed drafts of the Debtor's Order and believe the version ultimately filed with the Court will remain substantively unchanged.

3

13394484

    a. If and when the U.S. Trustee appoints a Committee, the Committee shall have 14 days from formation (or after any objections to formation, if any, are resolved) to obtain counsel and advisors, as appropriate; and

    b. After the Committee obtains counsel and advisors, as appropriate, the Committee shall, within 14 days, state any objections to the IME Order, which will be resolved by hearing before the Court.

## RESERVATION OF RIGHTS

11. Finally, the BC Litigants reserve the right to revise or amend, modify, or supplement their Objection and to object to the IME Order on additional grounds once appropriate notice of the procedures pertaining to the IME have been provided.

*[Remainder of page intentionally left blank.]*

Dated: May 3, 2022

                Respectfully submitted,

**PORTER HEDGES LLP**

*/s/ John F. Higgins*
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
1000 Main Street, 36th Floor
Houston, Texas   77002-2764
Telephone: (713) 226-6000
Facsimile: (713) 226-6255
jhiggins@porterhedges.com
sjohnson@porterhedges.com

-and-

**BURNS CHAREST LLP**
Daniel H. Charest
State Bar No. 24057803
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4555
Facsimile: (469) 444-5002
dcharest@burnscharest.com

*Attorneys for BC Litigants*

## **CERTIFICATE OF SERVICE**

I certify that a copy of this document was served on May 3, 2022, on all parties entitled to receive service through the Court's ECF system.

>*/s/ John F. Higgins*
>John F. Higgins

13394484