IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| HONX, INC.,[1] | ) Case No. 22-90035 (MI) |
| Debtor. | ) |

**ORDER SETTING DEADLINES WITH RESPECT TO (A) THE SUBMISSION OF ASBESTOS CLAIMANT CANDIDATES FOR EXAMINATION BY AN INDEPENDENT MEDICAL EXAMINER AND (B) THE PROPOSAL FOR AN INDEPENDENT MEDICAL EXAMINER TO CONDUCT SUCH EXAMINATION**

WHEREAS, on April 28, 2022 (the "Petition Date") the above-captioned debtor and debtor in possession (the "Debtor") filed a voluntary petition for relief (the "Chapter 11 Case") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1330 in the United States Bankruptcy Court for the Southern District of Texas (the "Court");

WHEREAS, plaintiffs to the pending actions ("Existing Asbestos Plaintiffs") identified on Appendix A to the Debtor's *Complaint for Injunctive Relief* (the "Complaint") related to the Chapter 11 Case, which commenced the adversary proceeding, styled *HONX, Inc. v. Those Parties Listed in Appendix A to Complaint and John and Jane Does 1-1000*, No. 22-03129 (Bankr. S.D. Tex. Apr. 28, 2022) are alleging or intending to allege claims for damages against the Debtor and Hess Corporation ("Hess") as a result of exposure to asbestos and/or other toxic torts resulting from a refinery in St. Croix, United States Virgin Islands (the "Refinery");

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is HONX, Inc. (2163). The location of the Debtor's service address in this chapter 11 case is: 1501 McKinney Street, Houston, Texas, 77010.

**WHEREAS**, Burns Charest LLP ("Burns Charest" and, together with the Debtor, the "Parties") is counsel to certain of the Existing Asbestos Plaintiffs and potential additional future plaintiffs who have indicated an intent to file claims against the Debtor and/or Hess (collectively, the "Asbestos Plaintiffs");

**WHEREAS**, on April 29, 2022, the Court held a hearing with respect to certain relief requested in the Complaint (the "Hearing"), where, among other things, the Court, on the record, (a) ordered an independent medical examination process for an independent medical examiner to examine (the "IME") 50 Asbestos Plaintiffs, with 10 Asbestos Plaintiffs to be selected by the Debtor, 10 Asbestos Plaintiffs to be selected by the plaintiffs in the Pending Actions, including those represented by Burns Charest, and 30 Asbestos Plaintiffs to be selected at random (collectively, the "Sample Pool"), (b) directed the Parties to attempt to submit an agreed-upon candidate for appointment as the independent medical examiner by May 6, 2022, or failing a consensual candidate, directed each of the Debtor and Burns Charest to each submit three proposed candidates for the Court's consideration, (c) directed the Debtor and Burns Charest to attempt to submit a consensual order with respect to his rulings on the record by May 3, 2022, or failing to do so, for each Party to submit its own proposed order, and (d) directed the Debtor and Hess to enter into an agreement whereby Hess would agree to fund all costs and expenses of an independent medical examiner's IME of the Sample Pool by May 3, 2022; and

**WHEREAS**, the Parties were unable to reach an agreement on a proposed order due to Burns Charest informing the Debtor that they are not supportive of the IME process moving forward.

**THEREFORE IT IS SO ORDERED**:

1. Burns Charest shall provide one list to the Debtor and the Court consisting of the

approximately 1,000 claimants comprising (a) all Existing Asbestos Plaintiffs and (b) any other future plaintiffs known to Burns Charest whom Burns Charest is evaluating with the intention to file claims against the Debtor arising from alleged exposure to asbestos and/or other toxic torts resulting from the Refinery (such list, the "Asbestos Plaintiffs List"), no later than **May 10, 2022**. The Asbestos Plaintiff List shall include: (i) the full name of the individual party to any complaint; (ii) the full name of the injured party (if different than the party to the complaint); (iii) the date of birth of the injured party; (iv) the last four digits of the injured party's social security number; (v) the most severe alleged asbestos-related impairment suffered by the injured party; (vi) the date of first diagnosis of the alleged asbestos-related impairment; (vii) the date of the first filing of any tort claim for asbestos-related impairment on behalf of the injured party; (viii) the location(s) at the Refinery where the injured party is alleged to have worked and/or been exposed to asbestos; (ix) the dates of employment, job title(s) and employer(s) for the injured party for each job held at the Refinery; and (x) the number of years for which the injured party worked at the Refinery.[2]

2.      Each Party shall select 10 Asbestos Plaintiffs from the Asbestos Plaintiffs List to be examined in the independent medical examiner's IME, and each Party shall file the names of such individuals under seal on the docket of the Chapter 11 Case no later than **12:00 p.m., prevailing Central Time, on June 3, 2022**. Separate and apart from the Asbestos Plaintiffs chosen by the Parties, the plaintiff Kadar Mohansingh shall also submit to an independent medical examination for the Court's consideration. In addition, 29 or more[3] injured parties from the Asbestos Plaintiffs

---

[2] If the injured party is alleged to have been exposed to asbestos through take-home exposure, the information provided in (vii)–(x) shall reflect the information regarding the Refinery worker to whom the injured party was allegedly exposed.

[3] For the avoidance of doubt, to the extent that the Debtor and Burns Charest have selected one or more of the same individuals, more than 29 individuals shall be selected at random so that a total of 50 individuals have been selected to be examined by the independent medical examiner.

3

List shall be selected at random[4] to have the related injured party claim examined by the independent medical examiner, and the Debtor shall file the names of such individuals under seal on the docket of the Chapter 11 Case no later than **12:00 p.m., prevailing Central Time, on June 7, 2022**. In total, 50 injured parties from the Asbestos Plaintiffs List shall be selected no later than **June 7, 2022** to be examined in the independent medical examiner's IME. To the extent one of the 50 injured individuals from the Asbestos Plaintiffs List refuses (a "Refusing Plaintiff") to submit to an IME by the independent medical examiner, counsel to the Refusing Plaintiff shall notify the Court, the United States Trustee for the Southern District of Texas, the Debtor, and Hess of the reason for such refusal. In the event a Refusing Plaintiff is removed from the Sample Pool, one additional individual from the Asbestos Plaintiffs List shall be selected for an IME performed by the independent medical examiner (a) by the Debtor, if the Debtor had selected the Refusing Plaintiff, (b) by Burns Charest, if Burns Charest had selected the Refusing Plaintiff, or (c) by the computerized random process, if the Refusing Plaintiff had been selected at random.

3. No later than **4:00 p.m., prevailing Central Time, on May 6, 2022** (the "IME Deadline"), the Parties shall file a notice on the docket of the Chapter 11 Case stating the name of the agreed-upon independent medical examiner. In the event that the Parties cannot reach an agreement on a proposed independent medical examiner, each Party shall file a notice on the docket in the Chapter 11 Case with the names and curriculum vitae of three proposed independent medical examiner candidates by the IME Deadline. The Court shall select an independent medical examiner from the list of proposed candidates or may select a different independent medical examiner that was not recommended by either Party at the Court's discretion. In any event, the Court shall issue

---

[4] The Parties shall use a computerized program to select the random individuals from the Asbestos Plaintiffs List.

4

an order appointing the independent medical examiner (the "<u>IME Appointment Order</u>") following the IME Deadline.

4. In the IME Appointment Order, the Court shall (a) appoint an independent medical examiner to conduct the IME on the Sample Pool, (b) establish procedures and protocols for payment and submission to the Court of the independent medical examiner's IME invoices, which invoices shall be paid by Hess as set forth in that certain Independent Medical Examination Funding Agreement, dated as of May 3, 2022, by and between the Debtor and Hess (the "<u>IME Funding Agreement</u>"), (c) set a deadline by which the Debtor will submit the proposed process by which the independent medical examiner will examine the Sample Pool, including the time necessary to conduct such examinations ("<u>IME Protocol</u>"), and (d) schedule a status conference at which time the Parties and the Court can discuss the IME Protocol.

5. Hess shall pay for all costs and expenses of the independent medical examiner's examination of the Sample Pool on the terms and conditions set forth on the record at the Hearing, as memorialized in the IME Funding Agreement, attached as Exhibit A.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this agreed order.

Dated: _____, 2022

MARVIN ISGUR  
UNITED STATES BANKRUPTCY JUDGE

AGREED AS TO FORM AND CONTENT:

*/s/ Matthew D. Cavenaugh*
**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
Veronica A. Polnick (TX Bar No. 24079148)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:   (713) 752-4200
Facsimile:    (713) 752-4221
Email:         mcavenaugh@jw.com
                   jwertz@jw.com
                   vpolnick@jw.com

*Proposed Co-Counsel to the Debtor
and Debtor in Possession*

*/s/ Charles A. Beckham*
**HAYNES AND BOONE LLP**
Charles A. Beckham, Jr. (TX Bar No. 02016600)
Arsalan Muhammad (TX Bar No. 24074771)
1221 McKinney Street, Suite 4000
Houston, TX 77010
Telephone: (713) 547-2000
Facsimile: (713) 547-2600
Email: Charles.Beckham@haynesboone.com
Email: Arsalan.Muhammah@haynesboone.com

-- and --

Martha Wyrick (TX Bar No. 24101606)
2323 Victory Avenue, Suite 700
Dallas, TX 75219
Telephone: (214 651-5000
Facsimile: (214) 651-5940
Email: Martha.Wyrick@haynesboone.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Christopher T. Greco, P.C. (admitted *pro hac vice*)
Matthew C. Fagen (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:   (212) 446-4900
Email:         christopher.greco@kirkland.com
                   matthew.fagen@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Jaimie Fedell (TX Bar No. 24093423) (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:   (312) 862-2200
Email:         jaimie.fedell@kirkland.com
- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Michael F. Williams, P.C. (admitted *pro hac vice*)
Daniel T. Donovan, P.C. (admitted *pro hac vice*)
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone:  (202) 389-5000
Facsimile:   (202) 389-5200
Email:         michael.williams@kirkland.com
                   daniel.donovan@kirkland.com

*Proposed Co-Counsel to the Debtor
and Debtor in Possession*

**Independent Medical Examination Funding Agreement**

This Independent Medical Examination Funding Agreement (as amended, restated, modified or supplemented from time to time, this "Agreement"), dated May 3, 2022, is by and among HONX, Inc., a New York corporation ("HONX" or the "Debtor") and Hess Corporation, a Delaware corporation ("Hess," and together with the Debtor, the "Parties").

**RECITALS**

A. On April 27, 2022, the Debtor and Hess entered into a Funding Agreement (as amended, restated, modified or supplemented from time to time, the "Funding Agreement"), pursuant to which Hess agreed to provide the Debtor with funding for certain costs and expenses of the Debtor's chapter 11 case, subject to the terms and conditions thereof.

B. On April 28, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1330 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court") in the case captioned, *In re HONX, Inc.*, No. 22-90035 (MI) (Bankr. S.D. Texas) (the "Chapter 11 Case").

C. On the Petition Date, the Court scheduled a hearing with respect to the *Complaint for Injunctive Relief* (the "Complaint") related to the Chapter 11 Case, which commenced an adversary proceeding captioned, *HONX, Inc. v. Those Parties Listed in Appendix A to Complaint and John and Jane Does 1-1000*, Adv. Proc. No. 22-03129 (MI) (Bankr. S.D. Texas) [Adv. Proc. Docket No. 1] (the "Adversary Proceeding"), for April 29, 2022, at 1:30 p.m. (prevailing central time) (the "Adversary Hearing").

D. On the record of the Adversary Hearing, among other things, the Court ordered the Debtor and Hess to enter into an agreement pursuant to which Hess would agree to fund all costs and expenses of an independent medical examiner (the "IME") to examine 50 of the Asbestos Claimants and potential additional future plaintiffs who have threatened to file claims against the Debtor and/or Hess (together with the Asbestos Claimants,[1] the "Asbestos Plaintiffs") for the purposes of understanding the types and severity of health issues experienced by the Asbestos Plaintiffs as alleged in the Pending Actions and otherwise. The Court ordered that: (i) the Debtor would select 10 Asbestos Plaintiffs; (ii) the defendants to the Adversary Proceeding, including those represented by Burns Charest LLP ("Burns Charest"), would pick 10 Asbestos Plaintiffs; and (iii) 30 Asbestos Plaintiffs would be selected at random (collectively, the "Sample Pool").

E. On the record of the Adversary Hearing, the Court also ordered the Debtor and Burns Charest to file an agreed proposed order no later than May 3, 2022, with respect to the Sample Pool and the process for selecting an IME to conduct the analysis of the Sample Pool. The Court further noted that if the Debtor and Burns Charest were unable to agree on an IME by May 6,

---

[1] The "Asbestos Claimants" refers to plaintiffs in the actions listed on Appendix A to the Complaint (the "Pending Actions").

2022, the Debtor and Burns Charest should recommend three options each to the Court and that the Court will select an IME.

F.   As a result of the Court's order on the record, Hess has agreed, pursuant to the terms of this Agreement, to pay for all costs and expenses of the IME's examination of the Sample Pool on the terms and conditions set forth on the record at the Adversary Hearing and as set forth in any subsequent order(s) entered by the Court which will subsequently be attached, and thereby incorporated into this Agreement, hereto as **Exhibit A** (the "IME Order(s)").

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing, the parties hereto agree as follows:

1.   Funding Obligations.

(a)   Funding Obligations.  Hess hereby agrees to provide funding to the Debtor to make payments associated with all reasonable costs and expenses of the IME's examination of the Sample Pool, subject to the terms and conditions hereof and the procedures and protocols established in the IME Order(s).

(b)   Bankruptcy Funding Agreement.  The costs and expenses funded to the Debtor by Hess pursuant to this Agreement shall not reduce or otherwise affect Hess's obligations to fund the Debtor pursuant to the Funding Agreement.  For the avoidance of doubt, the Debtor's payment of IME Invoices (as defined herein) are a Permitted Funding Use (as defined in the Funding Agreement).

2.   Payment Terms and Conditions.  Upon the Debtor's receipt of an invoice from the IME (the "IME Invoice"), the Debtor shall promptly forward the IME Invoice to Hess with a request for deposit of the amounts described in the IME Invoice into the Funding Account (as defined in the Funding Agreement); *provided* that such request can be made by email to the notice parties described in Section 3.  Hess agrees to deposit into the Funding Account all reasonable costs and expenses described in the IME Invoice no later than ten (10) Business Days (as defined in the Funding Agreement) after the Debtor sends the IME Invoice to Hess.

3.   Notices.  All notices required under this Agreement shall be delivered to the applicable party to this Agreement at the address set forth below.  Unless otherwise specified herein, delivery of any such notice by email, facsimile or other electronic transmission (including .pdf) shall be effective as delivery of a manually executed counterpart thereof.

Hess:

Hess Corporation
Hess Tower 1501 McKinney Street
Houston, Texas 77010
Attention:  Timothy B. Goodell, General Counsel
Email: tgoodell@hess.com

with a copy to:

Haynes and Boone, LLP
1221 McKinney Street
Suite 4000
Houston, Texas 77010
Attention: Charles A. Beckham, Jr.
Email: charles.beckham@haynesboone.com

Debtor:

HONX, Inc.
c/o Todd R. Snyder
1501 McKinney Street
Houston, Texas 77010
Attention: Todd R. Snyder, Chief Administrative Officer
Email: todd.snyder@psc.com

with a copy to:

Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
Attention: Christopher T. Greco, P.C., Matthew C. Fagen, and Elizabeth H. Jones
Email: christopher.greco@kirkland.com; matthew.fagen@kirkland.com; elizabeth.jones@kirkland.com

-and-

Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654
Attention: Whitney Fogelberg, Jaimie Fedell, and Heidi Hockberger
Email: whitney.fogelberg@kirkland.com; jaimie.fedell@kirkland.com; heidi.hockberger@kirkland.com

4. <u>Governing Law; Submission to Jurisdiction</u>.  The Court shall retain exclusive jurisdiction to hear any matters or disputes arising from or relating to this Agreement.  Any request for relief brought before the Court to resolve a dispute arising from or related to this Agreement, and the matters agreed to herein, shall be brought on proper notice and in accordance with the relevant Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of Texas.

5. <u>Counterparts; Entire Agreement; Electronic Execution</u>.  This Agreement may be executed in separate counterparts, each of which shall constitute an original, but all of which when taken together shall constitute a single contract.  This Agreement constitutes the entire contract among the parties hereto relating to the subject matter hereof and supersedes, in its entirety, any

and all previous agreements and understandings, oral or written, relating to the subject matter hereof. This Agreement shall become effective when it shall have been executed by each Party and each Party shall have received counterparts hereof which, when taken together, bear the signatures of each of Party, and thereafter shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns. Delivery of an executed counterpart of a signature page of this Agreement by telecopy, .pdf or any other electronic means that reproduces an image of the actual executed signature page shall be effective as delivery of a manually executed counterpart of this Agreement.

6. <u>Transfer; Assignment</u>. This Agreement shall be binding upon Hess and its successors and assigns, and the terms and provisions of this Agreement shall inure to the benefit of the Debtor and its successors and assigns. Hess's rights and obligations under this Agreement may not be assigned without prior order of the Court. Any purported assignment of rights or obligations under this Agreement by any Party shall be null and void.

7. <u>Construction</u>. The descriptive headings herein are inserted for convenience of reference only and are not intended to be part of or to affect the meaning or interpretation of this Agreement. The word "including" means without limitation by reason of enumeration. The words "hereof," "herein" and "hereunder" and words of similar import, when used in this Agreement, refer to this Agreement as a whole and not to any particular provision of this Agreement. Unless specifically stated otherwise, all references to Sections and Schedules are to the Sections and Schedules of or to this Agreement.

8. <u>Rights of Parties</u>. This Agreement shall not confer any rights or remedies upon any Person other than the parties hereto and their respective successors and permitted assigns.

9. <u>Termination</u>. The rights and obligations of the Parties under the Agreement will be terminated upon entry of an order by the Court. The Parties may submit a mutually acceptable order to the Court requesting termination of this Agreement following the satisfaction of all requirements set forth in the IME Order(s).

[*Signature Page Follows*]

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first written above.

**HESS CORPORATION**

By: _____
Timothy B. Goodell,
General Counsel

**HONX, INC.**

By: _____
Todd R. Snyder,
Chief Administrative Officer

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first written above.

**HESS CORPORATION**

By: _____
Timothy B. Goodell,
General Counsel

**HONX, INC.**

By: _____
Todd R. Snyder,
Chief Administrative Officer

**Exhibit A**

**Court IME Order(s)**

**[To be updated when court issues order]**