IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HONX, INC.,[1] | ) | Case No. 22-90035 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**DEBTOR'S APPLICATION FOR
ENTRY OF AN ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF KIRKLAND & ELLIS LLP
AND KIRKLAND & ELLIS INTERNATIONAL LLP AS ATTORNEYS FOR
THE DEBTOR AND DEBTOR IN POSSESSION EFFECTIVE AS OF APRIL 28, 2022**

> **This application seeks an order that may adversely affect you. If you oppose the application, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the application should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the application and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the application at the hearing.**
>
> **Represented parties should act through their attorney.**

The above-captioned debtor and debtor in possession (the "Debtor") files this application (this "Application") for the entry of an order (the "Order"), substantially in the form attached hereto, authorizing the Debtor to retain and employ Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "Kirkland") as its attorneys effective as of the Petition Date (as defined herein). In support of this Application, the Debtor submits the declaration of Christopher T. Greco, the president of Christopher T. Greco, P.C., a partner of Kirkland & Ellis LLP, and a partner of Kirkland & Ellis International LLP (the "Greco Declaration"), which is

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is HONX, Inc. (2163). The location of the Debtor's service address in this chapter 11 case is: 1501 McKinney Street, Houston, Texas, 77010.

attached hereto as **Exhibit A** and the declaration of Todd R. Snyder, the Chief Administrative Officer of HONX, Inc., which is attached hereto as **Exhibit B** (the "Snyder Declaration"). In further support of this Application, the Debtor respectfully states as follows.

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and the Debtor confirms its consent pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2014(a) and 2016, and rules 2014-1, 2016-1, and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Background

4. On April 28, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this chapter 11 case and no official committees have been appointed or designated.

5. A description of the Debtor's business, the reasons for commencing the chapter 11 case, and the relief sought from the Court to allow for a smooth transition into chapter 11 are set

2

forth in the *Declaration of Todd R. Snyder, Chief Administrative Officer of HONX, Inc., in Support of Chapter 11 Petition and First Day Motions*, filed on April 28, 2022 [Docket No. 8], incorporated herein by reference.

### Relief Requested

6. By this Application, the Debtor seeks entry of the Order authorizing the retention and employment of Kirkland as its attorneys in accordance with the terms and conditions set forth in that certain engagement letter between the Debtor and Kirkland effective as of April 15, 2022 (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit 1** to the Order and incorporated herein by reference.

### Kirkland's Qualifications

7. The Debtor seeks to retain Kirkland because of Kirkland's recognized expertise and extensive experience and knowledge in the field of debtor's protections, creditors' rights, and business reorganizations under chapter 11 of the Bankruptcy Code.

8. Kirkland has been actively involved in major chapter 11 cases and has represented debtors in many cases, including, among others: *In re Seadrill New Finance Limited*, No. 22-90001 (DRJ) (Bankr. S.D. Tex. February 11, 2022); *In re Carlson Travel, Inc.*, No. 21-90017 (MI) (Bankr. S.D. Tex. January 12, 2022); *In re Washington Prime Grp.*, No. 21-31948 (MI) (Bankr. S.D. Tex. July 27, 2021).[2]

9. In preparing for its representation of the Debtor in this chapter 11 case, Kirkland has become familiar with the Debtor and many of the potential legal issues that may arise in the

---

[2] Because of the voluminous nature of the orders cited in this Application, they are not attached to this application. Copies of these orders are available upon request to Kirkland.

context of this chapter 11 case. The Debtor believes that Kirkland is both well-qualified and uniquely able to represent the Debtor in this chapter 11 case in an efficient and timely manner.

## Services to be Provided

10. Subject to further order of the Court, and consistent with the Engagement Letter, the Debtor requests the retention and employment of Kirkland to render the following legal services:

   a. advising the Debtor with respect to its powers and duties as a debtor in possession in the continued management and operation of its business and property;

   b. advising and consulting on the conduct of this chapter 11 case, including all of the legal and administrative requirements of operating in chapter 11;

   c. attending meetings and negotiating with representatives of creditors and other parties in interest;

   d. taking all necessary actions to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtor, and representing the Debtor in negotiations concerning litigation in which the Debtor is involved, including objections to claims filed against the Debtor's estate;

   e. preparing pleadings in connection with this chapter 11 case, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtor's estate;

   f. representing the Debtor in connection with obtaining authority to continue using its bank account(s);

   g. appearing before the Court and any appellate courts to represent the interests of the Debtor's estate;

   h. advising the Debtor regarding tax matters;

   i. taking any necessary action on behalf of the Debtor to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

   j. performing all other necessary legal services for the Debtor in connection with the prosecution of this chapter 11 case, including: (i) analyzing the validity of liens against the Debtor's assets; and (ii) advising the Debtor on corporate and litigation matters.

**Professional Compensation**

11.     Kirkland intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with this chapter 11 case, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any other applicable procedures and orders of the Court. The hourly rates and corresponding rate structure Kirkland will use in this chapter 11 case are the same as the hourly rates and corresponding rate structure that Kirkland uses in other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required. These rates and the rate structure reflect that such restructuring and other complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures.

12.     Kirkland operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors.

13.     Kirkland's current hourly rates for matters related to this chapter 11 case range as follows:[3]

---

[3] For professionals and paraprofessionals residing outside of the U.S., hourly rates are billed in the applicable currency. When billing a U.S. entity, such foreign rates are converted into U.S. dollars at the then applicable conversion rate. After converting these foreign rates into U.S. dollars, it is possible that certain rates may exceed the billing rates listed in the chart herein. While the rate ranges provided for in this Application may change if an individual leaves or joins Kirkland, if any such individual's billing rate falls outside the ranges disclosed above, Kirkland does not intend to update the ranges for such circumstances.

| Billing Category[4] | U.S. Range |
|---|---|
| Partners | $1,135-$1,995 |
| Of Counsel | $805-$1,845 |
| Associates | $650-$1,245 |
| Paraprofessionals | $265-$495 |

14. Kirkland's hourly rates are set at a level designed to compensate Kirkland fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions.[5]

15. Kirkland represented the Debtor during the one-month period before the Petition Date, using the hourly rates listed above and in the Greco Declaration. Moreover, these hourly rates are consistent with the rates that Kirkland charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case.

16. The rate structure provided by Kirkland is appropriate and not significantly different from (a) the rates that Kirkland charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work Kirkland will perform in this chapter 11 case.

---

[4] Although Kirkland does not anticipate using contract attorneys during this chapter 11 case, in the unlikely event that it becomes necessary to use contract attorneys, Kirkland will not charge a markup to the Debtor with respect to fees billed by such attorneys. Any contract attorneys or non-attorneys who are employed by the Debtor in connection with work performed by Kirkland will be subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code.

[5] For example, like many of its peer law firms, Kirkland typically increases the hourly billing rate of attorneys and paraprofessionals twice a year in the form of: (i) step increases historically awarded in the ordinary course on the basis of advancing seniority and promotion; and (ii) periodic increases within each attorney's and paraprofessional's current level of seniority. The step increases do not constitute "rate increases" (as the term is used in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013). As set forth in the Order, Kirkland will provide ten business-days' notice to the Debtor, the U.S. Trustee, and any official committee before implementing any periodic increases, and shall file any such notice with the Court.

17. It is Kirkland's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also Kirkland's policy to charge its clients only the amount actually incurred by Kirkland in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging.

18. To ensure compliance with all applicable deadlines in this chapter 11 case, from time to time Kirkland utilizes the services of overtime secretaries. Kirkland charges fees for these services pursuant to the Engagement Letter, which permits Kirkland to bill the Debtor for overtime secretarial charges that arise out of business necessity. In addition, Kirkland professionals also may charge their overtime meals and overtime transportation to the Debtor consistent with prepetition practices.

19. Kirkland currently charges the Debtor $0.16 per page for standard duplication in its offices in the United States. Kirkland does not charge its clients for incoming facsimile transmissions. Kirkland has negotiated a discounted rate for Westlaw computer-assisted legal research. Computer-assisted legal research is used whenever the researcher determines that using Westlaw is more cost effective than using traditional (non-computer assisted legal research) techniques.

**Compensation Received by Kirkland from the Debtor**

20. Per the terms of the Engagement Letter, on April 15, 2022, the Debtor paid $500,000 to Kirkland, which, as stated in the Engagement Letter, constituted an "advance payment retainer" as defined in Rule 1.15(c) of the Illinois Rules of Professional Conduct and *Dowling v. Chicago Options Assoc., Inc.*, 875 N.E.2d 1012, 1018 (Ill. 2007). Subsequently, the Debtor paid to Kirkland additional advance payment retainer totaling $1,700,000 in the aggregate. As stated

7

in the Engagement Letter, any advance payment retainer is earned by Kirkland upon receipt, any advance payment retainer becomes the property of Kirkland upon receipt, the Debtor no longer has a property interest in any advance payment retainer upon Kirkland's receipt, any advance payment retainer will be placed in Kirkland's general account and will not be held in a client trust account, and the Debtor will not earn any interest on any advance payment retainer.[6]

21. Pursuant to Bankruptcy Rule 2016(b), Kirkland has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with Kirkland or (b) any compensation another person or party has received or may receive.

22. As of the Petition Date, the Debtor did not owe Kirkland any amounts for legal services rendered before the Petition Date.  Although certain expenses and fees may have been incurred but not yet applied to Kirkland's advance payment retainer, the amount of Kirkland's advance payment retainer always exceeded any amounts listed or to be listed on statements describing services rendered and expenses incurred (on a "rates times hours" and "dates of expenses incurred" basis) prior to the Petition Date.

### Kirkland's Disinterestedness

23. To the best of the Debtor's knowledge and as disclosed herein and in the Greco Declaration, (a) Kirkland is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor's estate and (b) Kirkland has no connection to the

---

[6] The Engagement Letter permits Kirkland to retain any prepetition advance payment retainer held by Kirkland as of the Petition Date rather than applying such prepetition advance payment retainer to pay postpetition fees and expenses.  In light of the facts and circumstances of this chapter 11 case, Kirkland will retain any prepetition advance payment retainer held by Kirkland as of the Petition Date and will not apply any such amounts to postpetition fees and expenses.

Debtor, its creditors, or other parties in interest, except as may be disclosed in the Greco Declaration.

24. Kirkland will review its files periodically during the pendency of this chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Kirkland will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## Supporting Authority

25. The Debtor seeks retention of Kirkland as its attorneys pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

26. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

27. The Debtor submits that for all the reasons stated above and in the Greco Declaration, the retention and employment of Kirkland as counsel to the Debtor is warranted. Further, as stated in the Greco Declaration, Kirkland is a "disinterested person" within the meaning

of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor's estates and has no connection to the Debtor, its creditors, or other parties in interest, except as may be disclosed in the Greco Declaration.

## Notice

28.     The Debtor has provided notice of this Application to:  (a) the United States Trustee for the Southern District of Texas; (b) the Top Twenty List;[7] (c) counsel to Hess, Haynes and Boone, LLP, Attn: Charles Beckham (1221 McKinney Street #4000, Houston, Texas 77010) and Martha Wyrick (2323 Victory Ave., Suite 700, Dallas, Texas 75219); (d) Burns Charest LLP, as counsel in the majority of pending asbestos cases, 900 Jackson Street, Suite 500, Dallas, Texas 75202, Attn: Warren Burns; (e) the United States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the United States Environmental Protection Agency; (i) the office of the attorney general in the states where the Debtor conducts its operations; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtor submits that no other or further notice is required.

---

[7]     As defined in the Creditor Matrix Motion filed at [Docket No. 12].

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto, granting the relief requested herein and granting such other relief as is just and proper.

Dated:  May 16, 2022
       Houston, Texas

/s/ Todd R. Snyder
Todd R. Snyder
HONX, Inc.
Chief Administrative Officer

**Certificate of Service**

      I certify that on May 16, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                              */s/ Matthew D. Cavenaugh*
                                              Matthew D. Cavenaugh