IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |
|---|---|
| In re: | ) Chapter 11 |
| HONX, INC.,[1] | ) Case No. 22-90035 (MI) |
| Debtor. | ) |

**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF
AN ORDER (I) APPROVING FORM OF CONFIDENTIALITY
AGREEMENT AND PROPOSED STIPULATED PROTECTIVE ORDER,
AND (II) REQUIRING OTHER PARTIES-IN-INTEREST TO OPT INTO
THE SAME IN ORDER TO RECEIVE DISCOVERY MATERIAL**

> **Emergency relief has been requested.  Relief is requested not later than June 10, 2022.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtor and debtor in possession (collectively, the "Debtor") states as follows in support of this motion:

**Relief Requested**

1.  The Debtor seeks entry of an order (the "Order") (i) approving the form of a Confidentiality Agreement and Proposed Stipulated Protective Order set forth herein and attached to the Order as **Exhibit 1** (the "Confidentiality Agreement and Protective Order")[2] to govern the

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is HONX, Inc. (2163).  The location of the Debtor's service address in this chapter 11 case is:  1501 McKinney Street, Houston, Texas, 77010.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Confidentiality Agreement and Protective Order.

1

designation and handling of Discovery Material in these chapter 11 cases and (ii) requiring other parties to agree to be bound by the Confidentiality Agreement and Protective Order (i.e. "opt-in") prior to gaining access to Discovery Material. The terms of the Confidentiality Agreement and Protective Order have been discussed and agreed to by the Debtor and the Committee.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein is section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

### Background

5. The Debtor is a wholly owned subsidiary of Hess Corporation ("Hess"), a global energy company, and the corporate successor of Hess Oil Virgin Islands Corporation ("HOVIC"). The Debtor constructed, owned, and operated an oil refinery in St. Croix, U.S. Virgin Islands (the "Refinery") from the beginning of its creation in 1965 until 1998. In 1998, the Debtor entered a joint venture with the national oil company of Venezuela, Petróleos de Venezuela, S.A., in which each held 50% ownership in a company called HOVENSA L.L.C. ("HOVENSA"). HOVENSA acquired the Refinery through the joint venture transaction and operated the Refinery from October 1998 until February 2012. From February 2012 through March 2015, HOVENSA operated the Refinery as an oil storage and distribution center until the Refinery was ultimately shut down. The Debtor is a non-operating entity without any employees whose primary activity is

defending against asbestos and other litigation related to its prior ownership and operation of the Refinery.

6. The first asbestos claim was filed in 1987 against HOVIC and, since that time, more than 1,500 plaintiffs have filed suit against HOVIC, Hess, and/or the Debtor as HOVIC's successor in interest. The Debtor is currently facing approximately 580 asbestos and toxic tort claims in the Superior Court of the Virgin Islands, and could face an additional 500, or more, claims in the next several years based on discussions with current plaintiffs' counsel. The Debtor anticipates that, absent the filing of this chapter 11 case, litigation of asbestos-related claims could consume an enormous amount of its and Hess's time and resources for decades to come.

7. On April 28, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the facts and circumstances giving rise to the Debtor's chapter 11 case is set forth in the *Declaration of Todd R. Snyder, Chief Administrative Officer of HONX, Inc., in Support of Chapter 11 Petition and First Day Motions* (the "First Day Declaration"), incorporated by reference herein. The Debtor is operating its business and managing its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On May 13, 2022, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee"). No request for the appointment of a trustee or examiner has been made in this chapter 11 case.

### The Confidentiality Agreement and Protective Order

8. The Confidentiality Agreement and Protective Order details how Discovery Material is to be designated and handled. The Discovery Material contains commercially sensitive information that includes, but is not limited to, commercially sensitive materials and materials

3

relating to confidential settlement agreements. This treatment includes document designations of "Confidential" and "Highly Confidential," among others. Such designations carry restrictions on who may access material and how that material is to be used in an effort to protect commercially sensitive information. These designations and the other terms of the Confidentiality Agreement and Protective Order were agreed to after substantial, arms-length, negotiation amongst the Parties.

9. In an effort to avoid duplication of effort and ensure prompt access to Discovery Material the Debtor asks the Court to both approve the Confidentiality Agreement and Protective Order form and to require that a party-in-interest execute the form in Exhibit A of the Confidentiality Agreement and Protective Order in order to receive the Discovery Material.

10. This motion will not prejudice the rights of any party-in-interest, but rather it will expedite the ability of such a party-in-interest to access the Discovery Material. Entry of the Order will also ensure both the Parties and any party-in-interest receive fair treatment when it comes to access and use of the Discovery Material.

### Basis for Relief

11. Under Federal Rule 26(c), made applicable to these chapter 11 cases by Bankruptcy Rule 7026, a party from whom discovery is sought may move for a protective order and the court, for good cause, may issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the eight reasons the rule enumerates. *See* Fed. R. Civ. P. 26(c)(1)(A)-(H). Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12. The proposed Order and opt-in requirement is an effective mechanism to shield from public disclosure confidential information, which, if publicly disclosed, could unnecessarily harm the disclosing party. Among other things, the proposed Confidentiality Agreement and Protective

4

Order provides for the good-faith designation of documents and other information as "Confidential Material" or "Highly Confidential Material" and outlines the parameters, requirements, and protections attendant to such designations. Moreover, the proposed Confidentiality Agreement and Protective Order provides mechanisms for other parties to agree to be bound by it and be treated as a Party with all rights and obligations of the signatory Parties thereto.

13. For the foregoing reasons, the Debtors respectfully request that the Court enter the Order approving the proposed Confidentiality Agreement and Protective Order.

## Emergency Consideration

14. The Debtors request emergency consideration of this motion. This motion seeks only procedural relief and does not impact the substantive rights of any party-in-interest in these bankruptcy cases. In order to proceed to confirmation and to facilitate the prompt distribution of Discovery Material should any party-in-interest seek them, the Debtor has determined that it is in the best interests of all stakeholders to obtain Court approval of the Confidentiality Agreement and Protective Order as soon as possible.

## Notice

15. The Debtor will provide notice of this motion to: (a) the United States Trustee for the Southern District of Texas; (b) counsel to the Committee (c) the Top Asbestos Counsel;[3] (d) counsel to Hess Corporation (e) the United States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the United States Environmental Protection Agency; (i) the office of the attorney general in the states where the Debtor conducts its operations; and (j) any party that has requested notice pursuant

---

[3] As defined in the Creditor Matrix Motion.

to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

The Debtor requests that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
June 3, 2022

*/s/ Veronica A. Polnick*

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
Veronica A. Polnick (TX Bar No. 24079148)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:   (713) 752-4200
Facsimile:   (713) 752-4221
Email:   mcavenaugh@jw.com
   jwertz@jw.com
   vpolnick@jw.com

*Proposed Co-Counsel to the Debtor
and Debtor in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Christopher T. Greco, P.C. (admitted *pro hac vice*)
Matthew C. Fagen (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   christopher.greco@kirkland.com
   matthew.fagen@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Whitney C. Fogelberg (admitted *pro hac vice*)
Jaimie Fedell (TX Bar No. 24093423) (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:   whitney.fogelberg@kirkland.com
   jaimie.fedell@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Michael F. Williams, P.C. (admitted *pro hac vice*)
Daniel T. Donovan, P.C. (admitted *pro hac vice*)
Alexandra L. Russell (admitted *pro hac vice*)
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone:   (202) 389-5000
Facsimile:   (202) 389-5200
Email:   michael.williams@kirkland.com
   daniel.donovan@kirkland.com
   alexandra.russell@kirkland.com

*Proposed Co-Counsel to the Debtor
and Debtor in Possession*

**Certificate of Service**

I certify that on June 3, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

>                                    */s/ Veronica A.Polnick*
>                                    Veronica A. Polnick