United States Bankruptcy Court
Southern District of Texas

**ENTERED**

June 06, 2022

Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| HONX, INC.,[1] | ) Case No. 22-90035 (MI) |
|  | ) |
| Debtor. | ) |
|  | ) |
|  | ) **Re: Docket No. _____** |

### ORDER (I) APPROVING CONFIDENTIALITY
### AGREEMENT AND PROPOSED STIPULATED PROTECTIVE
### ORDER FORM AND (II) REQUIRING OTHER PARTIES-IN-INTEREST TO
### OPT INTO THE SAME ORDER TO RECEIVE DISCOVERY MATERIAL

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession

(collectively, the "Debtor") for entry of an order (this "Order") (a) approving the Confidentiality

Agree ... DENIED without prejudice.  The Court will not grant emergency relief of this nature prior to
the time that any discovery dispute has arisen.  If a discovery dispute arises, the Debtor may
Prote... file a renewed motion.

opt-in

and P

over t  Signed: June 06, 2022

procee

with A

Marvin Isgur
United States Bankruptcy Judge

procee

this Court having found that the relief requested in the Motion is in the best interests of the Debtor's

---

[1]  The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number,
is HONX, Inc. (2163).  The location of the Debtor's service address in this chapter 11 case is:  1501 McKinney
Street, Houston, Texas, 77010.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the
Confidentiality Agreement and Protective Order, as applicable.

estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The form of Confidentiality Agreement and Protective Order attached hereto as **Exhibit 1** is approved and should any party-in-interest desire to access the Discovery Material, such party-in-interest must execute the form of Exhibit A in the Confidentiality Agreement and Protective Order.

2.     Any party-in-interest who is not a signatory to the Confidentiality Agreement and Protective Order as of the date of this Order ("Non-Signatory Party") shall have twenty-one (21) days from entry of this Order to seek relief from the Court concerning the substance of this Order.

3.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

4.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Houston, Texas
Dated: _____, 2022

_____
UNITED STATES BANKRUPTCY JUDGE

## __Exhibit 1__

**Confidentiality Agreement and Proposed Stipulated Protective Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HONX, INC.,[1] | ) | Case No. 22-90035 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

This Stipulated Confidentiality Agreement and Protective Order ("Order") is entered into by and among: (a) the above-captioned debtor (the "Debtor"); (b) the official committee of unsecured creditors of the Debtors (the "UCC"); (c) Hess Corporation; (d) certain of the Debtor's creditors and other constituents that are signatories to this Order; and (e) any other persons or entities who become bound by this Order by signifying their assent through execution of **Exhibit A** hereto (a "Declaration"). Each of the persons or entities identified in the foregoing clauses (a) through (e) shall be referred to herein individually as a "Party" and, collectively, as the "Parties." The Parties, by and through their respective attorneys of record and subject to Court approval, have agreed to entry of this Order pursuant to 11 U.S.C. § 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and, with respect to any existing or future contested matter or adversary proceeding, pursuant to Bankruptcy Rules 7026 and 9014 and Rule 26(c) of the Federal Rules of Civil Procedure (the "Federal Rules").

---

[1]     The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is HONX, Inc. (2163).  The location of the Debtor's service address in this chapter 11 case is:  1501 McKinney Street, Houston, Texas, 77010.

## Recitals

WHEREAS, there are, or may be, judicial or other proceedings, including but not limited to investigations, contested matters, adversary proceedings, appeals, and other disputes (each a "Dispute" and, collectively, the "Disputes"), arising out of or relating to the Debtor, its estate, or the Debtor's filing of a voluntary petition under chapter 11 of title 11 of the United States Code, U.S.C. §§ 101-1532 (the "Bankruptcy Code") in this Court (the case commenced by such petition, the "Chapter 11 Case");

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined below) from one another with respect to one or more Disputes, including through informal requests, Rule 2004 motions, or service of document requests, interrogatories, depositions, and other discovery requests (collectively, "Discovery Requests") as provided by the Federal Rules, the Bankruptcy Rules, and the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"); and

WHEREAS, the Parties anticipate that there are certain persons or entities other than the Parties hereto that may also propound or be served with Discovery Requests in connection with one or more Disputes during the course of the Chapter 11 Case;

NOW, THEREFORE, to facilitate and expedite the production, exchange, and treatment of Discovery Material (as defined below), to facilitate the prompt resolution of disputes over confidentiality, and to protect Discovery Material (as defined below) that a Party seeks to maintain as confidential, IT IS HEREBY STIPULATED, AGREED, AND, UPON COURT APPROVAL HEREOF, IT IS ORDERED that the following terms will govern any requests for and production and handling of Discovery Material (as defined below) in connection with Disputes during the course of the Chapter 11 Case or any appeal therefrom:

2

1.      The Parties shall submit this Order to the Court for approval. The Parties shall abide by the terms of this Order even if this Order is not entered by the Court for any reason, unless the Court determines otherwise.

2.      Unless otherwise agreed by the Parties or ordered by the Court, all deadlines stated herein shall be computed pursuant to Bankruptcy Rule 9006.

### Scope of Order

3.      This Order applies to all information, documents, and things exchanged in or subject to discovery, either by a Party or a non-Party (each a "Producing Party"), to any other Party or non-Party (each a "Receiving Party"), formally or informally, either prior to or after the filing of a judicial proceeding, in response to or in connection with any Discovery Requests, including without limitation, deposition testimony, interviews, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, information, and things produced as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively, "Discovery Material").  For the avoidance of doubt, nothing in this Order—including the fact that a party is a Party to this Order—entitles or is intended to entitle any Party or non-Party to any Discovery Material for any purpose, including in connection with any Dispute.

4.      Any non-Party that executes and delivers to the Parties a Declaration in the form provided as **Exhibit A** hereto shall be treated as a Party to this Order with all rights and obligations of the signatory Parties hereto and shall be permitted to review Confidential Material and Advisors'-Eyes Only Material as set forth in Paragraphs 11 and 12 of this Order.

5.      This Order applies to Discovery Material produced by all non-Parties that are served with subpoenas in connection with a Dispute or who otherwise produce documents or are noticed for depositions with respect to a Dispute, and all such non-Parties are entitled to the protections afforded hereby and subject

3

to the obligations contained herein upon signing a Declaration in the form provided as **Exhibit A** hereto and agreeing to be bound by the terms of this Order.

6.          Any Party or its counsel serving a subpoena upon a non-Party, which subpoena requires the production of documents or testimony, shall serve a copy of this Order along with such subpoena and instruct the non-Party recipient of such subpoena that such non-Party may designate documents or testimony in a Dispute according to the provisions herein. In the event a non-Party has already been served with a subpoena or other discovery request at the time this Order is entered by the Court, the serving Party or its counsel shall provide the service and notice of this Order required by the preceding sentence as soon as reasonably practicable after entry of this Order.

## Designating Discovery Material

7.          Any Producing Party may designate Discovery Material as "Confidential Material" or "Advisors'-Eyes Only" (any such Discovery Material, "Designated Material") in accordance with the following provisions:

(a)          Confidential Material: A Producing Party may designate Discovery Material as "Confidential" if such Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that: (i) such Discovery Material (A) constitutes or contains nonpublic, proprietary, commercially sensitive, or confidential technical, business, financial, personal, or other information of a nature that can be protected under Bankruptcy Rules 7026 and 9014 and Federal Rule 26(c) or Bankruptcy Rule 9018, (B) constitutes or contains personally identifiable information ("PII") or medical information relating to any individual, or (C) is subject by law or by contract to a legally protected right of privacy; or (ii) a Producing Party (A) is under a preexisting obligation to a third party to treat such Discovery Material as confidential or (B) has in good faith been requested by another Party or non-Party to so designate such Discovery Material on the grounds that such other Party or non-Party considers such Discovery Material to contain information that is confidential or proprietary to such Party or non-Party.

(b)          Advisors'-Eyes Only Material: A Producing Party may designate Discovery Material as "Advisors'-Eyes Only" if such Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes

4

Advisors'-Eyes Only Discovery Material that is of such a nature that a risk of competitive injury would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 12 of this Order, which may include certain trade secrets, sensitive financial or business information, or material prepared by its industry professionals, advisors, financial advisors, accounting advisors, experts, and consultants (and their respective staff), and only to the extent that the Producing Party believes in good faith that such material is of such a nature that "Advisors'-Eyes Only" treatment is warranted.

(c)     <u>Undesignated Material:</u> Subject to the rights and obligations of the Parties under Paragraphs 9, 10, and 23 of this Order, no Party shall have any obligation or duty to maintain as confidential or prevent from disclosure any Discovery Material that is not Designated Material.

8.      <u>Manner Of Designating Discovery Material:</u> Where reasonably practicable, any Designated Material shall be designated by the Producing Party as such by marking each such page "Confidential" or "Advisors'-Eyes Only" as applicable. Such markings should not obliterate or obscure the content of the material that is produced. Where marking every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Party may designate material as "Confidential" or "Advisors'-Eyes Only" by including such terms (or similar terms) in the file name thereof and with corresponding metadata. Discovery Material produced prior to the execution of this Order pursuant to an agreement that such Discovery Material would be treated as "Confidential" or "Advisors'-Eyes Only" shall be treated as "Confidential" or "Advisors'-Eyes Only" pursuant to this Order notwithstanding such Discovery Material not bearing such markings, provided, however, that the Producing Party will provide a replacement production that includes a "Confidential" or "Advisors'-Eyes Only" marking, or designation in the file name, as applicable, of any such productions as soon as reasonably practicable after entry of this Order. A Party that was not the Producing Party may request that the Producing Party designate any Discovery Material as "Confidential" or "Advisors'-Eyes Only" and re-produce the Material under paragraph 9 below.

9.     <u>Late Designation Of Discovery Material:</u> The failure to designate particular Discovery Material as "Confidential" or "Advisors'-Eyes Only" at the time of production shall not operate to waive a Producing Party's right to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Order ("<u>Misdesignated Material</u>"). At such time, arrangement will be made for the destruction of the Misdesignated Material, for the return to the Producing Party of all copies of the Misdesignated Material, and/or for the substitution, where appropriate, of properly labeled copies of such Discovery Material. Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall take all commercially reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. If requested by the Producing Party, a Receiving Party shall verify in writing that it has taken all commercially reasonable steps to return or destroy such Misdesignated Material. Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; <u>provided</u>, <u>however</u>, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court or otherwise made publicly available (other than in violation of this Order), no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party or non-Party that failed to make the designation.

## <u>Use and Disclosure of Confidential or Highly Confidential Material</u>

10.     <u>General Limitations On Use And Disclosure Of All Discovery Material:</u> All Discovery Material shall be used by the Receiving Parties solely for the purposes of the Chapter 11 Case (including, for the avoidance of doubt, any adversary proceedings arising in this Chapter 11 Case or any litigation for which standing to pursue claims on behalf of the Debtor has been sought or for which the Court has granted

a party standing to pursue claims on behalf of the Debtor, and any appeals therefrom), and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function.

11.     <u>Confidential Material:</u> Confidential Material, and any and all information contained therein, shall be given, shown, made available, or communicated only to the following:

      (a)     the Debtor;

      (b)     the UCC and its members;

      (c)     Hess Corporation;

      (d)     the Debtor's creditors and other constituents that are signatories to this Order, including their respective members, managers, partners, directors, officers, employees, and agents who are assisting with or making decisions with respect to any Dispute;

      (e)     any non-Party who has signed a Declaration, in the form provided as **<u>Exhibit A</u>** hereto; and

      (f)     any other persons specified in Paragraph 12 below.

12.     <u>Advisors'-Eyes Only Material:</u> Advisors'-Eyes Only Material, and any and all information contained therein, shall be given, shown, made available, or communicated only to the following:

      (a)     outside counsel, and staff working under the express direction of such counsel, for:

           (i)     Debtor;

           (ii)    The UCC and/or its members;

           (iii)   Hess Corporation;

           (iv)    Debtor's creditors and other constituents that are signatories to this Order; and

           (v)     any non-Party who has signed a Declaration, in the form provided as **<u>Exhibit A</u>** hereto;

      (b)     industry advisors, financial advisors, accounting advisors, experts, and consultants (and their respective staff) that are retained by the signatories to this Order in connection with the Disputes or this Chapter 11 Case;

(c) any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

(d) for purposes of witness preparation, and upon signing a Declaration, in the form provided as **Exhibit A** hereto, any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, in preparation for his or her noticed deposition, hearing, or trial testimony where such Advisors'-Eyes Only Material is determined by counsel in good faith to be  necessary to the anticipated subject matter of the questioning or testimony, provided, however, that such Advisors'-Eyes Only Material can only be shared with such person in connection with preparation for the anticipated testimony, and the persons identified in this paragraph shall not be permitted to retain copies of such Advisors'-Eyes Only Material;

(e) any adverse witness during the course of a deposition where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the document is necessary and appropriate;

(f) outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with a Dispute or this Chapter 11 Case;

(g) court reporters, stenographers, or videographers who record deposition or other testimony in connection with a Dispute or this Chapter 11 Case;

(h) the Court, its officers, and clerical staff in any judicial proceeding that may result from a Dispute or this Chapter 11 Case; and

(i) any other person or entity with respect to whom the Producing Party may consent in writing.

13. <u>Prerequisite To Disclosure Of Designated Material:</u> Before any person or their representative identified in Paragraph 12(b), 12(d), 12(e), or 12(i) hereof is given access to Designated Material, such person or their representative shall be provided with a copy of this Order and shall execute a Declaration, in the form provided as **Exhibit A** hereto. Each such Declaration shall be retained in the files of counsel for the Party who gave access to the Designated Material to the person who was provided such access. Such executed Declarations shall not be subject to disclosure under the Federal Rules or the Bankruptcy Rules unless a showing of good cause is made and the Court so orders.

8

14.     <u>Sealing Of Designated Material Filed With Or Submitted To Court</u>: Unless otherwise agreed by the Producing Party or ordered by a court of competent jurisdiction, all Designated Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose Advisors'-Eyes Only or Confidential Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, and the Local Rules, such as by redacting Designated Material in pleadings, briefs, declarations, and memoranda, and replacing exhibits that constitute Designated Material with a placeholder, and providing unredacted and complete copies of all such submissions to all Parties to this Order and to the Court.  Unredacted copies shall be served on Parties consistent with this Order.

15.     <u>Use Of Discovery Material In Open Court:</u> The limitations on disclosure in this Order shall not apply to any Discovery Material offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph. As part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, and where practicable, at least 24 hours prior to the use of any Designated Material at trial or any hearing to be held in open court, counsel for any Party who desires to offer or use such Designated Material at trial or any hearing to be held in open court shall meet and confer in good faith with the Producing Party together with any other Parties who have expressed interest in participating in such meet and confer to discuss ways that the material may be offered or otherwise used by any party, in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules.

<u>**Depositions**</u>

16.     <u>Deposition Testimony - Manner Of Designation:</u> In the case of depositions, if counsel for a Party or non-Party believes that a portion of the testimony given at a deposition should be Designated Material of such Party or non-Party, such testimony may be designated as appropriate by:

(a)     Stating so orally on the record and requesting that the relevant portion(s) of testimony is so designated; or

9

(b)      Providing written notice within seven (7) days of the Party's or non-Party's receipt of the final transcript from the court reporter that the relevant portion(s) of such transcript or videotape of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within seven (7) days, in which case the foregoing seven (7) day period will be reduced to three (3) business days. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 20 below. Until expiration of the aforesaid seven (7) day or three (3) business day period, as applicable, following receipt of the transcript by the Parties or non-Parties, all deposition transcripts and videotapes shall be considered and treated as Advisors'-Eyes Only unless otherwise agreed on the record at the deposition.

17.     <u>Designated Material Used As Exhibits During Depositions:</u> Nothing in Paragraph 16 shall apply to or affect the confidentiality designations on Discovery Material entered as exhibits at depositions.

18.     <u>Witness Review Of Deposition Testimony:</u> Nothing in Paragraph 16 hereof shall preclude the witness from reviewing his or her deposition transcript.

19.     <u>Presence Of Persons During Deposition Testimony:</u> Anyone who is not counsel to a Party or otherwise permitted access under the terms of this Order to Confidential Information and/or Advisors' Eyes Only Material and who wishes to attend a deposition must become a Party to this Order prior to such deposition. When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall, upon request, be excluded from the portion of the deposition so designated.

20.     <u>Responsibilities And Obligations Of Court Reporters:</u> In the event that testimony is designated as Confidential or Advisors'-Eyes Only, the court reporter, who shall first have agreed to abide by the terms of this paragraph, shall be instructed to include on the cover page of each such transcript the legend, "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith," and each page of the transcript shall include the legend "Confidential" or "Advisors'-Eyes Only," as appropriate. If the deposition is videotaped, the videotape shall also be subject

to the same level of confidentiality as the transcript and include the legend "Confidential" or "Advisors'-Eyes Only," as appropriate, if any portion of the transcript itself is so designated.

## **General Provisions**

21.     This Order is a procedural device intended to protect Discovery Material designated as Designated Material. Nothing in this Order shall affect any Party's or non-Party's rights or obligations unrelated to the confidentiality of Discovery Material.

22.     Nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including but not limited to, any objection concerning the alleged confidentiality or proprietary nature of any documents, information, or data requested by a Party or non-Party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice.

23.     <u>Unauthorized Disclosure Of Designated Material:</u> In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; immediately make reasonable efforts to recover the disclosed Designated Material as well as preclude further review, dissemination, or use by the person or entity to whom the unauthorized disclosure was made; immediately notify the Producing Party of the unauthorized disclosure; and immediately take steps to ensure against further review, dissemination, or use thereof. Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

24.    <u>Manner Of Objecting To Designated Material:</u> If any Receiving Party objects to the designation of any Designated Material (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Receiving Party shall first raise the objection with the Producing Party in writing, and then confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order. If within three (3) business days after receipt of an objection in writing (which may take the form of an email), the Producing Party does not agree to change the designation of the Designated Material, the Receiving Party may seek relief from the Court by submitting a letter of no more than three single-spaced pages succinctly describing the basis of its objection ("Objection Letter") and seeking an order from the Court altering or removing the designation; if the Producing Party opposes the relief sought it must, within three (3) business days of receipt by the Court of the Objection Letter, submit a letter of no more than three single-spaced pages succinctly explaining the basis of its opposition. Until the Court rules on such an issue, the Designated Material shall continue to be treated as designated by the Producing Party. Upon a motion, the Court may order the removal of the "Confidential" or "Advisors'-Eyes Only" designation from any Discovery Material so designated subject to the provisions of this Order. Notwithstanding the foregoing, circumstances may exist which require a party to seek Court authority to remove the "Confidential" or "Advisors'-Eyes Only" designation of Designated Material on a more expedited basis. In such a circumstance, the moving party will provide advance notice to the Producing Party.

25.    <u>Timing Of Objections To Designated Material:</u> A Receiving Party shall not be obliged to challenge the propriety of a "Confidential" or "Advisors'-Eyes Only" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any Receiving Party to challenge the designation by a Producing Party of Discovery Material as "Confidential" or "Advisors'-Eyes

Only" during the discovery period shall not be a waiver of that Receiving Party's right to object to such designation at an evidentiary hearing or trial.

26.    <u>Inadvertent Production Of Privileged Discovery Material:</u> This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Inadvertent production of any Discovery Material which a Party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("<u>Inadvertently Produced Privileged Information</u>"), will not by itself constitute a waiver of any applicable privilege. Within a reasonable period of time after a Producing Party discovers (or upon receipt of notice from another Party or non-Party) that it has produced Inadvertently Produced Privileged Information, the Producing Party shall request the return of such Inadvertently Produced Privileged Information by identifying in writing the Discovery Material inadvertently produced and the basis for withholding such Discovery Material from production. If a Producing Party requests the return of Inadvertently Produced Privileged Information pursuant to this paragraph, the Receiving Party shall immediately take all commercially reasonable steps to return or destroy the Inadvertently Produced Privileged Information (and copies thereof) and shall take all commercially reasonable steps to sequester or destroy any work product that incorporates the Inadvertently Produced Privileged Information. If the Receiving Party disputes the privilege claim, it must notify the Producing Party of the dispute and the basis therefore in writing within ten (10) days of receipt of the Producing Party's notification. The Parties shall thereafter meet and confer regarding the disputed privilege claim. If the Parties cannot resolve their dispute, either Party may seek a determination from the Court as to whether the privilege applies. The Producing Party must preserve the document over which privilege or protection is asserted and, other than in connection with seeking a determination by the Court, the Receiving Party may not use the document over which the privilege or protection is asserted, any copies, or any information derived therefrom for any purpose until the dispute is resolved.

27.    <u>Use Of Non-Confidential Material:</u> To the extent that any Party has documents or information that (i) were already in its possession at the time the same document or information is received from a Producing Party and are not subject to any other confidentiality agreement, non-disclosure agreement, or other confidentiality obligation; (ii) are received or become available to a Party on a non-confidential basis not in violation of an obligation of confidentiality to any other person; (iii) were independently developed by such Party without violating its obligations hereunder; or (iv) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Party (collectively "<u>Non-Confidential Material</u>"), nothing in this Order shall limit a Party's ability to use Non-Confidential Material for any purpose, including in a deposition, hearing, trial or otherwise in connection with the Chapter 11 Case, or otherwise. Nothing in this Order shall affect the obligation of any Receiving Party to comply with any other confidentiality agreement with, or undertaking to, any other person or Party, including but not limited to, any confidentiality obligations arising from agreements entered into prior to the Chapter 11 Case.

28.    <u>Obligations Following Conclusion Of The Disputes:</u> Within ninety (90) days of the later of the conclusion of the relevant Dispute(s) or the Debtor's emergence from bankruptcy, including all appeals as to all Parties, all Parties and non-Parties shall, upon the request of the Producing Party, take all reasonable steps to return to counsel for the respective Producing Party, or to destroy, all Designated Material, and all copies thereof in the possession of any person, except that counsel may retain for their records (a) their work product; (b) a copy of court filings, transcripts, deposition/examination recordings, deposition/examination exhibits, expert reports; and (c) exhibits introduced at any hearing or trial. A Receiving Party may retain Designated Material that is auto-archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; provided that such retained documents will continue to be treated as consistent

14

with the provisions in this Order. If a Receiving Party chooses to take all reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall, if requested by the Producing Party, verify such destruction in writing to counsel for the Producing Party. Notwithstanding anything in this paragraph, to the extent that the information in the Designated Material remains confidential, the terms of this Order shall remain binding.

29.     <u>Continuing Applicability Of Stipulated Confidentiality Agreement And Protective Order:</u> The provisions of this Order shall survive the final termination of the Disputes and the Debtor's emergence from bankruptcy for any retained Discovery Material. The final termination of the Disputes or the Debtor's emergence from bankruptcy shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Discovery Material pursuant to this Order, and the Court shall retain jurisdiction to enforce this Order.

30.     <u>Amendment Of Stipulated Confidentiality Agreement And Protective Order:</u> Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time. The Parties may also agree by written stipulation to amend the provisions of this Order, subject to Court approval, and shall abide by the terms of the proposed amendment unless and until the Court orders otherwise.

31.     <u>Disclosure Of Discovery Material In Other Proceedings:</u> Any Receiving Party that may be subject to a motion or other form of legal process or any regulatory process, or a demand or request seeking the disclosure of a Producing Party's Discovery Material: (i) shall notify the Producing Party within three (3) business days of receipt of such process or demand (where reasonably practical and unless such notice is prohibited by applicable law, rule, or regulation) to enable it to have an opportunity to appear and be heard on whether that information should be disclosed, and (ii) in the absence of a court order preventing such legally required disclosure, the Receiving Party shall be permitted to disclose only that portion of the

information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

32.     <u>Use Of Discovery Material By Producing Party:</u> Nothing in this Order affects the right of any Producing Party to use or disclose its own Discovery Material in any way. Subject to clause (c) of Paragraph 7, and Paragraph 27, such disclosure will not waive the protections of this Order and will not entitle other Parties, non-Parties, or their attorneys to use or disclose such Discovery material in violation of this Order.

33.     <u>Objections To Discovery Requests:</u> Nothing herein shall be deemed (a) to prevent a Party or non-Party from objecting to Discovery Requests or asserting that information being sought in Discovery Requests is of such a confidential, personal, or proprietary nature that discovery should not be afforded, or (b) to preclude a Party or non-Party from seeking additional or further limitations on the use or disclosure of such information.

34.     <u>Obligations Of Parties:</u> Nothing herein shall relieve a Party or Non-Party of its obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with any Dispute.

35.     <u>Advice Of Counsel:</u> Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Disputes and, in the course thereof, relying on examination of Discovery Material; <u>provided, however,</u> that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

36.     <u>Material Non-Public Information:</u> Any Receiving Party acknowledges that by receiving Designated Materials it may be receiving material non-public information about companies that issue

16

securities and that the determination as to whether it has received material non-public information shall be the sole responsibility of such Receiving Party. For the avoidance of doubt, the Producing Party is under no obligation to designate or mark, or cause to be designated or marked, any Designated Material that may be determined to constitute material non-public information.

37.     Notice: When notice is permitted or required by the provisions hereof, such notice shall be in writing, directed to the undersigned counsel of the Party to receive such notice, at the corresponding addresses or email addresses indicated below, or to counsel of any non-Party receiving such notice. Notice shall be delivered by first-class mail, Federal Express (or an equivalent delivery service), hand delivery, or email, and shall be effective upon receipt.

38.     Enforcement: The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Houston, Texas

June  3, 2022

*/s/  Matthew D. Cavenaugh*

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
Veronica A. Polnick (TX Bar No. 24079148)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:   (713) 752-4200
Facsimile:   (713) 752-4221
Email:       mcavenaugh@jw.com
             jwertz@jw.com
             vpolnick@jw.com


*Proposed Co-Counsel to the Debtor*
*and Debtor in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Christopher T. Greco, P.C. (*pro hac vice*)
Matthew C. Fagen (*pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:       christopher.greco@kirkland.com
             matthew.fagen@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Jaimie Fedell (TX Bar No. 24093423) (*pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:       jaimie.fedell@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Michael F. Williams, P.C. (*pro hac vice*)
Daniel T. Donovan, P.C. (*pro hac vice*)
Alexandra I. Russell (*pro hac vice*)
Sarah E. McVay (*pro hac vice*)
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone:  (202) 389-5000
Facsimile:   (202) 389-5200
Email:       michael.williams@kirkland.com
             daniel.donovan@kirkland.com
             alexandra.russell@kirkland.com
             sarah.mcvay@kirkland.com

*Proposed Co-Counsel to the Debtor*
*and Debtor in Possession*

**HAYNES AND BOONE, LLP**

*/s/ Charles A. Beckham, Jr.*

Charles A. Beckham, Jr.
Martha Wyrick
1221 McKinney Street
Suite 4000
Houston, Texas 77010
Telephone: (713) 547-2000
Facsimile: (713) 547-2600
Email:  Charles.Beckham@haynesboone.com
       Martha.Wyrick@haynesboone.com


*Counsel to Hess Corporation*

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**

*/s/ Mitchell Hurley*

Arik Preis (admitted *pro hac vice*)
Mitchell P. Hurley (admitted *pro hac vice*)
Sara L. Brauner (admitted *pro hac vice*)
Theodore James Salwen (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036-6745
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email:  apreis@akingump.com
       mhurley@akingump.com
       sbrauner@akingump.com
       jsalwen@akingump.com

- and -

Marty L. Brimmage, Jr. (State Bar No. 00793386;
S.D. Tex. 30464)
2300 N. Field Street, Suite 1800
Dallas, TX 75201-2481
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email: mbrimmage@akingump.com

*Proposed Counsel to the Official Committee of Unsecured
Creditors of HONX, Inc.*

19

# EXHIBIT A

**DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY**
**THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**

I, _____, declare under penalty of perjury (this "<u>Declaration</u>") that:

1.      My address is._____

2.      My present employer is._____

3.      My present occupation or job description is      _____

_____

4.      I hereby certify and agree that I have read and understand the terms of the Confidentiality Agreement and Stipulated Protective Order (the "<u>Order</u>") relating to the Disputes between Debtors and certain of the Debtors' creditors and other constituents that are signatories to the Order. All capitalized terms not otherwise defined in this Declaration have the meanings ascribed to such terms in the Order. I further certify that I will not use Discovery Material for any purpose other than the Disputes and the Chapter 11 Case, and will not disclose or cause Discovery Material to be disclosed to anyone not expressly permitted by the Order to receive Discovery Material. I agree to be bound by the terms and conditions of the Order.

5.      I understand that I am to retain in confidence from all individuals not expressly permitted to receive Discovery Material, whether at home or at work, all copies of any Discovery Material, and that I will carefully maintain such materials in a manner consistent with the Order. I acknowledge that the return or destruction of Discovery Material shall not relieve me from any other continuing obligations imposed upon me by the Order.

6.      I acknowledge and agree that I am aware that by receiving Discovery Material

(a)   I may be receiving material non-public information about companies that issue securities and

(b)   there exist laws, including federal securities laws, which may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

7.      I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order.


Date: _____                    Signature: _____