## EXHIBIT A

**Plancich Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------- x
: 
In re: : Chapter 11
:
HONX, INC.,[1] : Case No. 22-90035 (MI)
:
Debtor. :
:
------------------------------------------------------- x

**DECLARATION OF STEPHANIE PLANCICH IN SUPPORT OF THE APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE FUTURE CLAIMANTS' REPRESENTATIVE TO RETAIN AND EMPLOY NERA ECONOMIC CONSULTING AS CLAIMS EVALUATION CONSULTANT EFFECTIVE AS OF JUNE 7, 2022**

Pursuant to 28 U.S.C. § 1746, I, Stephanie Plancich, declare as follows:

1. I am a Director with NERA Economic Consulting ("NERA"), which maintains an office at 1166 Avenue of the Americas, New York, New York, 10036. I submit this declaration (this "Declaration") on behalf of NERA in support of the application (the "Application")[2] of the Future Claimants' Representative for an order authorizing the retention and employment of NERA as a consultant effective as of June 7, 2022, under the terms and conditions set forth herein and in the Application.

**NERA'S QUALIFICATIONS**

2. NERA is a global economic consulting firm that provides services relating to, among other things, the estimation and valuation of mass tort and product liability claims in

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is HONX, Inc. (2163). The location of the Debtor's service address in this chapter 11 case is: 1501 McKinney Street, Houston, Texas, 77010.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

29485425.6

bankruptcies, including developing estimation and forecasting models of tort liabilities, and providing expert testimony and guidance to counsel on mass tort and product liability claims in bankruptcy, litigation, and business matters.  For example, NERA provided claims evaluation consulting services for the future claimants' representative in *In re Mallinckrodt PLC*, Case No. 12522 (JTD). NERA's experts also provided testimony related to forecasting and estimation of liabilities in a number of bankruptcy matters, including *Tronox Inc. v. Anadarko Petroleum Corp. (In re Tronox)*, Case No. 09-10156, Adv. No. 09-01198 (Bankr. S.D.N.Y.) (forecasted claims arising from the sale of construction products and medical products containing asbestos) and *In re W.R. Grace & Co.*, Case No. 01-01139 (Bankr. D. Del.) (assessed whether the debtor company was likely to be subject to substantial future property damage claims relating to its production and marketing of asbestos products).  In addition, NERA experts provided estimation services in the Takata PSAN Trust and to the Special Master of the Takata Individual Restitution Fund, both created to compensate claimants who have suffered personal injury or wrongful death caused by a defective Takata airbag.  NERA's expertise in this area has developed across a range of different products and industries, including pharmaceuticals and medical devices, asbestos, automotive vehicles and products, tobacco, industrial chemicals, and contaminated ground water.

### SERVICES TO BE PROVIDED

3.      As set forth in the Application, NERA will provide the Future Claimants' Representative with such claims evaluation consulting services that the Future Claimants' Representative deems appropriate and feasible in order to assist the Future Claimants' Representative in the course of the Chapter 11 Case, including, but not limited to, the following services (the "Services"):

(a) Advising the Future Claimants' Representative with respect to matters involving present and future asbestos-related personal injury claims against the Debtor;

(b) Estimating the number and value of, and providing any analysis with respect to, present and future asbestos-related personal injury claims against the Debtor;

(c) Assisting the Future Claimants' Representative in negotiations with various parties regarding the Debtor's asbestos-related liability;

(d) Performing due diligence regarding the Debtor's current, potential and overall asbestos-related liability;

(e) Assisting in the prosecution of Future Claimants' Representative positions, including providing expert reports and testimony; and

(f) Rendering such other advisory services as the Future Claimants' Representative or her counsel may deem necessary and consistent with the role of a claims evaluation consultant and not duplicative of services provided by other professionals in the Chapter 11 Case.

4. As noted in the Application, NERA has substantial experience and expertise and is well qualified to perform these Services and represent the interests of the Future Claimants' Representative in the Chapter 11 Case. NERA is prepared to work closely with the Future Claimants' Representative and her counsel to ensure that there is no duplication of effort or cost.

5. In connection with the Future Claimants' Representative's retention of NERA, all communications with and among NERA and the Future Claimants' Representative, as well as any attorney, agent or employee acting on the Future Claimants' Representative's behalf, will be regarded as confidential and made solely for the purpose of assisting counsel in giving legal advice to the Future Claimants' Representative. NERA will not disclose to anyone, without prior written permission of the Future Claimants' Representative, the nature or content of any oral or written communication, or any information gained from inspection of any papers, records, or documents sent to the Future Claimants' Representative.

**DISINTERESTEDNESS AND ELIGIBILITY**

6. In connection with the Application, NERA has been provided with a list of names (collectively, the "Interested Parties"), a copy of which is attached hereto as Schedule 1, of individuals or institutions who are potentially interested parties in the Chapter 11 Case. NERA has conducted searches in its conflicts database to identify connections to the Interested Parties. Unless otherwise indicated, this declaration discloses connections to persons identified as Interested Parties in matters in NERA's records that are currently active or were active within the past five years. The entities listed on Schedule 2 are current or recent former clients of NERA within the past five years. In addition, as an expert witness, NERA is oftentimes engaged in litigation matters through a client's law firm. Schedule 2 includes multiple law firms through which NERA was engaged by a client within the past five years. Unless otherwise set forth herein, the engagements through law firms were in matters unrelated to the Chapter 11 Case.

7. Other than as set forth herein or in the Application, to the best of my knowledge and information after due inquiry, NERA does not have any connection with any of the parties listed on Schedule 1 in matters related to the Chapter 11 Case.

8. In addition, except as set forth herein or in the Application, neither NERA nor any of its professionals has any interest in or connection with the Debtor, its creditors or any other known party-in-interest. Additionally, to the best of my knowledge, the NERA professionals working on this matter are not relatives of the U.S. Trustee or any person employed in the office of the U.S. Trustee or the United States Bankruptcy Judges for the Southern District of Texas.

9. NERA is a wholly-owned subsidiary of Marsh & McLennan Companies, Inc. ("MMC"), a global professional services firm with numerous other subsidiaries. NERA is ring-fenced from MMC's other entities, and it does not perform any cross-business with other MMC

entities. NERA, moreover, does not share the confidential information of its clients with other MMC entities. Conversely, other entities within MMC do not share client details or confidential information with NERA. NERA is structured this way because of the unique nature of its business, which involves providing expert services in litigation. Without such a strict ring-fence and separation, NERA's independence and impartiality would be compromised, thereby eroding the company's business. NERA, moreover, does not have an investment fund or investment management business.

10. Based upon the separation of NERA from other MMC entities and the scope and nature of this engagement, NERA searched its records for any connections with the parties listed on Schedule 1 and made the disclosures set forth herein based on the search of those records. Based upon the results of this search and the disclosures contained herein, NERA believes that it is a "disinterested person" and holds no interest adverse to the Future Claimants' Representative, the Debtor, its creditors or other related parties on matters for which NERA is to be employed.

11. Finally, as part of its diverse practice, NERA appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and other parties-in-interest in this Chapter 11 Case. NERA has also performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of whom may be involved in this Chapter 11 Case. In addition, NERA has in the past, may currently, and will likely in the future, be working with or against other professionals involved in this Chapter 11 Case in matters unrelated to the Debtor and this case. Based on my current knowledge of the professionals involved, and to the best of my

knowledge, none of these relationships creates an interest materially adverse to the Debtor and none are in connection with this Chapter 11 Case.

12. NERA will supplement this declaration if it becomes aware of any other relationship that requires disclosure in the Chapter 11 Case.

**PROFESSIONAL COMPENSATION**

13. Subject to the Court's approval of this Application, NERA will seek approval of payment of compensation and reimbursement of actual, necessary expenses and other charges by filing appropriate applications for the allowance of interim and final compensation and reimbursement of expenses pursuant to the applicable sections of the Bankruptcy Code, the Bankruptcy Rules, the Court's Local Rules, and the applicable orders of the Court. NERA will seek compensation and reimbursement solely from the Debtor and its estate, and the Future Claimants' Representative will have no personal liability for any obligation to NERA arising from this Application.

14. NERA professionals charge for services by the hour, with rates based on the experience and training of the individuals working on the task. The hourly rates for NERA professionals for this type of assignment and for this engagement range from $250 for analysts to $1,500 for directors. The rates set forth above are NERA's current regular hourly rates for work of this nature, and these hourly rates may be adjusted each year.

15. It is NERA's policy to charge its clients for all of its reasonable and necessary out-of-pocket expenses incurred in connection with the particular engagement, including, without limitation, NERA's reasonable attorneys' fees incurred in connection with the retention and compensation of NERA in the Chapter 11 Case, as set forth in the engagement letter. Reimbursable expenses also include, without limitation, airfare, hotel, car rental, copying of

documents (limited to $.10 per page for black and white copies and $.80 for color copies), telephone calls, postage, and shipping. In this matter, NERA will charge for expenses incurred in a manner and at rates consistent with charges made generally to NERA's other clients.

16. To the best of my knowledge, (i) no commitments have been made or received by NERA with respect to compensation or payment in connection with these cases other than in accordance with the provisions of the Bankruptcy Code and (ii) NERA has no agreement with any other entity to share with such entity any compensation received by NERA in connection with the Chapter 11 Case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts and statements set forth above are either (i) within my personal knowledge and are true and correct, or (ii) based upon information supplied to me by others, including certain professionals at NERA, and as such are true and correct to the best of my knowledge, information, and belief.

Dated: July  8,* 2022

*Stephanie Plancich*
Stephanie Plancich (Jul 8, 2022 10:22 EDT)
Stephanie Plancich

---

\* Date filled in by permission of declarant. (A. Catmull)

29485425.6                                     8

## **SCHEDULE 1**

**List of Parties in Interest**

29485425.6

## SCHEDULE 2

New York, State of, Attorney General
BASF Corp.
CertainTeed Corp.
Chevron USA Inc.
Cleaver-Brooks Inc.
Coca-Cola Co., The
ConocoPhillips Co.
Consolidated Edison Co.
Dow Chemical Co., The
FirstEnergy Corp.
Ford Motor Co.
General Electric Co.
Glencore Ltd.
Goodyear Tire & Rubber Co., The
IMO Industries Inc.
Ingersoll Rand Co.
International Paper Co.
Jersey Central Power & Light Co.
Kaiser-Gypsum Co. Inc.
Lockheed Martin Corp.
Metropolitan Life Insurance Co.
Minute Maid Co.
Monsanto Co.
Occidental Chemical Corp.
Pfizer Inc.
Phillips 66 Co.
Public Service Electric & Gas Co.
Rockwell Automation Inc.
Schneider Electric SE
Sherwin-Williams Co., The
ViacomCBS Inc.
Watts Water Technologies Inc.
Zurn Industries LLC