IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 ) |
| HONX, INC.,[1] | ) Case No. 22-90035 (MI) ) |
| Debtor. | ) ) ) |

**JOINT STIPULATION AND AGREED ORDER
APPOINTING CO-MEDIATORS AND GOVERNING MEDIATION PROCEDURE**

HONX, Inc., the above-captioned debtor and debtor in possession (the "Debtor"), the Official Committee of Unsecured Creditors (the "Committee"), the Honorable Barbara J. Houser, retired United States Bankruptcy Judge for the United States Bankruptcy Court for the Northern District of Texas, in her capacity as legal representative for the future asbestos claimants (the "FCR"), Hess Corporation ("Hess"), and Burns Charest LLP, in its capacity as counsel to certain asbestos claimants ("Burns Charest," and together with the Debtor, the Committee, the FCR, and Hess, the "Parties") hereby enter into this stipulation and agreed order (the "Stipulation") and agree as follows:

**RECITALS**

WHEREAS, on April 28, 2022 (the "Petition Date"), the Debtor commenced this chapter 11 case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is HONX, Inc. (2163). The location of the Debtor's service address in this chapter 11 case is: 1501 McKinney Street, Houston, Texas, 77010.

the Southern District of Texas (the "Court"). The Debtor is managing its chapter 11 case as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

WHEREAS, on the Petition Date, the Debtor commenced a proceeding for injunctive relief (the "Adversary Proceeding")[2] in this Court seeking (a) a temporary restraining order prohibiting Kadar Mohansingh ("Mohansingh") from continuing to prosecute *Mohansingh v. Hess Oil Virgin Islands Corp., et al.*, SX-2006-CV-00231 (V.I. Super. Ct.) (the "Mohansingh Action"), against Hess, (b) requesting that the Court issue a preliminary (and ultimately permanent) injunction pursuant to section 105 of the Bankruptcy Code, enjoining plaintiffs (including Mohansingh) from continuing to prosecute certain pending asbestos and toxic substance-related actions (the "Pending Actions") through the effective date of any plan confirmed in the Debtor's chapter 11 case, and (c) asking that the Court, pursuant to section 362 of the Bankruptcy Code, extend the automatic stay as to Hess and enjoin the plaintiffs in the Pending Actions (including the Mohansingh Action) from continuing to prosecute such Pending Actions through the effective date of any plan confirmed in the Debtor's chapter 11 case;

WHEREAS, on April 29, 2022, the Court entered the *Order Declaring Stay Violation* [Adv. Pro. Docket No. 18] (the "Stay Violation Order") in the Adversary Proceeding, which found that the automatic stay prohibits the continuation of the Mohansingh Action;

WHEREAS, on May 6, 2022, the Debtor filed the *Debtor's Motion for Entry of an Order Authorizing Estimation of Debtor's Aggregate Liability for Current and Future Asbestos Claims and Establishing a Schedule for Estimation Proceeding* [Docket No. 68] (the "Estimation Motion") seeking entry of an order authorizing an aggregate estimation of the Debtor's legal

---

[2] The Adversary Proceeding is *HONX, Inc. v. Those Parties Listed in Appendix A to Complaint and John and Jane Does 1-1000*, Adv. Proc. No. 22-03129 (MI) (Bankr. S.D. Tex.).

liability for the alleged existing and future asbestos and toxic tort liabilities (the "Asbestos Claims") and approving the Debtor's proposed schedule for the estimation process, among other things;

WHEREAS, the Parties each desire to attempt to negotiate a consensual resolution of issues between them, including the Debtor's stated intention of seeking to confirm a chapter 11 plan that includes a section 524(g) trust, to reach a consensual resolution to this chapter 11 case ; and

WHEREAS, the Parties believe that mediation may assist in such resolution efforts.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION AND ORDER, IT IS SO ORDERED as follows:

1. The above recitals are incorporated by reference into this Stipulation with the same force and effect as if fully set forth hereinafter.

2. The Court authorizes and appoints, with the Co-Mediators' consent, the Honorable David R. Jones and Mr. Kenneth Feinberg, working together, to serve as co-mediators in this chapter 11 case (each a "Mediator," and together, the "Co-Mediators") and to conduct the mediation as set forth herein (the "Mediation"). Judge Jones will be performing his mediator duties in his capacity as a United States Bankruptcy Judge and is entitled to all of the privileges and immunities attached to such service. The Co-Mediators are empowered to require individuals with the authority to bind each Party to attend any and all Mediation sessions.

3. The Debtor is authorized, with the agreement of the other Parties, to engage the Co-Mediators on terms (including the amount of fees) that the Parties determine are appropriate and reasonable.[3] The Debtor is authorized, with the agreement of the other Parties, to take such

---

[3] For the avoidance of doubt, Judge Jones will not receive any fees or other compensation in exchange for his services as a Co-Mediator. Mr. Feinberg will receive a fee of $250,000 per month (plus out of pocket expenses) for the first three months of the Mediation, beginning July 1, 2022, for his services as a Co-Mediator. Mr. Feinberg's fee for the third month of mediation shall be subject to proration if the Mediation concludes before the

steps as may be necessary or appropriate in connection with the engagement and appointment of the Co-Mediators.  During the Mediation Term (as defined below), Hess shall pay to the Debtor (a) all fees and expenses of the Co-Mediators and the FCR, (b) the professional fees of advisors to the Debtor, the Committee, and the FCR (the "Advisor Costs"), and (c) all other fees and expenses incurred during the duration of Mediation authorized by the Court (together with the Advisor Costs and the costs in clause (a), the "Mediation Costs"); *provided* that Hess shall deposit any and all amounts necessary to satisfy the Mediation Costs into the Debtor's bank account to be paid by the Debtor; *provided further* that Parties shall comply with any interim compensation procedures, as applicable, before the Debtor is required to pay any Advisor Costs.  Neither the Debtor nor Hess shall be responsible for the payment of fees or expenses incurred by parties other than the FCR, estate professionals, and the Co-Mediators in connection with Mediation.  Within five days of entry of this Stipulation, the Committee and the FCR shall provide the Debtor and/or its professionals with a non-binding estimate of fees and expenses through and including September 16, 2022; to the extent that the Mediation Term extends past September 16, 2022, the Committee and the FCR shall provide the Debtor and/or its professionals with a non-binding estimate of fees and expenses for each successive one month period within five days of any such extension.

4. Subject to the terms of this Stipulation (including paragraph 16), the Co-Mediators may conduct the Mediation as they see fit.

5. Subject to the schedule set forth on **Exhibit A** hereto, the Co-Mediators shall set the dates, times, and place for conducting sessions of the Mediation.  The term of the Mediation (the "Mediation Term") shall begin on the date of the first Mediation session among the Parties

---

end of the third month.  In the event that Mediation goes beyond three months, the Parties shall negotiate and agree to a fee for any further Mediation services by Mr. Feinberg.

and the Co-Mediators and shall end on the date that either or both of the Co-Mediators determine(s) that Mediation should conclude (which, for the avoidance of doubt, shall not be earlier than August 19, 2022) (such date, the "Conclusion of Mediation").

6. The Mediation will be conducted for the purpose of resolving the Asbestos Claims (present and future) (the "Asbestos Mediation"). If and when there is a documented resolution in the Asbestos Mediation, then a second phase of the Mediation may begin with necessary parties and professionals (but, for the avoidance of doubt, without the FCR and Burns Charest) with regard to all other present claimants (the "Non Asbestos Mediation"); but the Non Asbestos Mediation shall not commence until the Asbestos Mediation concludes. The outcome of the Non Asbestos Mediation shall have no impact on the resolution reached in the Asbestos Mediation.

7. The Parties shall engage in good-faith efforts to agree to the scope of information to be shared for the purposes of Mediation ("Discovery"), subject to additional requests from the Co-Mediators. The Parties shall submit the terms of their agreed scope of Discovery to the Co-Mediators no later than three business days after entry of this Stipulation. If the Parties cannot agree on a preliminary scope of Discovery as a prerequisite for Mediation, Mediation shall not commence. Once in Mediation, in the event of a dispute over the scope of additional Discovery to be shared, the Parties shall submit their own proposed scope of information requests to the Co-Mediators and the Co-Mediators shall determine the scope of Discovery. The terms of the *Stipulated Confidentiality Agreement and Protective Order* [Docket No. 149] (the "Confidentiality Agreement") shall control the exchange and treatment of Confidential Information or Advisors'-Eyes-Only Information (both as defined in the Confidentiality Agreement).

8. There shall be an absolute mediation privilege, subject to further order by the Court in accordance with the fourth sentence of this paragraph. All communications, information, and

evidence exchanged within the Mediation, including, (a) discussions among the Parties, including discussions with or in the presence of the Co-Mediators before or after the entry of this Stipulation, (b) any Mediation statements or any other documents or information provided to the Co-Mediators or exchanged among the Parties in the course of the Mediation, and (c) correspondence, draft resolutions, offers, and counteroffers produced for, or as a result of, or during the Mediation, shall be strictly confidential and shall remain confidential following the Mediation's conclusion, and shall not be used for any purpose other than the Mediation.  To the extent any information or evidence disclosed within the course of Mediation is privileged, its disclosure amongst the Parties in the Mediation and to the Co-Mediators does not waive or adversely affect the privileged nature of such information or evidence.  No person or Party, including counsel for any Party, or any other party, shall in any way disclose to any person or entity that is not a Party or to any court, including, without limitation, in any pleading or other submission to any court, any such discussion, Mediation statement, other document or information, correspondence, resolution, offer, or counteroffer that may be made or provided in connection with the Mediation, unless authorized by further order of this Court.  All settlement proposals, counterproposals, and offers of compromise made during the Mediation (each, a "Settlement Proposal") shall (a) remain confidential unless the Party making such Settlement Proposal agrees to the disclosure of any such Settlement Proposal and (b) be subject to protection under Rule 408 of the Federal Rules of Evidence and all state-law equivalents.  Any Party who improperly discloses communications, information, and evidence exchanged confidentially during the Mediation may be subject to sanctions.

9. Any Party may engage in *ex parte* communications with any other Party and with either or both Co-Mediators and shall not be obligated to disclose the substance of any such communications to any other Party or any Co-Mediator.

10. The Parties agree to seek an agreed stay of all active pending litigation between the Parties during the duration of the Mediation, including seeking approval of the Estimation Motion and all pending appeals, including (a) the appeal by Mohansingh and certain clients of Burns Charest (the "BC Litigants") of the Stay Violation Order (appeal docketed at No. 4:22-cv-01435 (S.D. Tex.)), and (b) the appeal by Mohansingh and the BC Litigants of the Court's April 29, 2022 minute entry (appeal docketed at No. 4:22-cv-1692 (S.D. Tex.)).  The agreed stay included in this paragraph 10 shall expire at 11:59 P.M. CT on the earlier of (a) the Conclusion of Mediation, and (b)  September 16, 2022, absent further agreement of the Parties.

11. The Parties agree to (a) extend the Debtor's exclusive period to file and solicit a chapter 11 plan, (b) extend the deadline to remove causes of action to this Court, and (c) extend the deadline to assume or reject unexpired leases and executory contracts so that such periods do not lapse before the date that is 30 days after the earlier of (a) the Conclusion of Mediation, and (b) September 16, 2022 (absent further agreement of the Parties).  Parties, and for the Committee, the members of the Committee, agree that they will not seek relief from the automatic stay applicable to litigation against the Debtor under section 362 of the Bankruptcy Code, or from the Stay Violation Order, or support any other Party's or third party's motion to lift the automatic stay, until the earlier of (a) the Conclusion of Mediation, and (b) September 16, 2022 (absent further agreement of the Parties).  Further, (and absent further agreement of the Parties), all Parties agree that until the earlier of (a) the Conclusion of Mediation, and (b) September 16, 2022, , no motions or pleadings will be filed with the Court without the consent of all other Parties to the Mediation, which consent shall not be unreasonably withheld, other than (a) administrative or ministerial motions or pleadings (*i.e.*, proposed orders with respect to previously-submitted motions or pleadings), (b) a motion by the Debtor to establish a bar date for holders of non-Asbestos Claims,

which motion shall not be filed before August 15, 2022, and (c) emergency motions necessary for the Debtor's continued administration of this chapter 11 case.

12. It is expressly agreed by the Parties that nothing in this Order, including the agreements and stipulations incorporated into this Order as well as the fact of Mediation itself, shall be used (offensively or otherwise) against any Party in any manner whatsoever (including in any hearing, motion, pleading, subsequent litigation, or otherwise); *provided*, that the foregoing is subject to paragraph 8 of this Order with respect to communications, information, and evidence exchanged within the Mediation.

13. Each of the Parties to this Stipulation represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

14. Neither this Stipulation, nor any terms contained herein shall be offered in evidence in any legal proceeding or administrative proceeding among or between the Parties, other than as may be necessary to obtain approval of and to enforce this Stipulation.

15. At their discretion, the Co-Mediators may file periodic reports with the Court concerning the status of the Mediation, but such reporting shall not disclose any information deemed confidential and shall only inform the Court and the Parties about the general status and schedule of the Mediation.

16. The Mediation shall be conducted in accordance with the rules set out in Section S of the Procedures for Complex Cases in the Southern District of Texas.

17. The Parties are authorized and empowered to take all actions necessary to effectuate the relief granted in this Stipulation.

18. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Stipulation are immediately effective and enforceable upon its entry.

19. This Court retains exclusive jurisdiction with respect to all matter arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation.

Houston, Texas
Dated: _____, 2022

_____
MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

**STIPULATED AND AGREED TO THIS 15th DAY OF JULY, 2022:**

Houston, Texas
July 15, 2022

*/s/ Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER LLP** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jennifer F. Wertz (TX Bar No. 24072822) | Christopher T. Greco, P.C. (admitted *pro hac vice*) |
| Veronica A. Polnick (TX Bar No. 24079148) | Matthew C. Fagen (admitted *pro hac vice*) |
| 1401 McKinney Street, Suite 1900 | 601 Lexington Avenue |
| Houston, TX 77010 | New York, New York 10022 |
| Telephone: (713) 752-4200 | Telephone: (212) 446-4800 |
| Facsimile: (713) 752-4221 | Facsimile: (212) 446-4900 |
| Email: mcavenaugh@jw.com | Email: christopher.greco@kirkland.com |
|        jwertz@jw.com |        matthew.fagen@kirkland.com |
|        vpolnick@jw.com | |

*Co-Counsel to the Debtor*
*and Debtor in Possession*

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**

Whitney Fogelberg (admitted *pro hac vice*)
Jaimie Fedell (TX Bar No. 24093423) (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email:    whitney.fogelberg@kirkland.com
          jaimie.fedell@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Michael F. Williams, P.C. (admitted *pro hac vice*)
Daniel T. Donovan, P.C. (admitted *pro hac vice*)
Alexandra I. Russell (admitted *pro hac vice*)
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200
Email:    michael.williams@kirkland.com
          daniel.donovan@kirkland.com
          alexandra.russell@kirkland.com

*Co-Counsel to the Debtor*
*and Debtor in Possession*

-and-

*/s/ Arik Preis*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Arik Preis
Mitch Hurley
Sara Brauner
James Salwen
1 Bryant Park
New York, NY 10036
Telephone: (212) 872-7418
Facsimile: (212) 872-1002
Email: apreis@akingump.com
mhurley@akingump.com
sbrauner@akingump.com
jsalwen@akingump.com

*Proposed Counsel for the Official Committee of Unsecured Creditors*

-and-

*/s/ Charles A. Beckham, Jr.*
**HAYNES AND BOONE, LLP**
Charles A. Beckham, Jr. (TX Bar No. 02016600)
Arsalan Muhammad (TX Bar No. 24074771)
Martha Wyrick (TX Bar No. 24101606)
1221 McKinney Street, Suite 4000
Houston, Texas 77010
Telephone: (713) 547-2000
Facsimile: (713) 547-2600
Email: charles.beckham@haynesboone.com
arsalan.muhammad@haynesboone.com
martha.wyrick@haynesboone.com

*Counsel for Hess Corporation*

-and-

*/s/ Edwin J. Harron*
**YOUNG, CONAWAY, STARGATT &TAYLOR, LLP**
Edwin J. Harron
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6703
Facsimile: (302) 576-3298
Email: eharron@ycst.com

*Counsel for the Future Claimants' Representative*

*-and-*

*/s/ Warren T. Burns*
**BURNS CHAREST LLC**
Warren T. Burns
Daniel Charest
900 Jackson Street, Suite 500
Dallas, Texas 75202
Telephone:       (469) 904-4550
Facsimile:        (469) 444-5002
Email:              wburns@burnscharest.com
                        dcharest@burnscharest.com

*Counsel to the the BC Litigants*

**Exhibit A**

## HONX, Inc. Proposed Mediation Timeline

**July 8**

(1)     Agreed mediation binder with claims database summary provided to Co-Mediators.

(2)     Debtors provided to FCR and UCC available data regarding employee records on July 9.

**July 15**

Written mediation statements due from each Party, which shall be no longer than 10 pages (double spaced) and shall not include appendices.

**Week of July 18–22**

Opening statements. Opening statements to be private with just the Co-Mediators, with the option for FCR/FCR Counsel to join each Party's opening statement.

**Weeks of July 25-29 and August 1-5 and, if necessary, August 8-12**

Private mediation sessions with the Co-Mediators and each Party. Sessions may occur in-person or by zoom at the Co-Mediators' discretion.

**Weeks of August 8-12 (if not used for row above), and August 15-19**

All mediation parties shall be prepared to participate in in-person meetings, with meeting format, location, and agenda subject to the availability of the Co-Mediators and the mediation parties, and discretion of the Co-Mediators (anticipated that these will be negotiating sessions, and will be in NYC (or East Coast)).

**No earlier than August 15**

Debtor can file motion to establish bar date for non-asbestos claims (per Paragraph 11 of the Mediation Order).

**End of the day on August 19**

Co-Mediators to inform parties as to status of Mediation, and as to whether they would like to continue Mediation; all parties to be bound by Co-Mediator decision.

**Weeks of August 22-26, August 29-September 2, September 6-September 9, and September 12-16**

Depending upon Co-Mediator decision on August 19, all mediation parties shall be prepared to participate in in-person meetings, with meeting format, location, and agenda subject to the availability of the Co-Mediators and the mediation parties, and discretion of the Co-Mediators (anticipated that these will be negotiating sessions, and will be in NYC (or East Coast)).

**September 16**

Co-Mediators to inform Parties as to whether they would like to continue Mediation; Mediation to conclude unless both Co-Mediators, by agreement, decide to continue Mediation.