IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HONX, INC.,[1] | ) Case No. 22-90035 (MI) |
| | ) |
| Debtor. | ) |
| | ) |

**BC LITIGANTS' NOTICE OF INTENTION TO DISMISS WITH PREJUDICE
CLAIMS PENDING IN VIRGIN ISLANDS CASES AGAINST HONX, INC.**

Through this notice (the "Notice"), the clients of Burns Charest LLP (collectively, the "BC Litigants") whose cases have been subject to the automatic stay hereby provide notice to the Court and all parties in interest of their intent to dismiss with prejudice any claims they have against HONX, Inc. (the "Debtor") in the cases currently pending before courts in the U.S. Virgin Islands (the "Virgin Islands Cases") twenty-one (21) days from today's date, and in support hereof respectfully state as follows:

**PRELIMINARY STATEMENT**

1. The BC Litigants file this pleading to provide the Court and all parties in interest notice of their intention to dismiss with prejudice any claims they have against the Debtor in the Virgin Islands Cases (and, for the avoidance of doubt, that they will not file proofs of claim against the Debtor in this case with regard to such claims), which, since the commencement of the above-captioned bankruptcy case (the "Bankruptcy Case"), have been subject to the automatic stay. The filing of motions to dismiss with prejudice will not constitute a violation of the automatic stay

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is HONX, Inc. (2163). The location of the Debtor's service address in this chapter 11 case is: 1501 McKinney Street, Houston, Texas, 77010.

1

13717284

under section 362(a). Precedents in the Fifth Circuit and elsewhere further establish that the dismissal of debtors from cases while in bankruptcy is not violative of the automatic stay imposed pursuant to section 362(a). Moreover, dismissing the Debtor with prejudice from the Virgin Islands Cases will not harm the Debtor or its property or interfere with its reorganization or liquidation efforts. Instead, dismissals with prejudice of the Debtor from the Virgin Islands Cases will benefit the Debtor's estate by removing hundreds of claims against the estate and will avoid the need to resolve such claims.  Withdrawal will also save the estate potentially millions of dollars in attorneys' fees that will be incurred to the extent that this Court approves the Debtors' motion seeking to estimate claims.

2. While it is clear that it is the BC Litigants' right to dismiss their claims in the Virgin Islands Cases with prejudice against the Debtor without leave of this Court, out of respect for this Court and these proceedings, the BC Litigants will refrain from filing dismissals in the Virgin Islands Cases for twenty-one (21) days to provide this Court and other parties in interest time to raise any concerns with this Notice directly with the BC Litigants[2], and if such concerns cannot be resolved consensually, to file responses in this Court.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over these matters pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

4. Venue for is proper pursuant to 28 U.S.C. § 1408.

---

[2] For the avoidance of doubt, approximately one month ago counsel to the BC Litigants previewed with the Debtor and Hess that the BC Litigants would be taking this action and has not received any response with regard thereto.

**BACKGROUND**

**A.     The Asbestos Actions**

5.      Prior to the filing of the Bankruptcy Case, and over the past three decades, hundreds of cases (the "Asbestos Actions") have been filed against the Debtor and its parent, Hess Corporation ("Hess"), for claims based on exposure to asbestos and toxic substances at an oil refinery in St. Croix (the "Refinery") owned and operated by the Debtor's corporate predecessor, Hess Oil Virgin Island Corp. ("HOVIC"), and later, a related entity, HOVENSA L.L.C. The vast majority of the Asbestos Actions are currently now pending in the Virgin Islands.

6.      One of the Asbestos Actions, styled *Kadar Mohansingh v. Hess Oil Virgin Islands Corp., et al.*, Civil Action No. SX-06-CV-231 (the "Mohansingh Action") was commenced on March 13, 2006, when the plaintiff, Kadar Mohansingh ("Mohansingh"), filed his complaint in the Superior Court of the Virgin Islands (the "Virgin Islands Superior Court") alleging causes of action against Hess and HOVIC for negligence, supply of dangerous chattels (compounds containing asbestos), and fraudulent concealment of the inherent risk posed by asbestos exposure while working at the Refinery under Virgin Islands law.

7.      In July 2021, the U.S. Virgin Islands legislature passed a "preference statute" that allowed individuals over the age of 65 to request expedited trial dates in the Asbestos Actions within 180 days. *See* 5 V.I.C. § 31(b)(4). Mohansingh, who is over 65 years old, requested an expedited trial based on this statute.

8.      On April 19, 2022, the Virgin Islands Superior Court denied Hess's motion for summary judgment on Mohansingh's claims.

9.      The Mohansingh Action was set for trial on May 2, 2022, only four days after the Bankruptcy Case was filed.

**B.     The Bankruptcy Case**

10.     On April 28, 2022 (the "Petition Date"), the Debtor commenced its voluntary Bankruptcy Case (the "Bankruptcy Case") in this Court.

11.     On May 13, 2022, the U.S. Trustee for the Southern District of Texas appointed an Official Committee of Unsecured Creditors in the Bankruptcy Case (the "Committee"). *See* Docket No. 91.

12.     On June 9, 2022, the Court entered an *Order Appointing the Honorable Barbara J. Houser, Retired Bankruptcy Judge for the United States Bankruptcy Court for the Northern District of Texas as Legal Representative for Future Asbestos Claimants* [Docket No. 142], appointing retired Bankruptcy Judge Barbara J. Houser as legal representative for future asbestos claimants (the "FCR") in the Bankruptcy Case.

13.     On July 18, 2022, the Debtor, the Committee, the FCR, Hess, and Burns Charest LLP (the "Parties") filed a *Joint Stipulation and Agreed Order Appointing Co-Mediators and Governing Mediation Procedure* [Docket No. 209] (the "Mediation Order"). Pursuant to the Mediation Order, the Parties agreed to stay all active pending litigation among the Parties until the earlier of the conclusion of the mediation or 11:59 p.m. (CT) on September 16, 2022.

14.     On September 15, 2022, the Debtor filed a *Notice of Termination of Mediation* [Docket No. 296], notifying the Court that the mediation was unsuccessful.

15.     The BC Litigants now provide notice of their intent to dismiss the claims against the Debtor with prejudice from each of the pending Virgin Islands Cases.

**DISMISSAL IS APPROPRIATE UNDER THE
BANKRUPTCY CODE AND BINDING PRECEDENT**

16.     Dismissal of the Debtor with prejudice from the Virgin Islands Cases will not violate the plain terms of section 362(a), including its stay of the "continuation . . . of a judicial . .

13717284

. action or proceeding against the debtor that was . . . commenced before the [Bankruptcy Case] . . ." *See* 11 U.S.C. § 362(a)(1). In fact, dismissal with prejudice of the Debtor in the Virgin Islands Cases would amount to a complete termination (as opposed to a "continuation") of such proceedings against the Debtor by the BC Litigants. Other plaintiffs who had cases pending against debtors outside of this bankruptcy court have sought, and obtained, dismissals of their claims against the debtors with prejudice, and no court found that a stay violation occurred in the process. For example, the United States Bankruptcy Court for the District of Connecticut granted the plaintiffs in removed state court actions motion to dismiss their cases with prejudice against certain of the debtors whose bankruptcy cases were pending in this district. *See Order Granting Unopposed Motion to Dismiss Plaintiffs' Claims Against Removing Defendants InfoWars LLC (aka InfoW, LLC), InfoWars Health, LLC (aka IWHealth, LLC) and Prison Planet TV, LLC With Prejudice*, Adv. Proc. No. 22-05006 (JAM), Adv. Docket No. 28 (Bankr. D. Conn. May 26, 2022).

17.     Moreover, the Fifth Circuit has held that courts can dismiss a debtor from a proceeding while it is in bankruptcy without violating the automatic stay. *See Arnold v. Garlock Inc.*, 288 F.3d 234, 237 (5th Cir. 2002); *see also Villarreal v. City of Laredo*, No. 5:03-cv-11, 2007 WL 2900572, at *6 (S.D. Tex. Sept. 28, 2007) (citing *Arnold* in holding that dismissing claims against debtor was appropriate irrespective of the automatic stay); *Tomlin v. Health Assurance, LLC*, No. 1:15-cv-375-JCG, 2017 WL 3090270, at *2 (S.D. Miss. July 20, 2017) (same); *Lyon v. Green Thumb Landscaping, et al.*, No. 4:13cv494, 2016 WL 3566742, at *2 (E.D. Tex. June 7, 2016) (same).

18.     In *Arnold*, a number of state court lawsuits asserting asbestos-related personal injury claims were brought against a company, which subsequently removed these actions to federal court and sought the transfer of the cases to the federal district court in which one of the

company's co-defendants had filed bankruptcy. 288 F.3d at 234. Thereafter, the district courts where the cases had been removed entered orders dismissing the debtor co-defendant from those cases. *Id.* On appeal, the company argued that the automatic stay precluded the dismissal of the debtor co-defendant from the removed cases. *Id.* at 236. The Fifth Circuit noted that it had previously "held that the automatic stay does not divest all other courts of jurisdiction to hear every claim that is in any way related to the bankruptcy proceeding," and that "district courts retain jurisdiction to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay." *Id.*[3] Therefore, the Fifth Circuit held that "[t]he district courts in the instant cases were similarly entitled to dismiss the debtor on the plaintiffs' motions as a matter consistent with the terms of § 362(a) and the effective management of their dockets." *Id.* at 237.

19. Other courts have reached similar conclusions and results as the Fifth Circuit in *Arnold*. *See, e.g.*, *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 852 F. Supp. 226, 228 (S.D.N.Y. 1994) ("[U]nilateral dismissal of a claim against a bankrupt . . . assists rather than interferes with the goals of Chapter 11; the purposes of the Bankruptcy Code were in no way infringed by the dismissal by a plaintiff of a case against the bankrupt without any additional cost or risk to the bankrupt or its creditors."); *Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992) (holding that dismissal of a defendant-debtor is not precluded by the bankruptcy

---

[3] The Fifth Circuit cited prior decisions in support of these points. *Arnold*, 288 F.3d at 236 (citing *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990) (upholding dismissal of claim under *forum non conveniens* notwithstanding section 362(a), in part because the defendant's Chapter 11 case made it unnecessary to keep the action on the court's docket, and subsequently lifting the stay by the bankruptcy court would cure any defect to the extent one existed); *Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1069 (5th Cir. 1986) (district court had jurisdiction to determine applicability of automatic stay to case pending before it); *In re National Gypsum Co.*, 118 F.3d 1056, 1070 n.24 (5th Cir. 1997) (stating that a district court may determine the applicability of the automatic stay)). In reaching its decision, the Fifth Circuit also cited its holding in *Pope v. Manville Forest Prods. Corp.*, 778 F.2d 238, 239 (5th Cir. 1985) that a Louisiana federal district court erred in applying as res judicata a judgment of $0 against a Title VII defendant in New York bankruptcy court to dismiss the plaintiff's identical claim in Louisiana federal district court. *Id.* But the Fifth Circuit noted that this holding was "expressly limited . . . to the specific facts of [*Pope*]." *Id.*

stay); *Dennis v. A.H. Robins Co., Inc.*, 860 F.2d 871, 872 (8th Cir. 1988) (holding that bankruptcy court lacked power to preclude another court from dismissing case on its docket or to affect handling of case in manner not inconsistent with purpose of automatic stay); *Seattle-First Nat'l Bank v. Westwood Lumber, Inc.*, 796 P.2d 790, 793-95 (Wash. Ct. App. 1990) (holding that filing of voluntary nonsuit in state court did not violate the automatic stay).[4]

20. Therefore, it is the position of the BC Litigants that dismissal of the Debtor with prejudice from the Virgin Islands Cases will not violate the automatic stay.

21. In addition, none of the purposes of the automatic stay would be undermined by the Debtor's dismissal from the Virgin Islands Cases. Dismissal would not adversely affect the Debtor or its property, or compel the Debtor to confront the "forces that led [the Debtor] to bankruptcy." *See Seattle-First Nat'l Bank*, 796 P.2d at 795. Further collection efforts would not ensue or undercut the Debtor's efforts to rehabilitate its finances. *See id.* In fact, the Debtor benefits from dismissal because it will no longer need to address hundreds of cases in the Bankruptcy Case.

## CONCLUSION

22. While within their rights to seek dismissal of claims against the Debtor with prejudice, out of respect for this Court, its resources, and these proceedings, the BC Litigants are providing twenty-one (21) days' notice before proceeding with the filing of dismissals in the Virgin Islands Cases to afford this Court and all parties in interest the opportunity to raise any concerns with this Notice directly with the BC Litigants, and if such concerns cannot be resolved consensually, to file responses in this Court.

---

[4] The Ninth Circuit subsequently "honor[ed] the res judicata effect of [the Washington appellate court's] judgment" in *Seattle-First Nat'l Bank*, 796 P.2d at 796. *See Seattle-First Nat'l Bank v. Westwood Lumber (In re Westwood Lumber Inc.)*, No. 90-35272, 1991 WL 71948, at *1 (9th Cir. May 3, 1991).

13717284

Dated: December 13, 2022.

Respectfully submitted,

**PORTER HEDGES LLP**

*/s/ John F. Higgins*
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
1000 Main Street, 36th Floor
Houston, Texas   77002-2764
Telephone: (713) 226-6000
Facsimile: (713) 226-6255
jhiggins@porterhedges.com
sjohnson@porterhedges.com

-and-

**BURNS CHAREST LLP**
Warren T. Burns
State Bar No. 24053119
Daniel H. Charest
State Bar No. 24057803
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4555
Facsimile: (469) 444-5002
dcharest@burnscharest.com

***Attorneys for BC Litigants***

8

13717284