# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| HONX, INC.,[1] | ) ) ) | Case No. 22-90035 (MI) |
| Debtor. | ) ) ) | **Re: Docket No. 535** |

## DEBTOR'S PRELIMINARY RESPONSE TO
## BC LITIGANTS' NOTICE OF INTENTION TO DISMISS WITH
## PREJUDICE CLAIMS PENDING IN VIRGIN ISLANDS CASES AGAINST HONX, INC.

On December 13, 2022, the clients of Burns Charest LLP (collectively, the "BC Litigants") filed the *BC Litigants' Notice of Intention to Dismiss with Prejudice Claims Pending in Virgin Islands Cases Against HONX, Inc.* [Docket No. 535] (the "BC Notice"). The Debtor sent the correspondence attached hereto as **Exhibit A** to counsel for the BC Litigants, John F. Higgins and M. Shane Johnson of Porter Hedges LLP, and Warren T. Burns and Daniel H. Charest of Burns Charest LLP on December 15, 2022. To the extent the BC Litigants seek relief from the automatic stay from the Court, the Debtor intends to file a written response within the time to respond.

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is HONX, Inc. (2163). The location of the Debtor's service address in this chapter 11 case is: 1501 McKinney Street, Houston, Texas, 77010.

1

Houston, Texas
December 15, 2022

*/s/ Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER LLP** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Jennifer F. Wertz (TX Bar No. 24072822) | Christopher T. Greco, P.C. (admitted *pro hac vice*) |
| Veronica A. Polnick (TX Bar No. 24079148) | Matthew C. Fagen (admitted *pro hac vice*) |
| 1401 McKinney Street, Suite 1900 | 601 Lexington Avenue |
| Houston, TX 77010 | New York, New York 10022 |
| Telephone: (713) 752-4200 | Telephone: (212) 446-4800 |
| Facsimile: (713) 752-4221 | Facsimile: (212) 446-4900 |
| Email: mcavenaugh@jw.com | Email: christopher.greco@kirkland.com |
| jwertz@jw.com | matthew.fagen@kirkland.com |
| vpolnick@jw.com | |

*Co-Counsel to the Debtor
and Debtor in Possession*

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**

Whitney C. Fogelberg (admitted *pro hac vice*)
Jaimie Fedell (TX Bar No. 24093423) (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: whitney.fogelberg@kirkland.com
jaimie.fedell@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**

Michael F. Williams, P.C. (admitted *pro hac vice*)
Daniel T. Donovan, P.C. (admitted *pro hac vice*)
Alexandra I. Russell (admitted *pro hac vice*)
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200
Email: michael.williams@kirkland.com
daniel.donovan@kirkland.com
alexandra.russell@kirkland.com

*Co-Counsel to the Debtor
and Debtor in Possession*

## Certificate of Service

I certify that on December 15, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

## **Exhibit A**

**Debtor's Letter**

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| Christopher T. Greco, P.C.<br>To Call Writer Directly:<br>+1 212 446 4734<br>christopher.greco@kirkland.com | 601 Lexington Avenue<br>New York, NY 10022<br>United States<br><br>+1 212 446 4800<br><br>www.kirkland.com | Facsimile:<br>+1 212 446 4900 |

December 15, 2022

**By Electronic Mail**

John F. Higgins
M. Shane Johnson
PORTER HEDGES LLP
1000 Main Street, 36th Floor
Houston, TX 770002
jhiggins@porterhedges.com
sjohnson@porterhedges.com

Warren T. Burns
Daniel H. Charest
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, TX 75202
dcharest@burnscharest.com

Re:   *In re HONX, Inc.*, Case No. 22-90035 (MI) (Bankr. S.D. Tex.) ("Bankruptcy Case")

Dear Counsel:

We write concerning the *BC Litigants' Notice of Intention to Dismiss with Prejudice Claims Pending in Virgins Islands Cases Against HONX, Inc.* (the "Notice") that was filed in the Bankruptcy Case on December 13, 2022. The purpose of this letter is to advise you that it would violate the automatic stay under the Bankruptcy Code: (1) to dismiss your claims pending in the Virgin Islands against the Debtor; and/or (2) to seek to continue litigation against Hess Corporation in the Virgin Islands cases without seeking and obtaining relief from the automatic stay.

As you are aware, cases against the Debtor and Hess Corporation in relation to alleged asbestos exposure at the Debtor's former refinery have been stayed pursuant to section 362(a) of the Bankruptcy Code since the commencement of the Bankruptcy Case. The Bankruptcy Court expressly held in its Order of April 29, 2022 that "any attempt to proceed in the Virgin Islands would violate the automatic stay" including "any attempt to proceed against others with the Debtor

John F. Higgins, M. Shane Johnson, Warren T. Burns, Daniel H. Charest
December 15, 2022
Page 2

nominally severed from the litigation, and any attempt to proceed against any entity that may have liability arising out of its dominion or control of the Debtor." *See Order*, *In re HONX, Inc.*, Adv. Proc. [Adv. Docket No. 6]; *see*, *also*, *Order Declaring Stay Violation*, *In re HONX, Inc.*, Adv. Proc. No. 22-3129 (Bankr. S.D. Tex. Apr. 29, 2022) [Adv. Docket No. 18]. After you previously had attempted to continue with litigation against Hess in the Virgin Islands cases, Mr. Charest acknowledged the need to obtain relief from the Bankruptcy Court, committing that: "We will come here before we file anything further for severance down there, to be sure." *See*, Apr. 29, 2022 Hr'g Tr. 17:9-10. Accordingly, any attempt to take the actions contemplated in the Notice or to continue litigation against Hess Corporation in the Virgin Islands cases without the consent of the Bankruptcy Court would be a flagrant violation of the automatic stay and the Bankruptcy Court's previous orders, as well as a violation of Mr. Charest's own commitment on the record to Judge Isgur.

Any action taken in violation of the automatic stay is voidable, meaning void unless, and until, the Bankruptcy Court grants the "extraordinary relief" of annulling the automatic stay, and a party may be held in contempt of court for violating the stay. *See* 11 U.S.C. § 362(k)(1); *see also In re Guevara*, 2018 WL 4677431 (Bankr. S.D. Tex. Aug. 31, 2018); *In re Coho Resources, Inc.*, 345 F.3d 338 (5th Cir. 2003); *In re Edwin A. Epstein, Jr. Operating Co., Inc.*, 314 B.R. 591 (Bankr. S.D. Tex. 2004); *In re Sikes v. Global Marine, Inc.*, 881 F.2d 176 (5th Cir. 1989). Any such violation may necessitate appropriate proceedings in the Bankruptcy Court with the attendant possibility of sanctions, costs, and other expenses. 11 U.S.C. § 362(k)(1); *see also In re Repine*, 536 F.3d 512, 519 (5th Cir. 2008); *In re Lile*, 103 B.R. 830, 837 (Bankr. S.D. Tex. 1989); *Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47 (2d Cir. 1976), *cert. denied*, 429 U.S. 1093 (1977).

Accordingly, the Debtor insists that you refrain from your threatened course of action that would violate the automatic stay. There has been no relief from the automatic stay from the Bankruptcy Court. There has been no request for relief from the automatic stay, and no such relief would be warranted in any event. If you take any further action to dismiss the Debtor from cases currently pending in the Virgin Islands or continue to prosecute claims against Hess Corporation without the authority of the Bankruptcy Court, the Debtor will take any and all necessary actions to protect its rights and interests—which may include seeking entry of an order enforcing the automatic stay, recovering all costs and fees, and potentially imposing sanctions. The Debtor reserves all rights with respect to any damages arising from or relating to your actions, including to the extent they violate the automatic stay and other applicable laws.

Sincerely,

*/s/ Christopher T. Greco*
Christopher T. Greco, P.C.
*Counsel to the Debtor HONX, Inc.*

John F. Higgins, M. Shane Johnson, Warren T. Burns, Daniel H. Charest
December 15, 2022
Page 3

cc: Counsel to the Debtor:
  Daniel Donovan
  Michael F. Williams
  Matthew Fagen
   *Kirkland & Ellis LLP*

 Co-Counsel to the Debtor:
  Matthew Cavenaugh
  Veronica Polnick
   *Jackson Walker LLP*

 Counsel to Hess Corporation:
  Charles Beckham
  Arsalan Muhammad
  Charlie Jones
  Re'Necia Sherald
   *Haynes and Boone, LLP*

  Carolyn O'Conner
   *Wilson Elser Moskowitz Edelman & Dicker LLP*

 Counsel to the Official Committee of Unsecured Creditors
  Arik Preis
  Marty Brimmage, Jr.
   *Akin Gump Straus Hauer & Feld LLP*

 Counsel to the Future Claimants' Representative
  Robert S. Brady
  Edwin J. Harron
   *Young Conaway Stargatt & Taylor, LLP*