UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| HONX, INC.,[1] | ) | Case No. 22-90035 (MI) |
|  | ) |  |
| Debtor. | ) | **Re: ECF No. 506** |
|  | ) |  |

**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO
THE DEBTOR'S EMERGENCY MOTION TO ENFORCE THE AUTOMATIC STAY
AND MOTION FOR ENTRY OF AN ORDER TO APPEAR AND SHOW CAUSE AS TO
WHY ELROY WILLIAMS AND BASSALI WILLIAMS ARE NOT IN CONTEMPT OF
THE AUTOMATIC STAY**

The Official Committee of Unsecured Creditors (the "Committee") of HONX, Inc., as debtor and debtor in possession (the "Debtor"),[2] by and through its undersigned counsel, hereby submits this response (the "Response") to the *Debtor's Emergency Motion to Enforce the Automatic Stay and Motion for Entry of an Order to Appear and Show Cause as to Why Elroy Williams and Bassali Williams Are Not in Contempt of the Automatic Stay* [ECF No. 506] (the "Motion").[3] In support of this Response, the Committee respectfully states as follows.

**RESPONSE**

1. There is no need for the Debtor to pursue—or for the Court to hear—the Motion, which should be withdrawn or dismissed as moot. The Motion specifically seeks relief related to

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is HONX, Inc. (2163). The location of the Debtor's service address in this chapter 11 case is: 1501 McKinney Street, Houston, Texas, 77010.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[3] The Debtor has since withdrawn the "emergency" portion of the Motion and may set the Motion for a later hearing. *See* Notice of Cancellation of Hearing [ECF No. 525]. The Debtor has also agreed that any response to the Motion would be due on December 28, 2022. As set forth herein, the Committee contends that the Motion is moot and should not be reset for a hearing. The Committee files this response out of an abundance of caution and in furtherance of its fiduciary obligation to represent the interests of all creditors, to respond to certain statements in the Debtor's Motion which the Committee believes are inaccurate and confusing for creditors of the Debtor.

a complaint filed on November 14, 2022 by plaintiffs Elroy Williams and Bassali Williams, by and through counsel, Peter J. Lynch Esq. of Fuller & Lynch Advocacy Group, PLLC "against Hess Corporation ("Hess") in the Superior Court of the Virgin Islands (the "Superior Court") styled as *Williams, et al. v. Hess Corp., et al.*, No. SX-2022-CV-00521 (V.I. Super. Ct.) (the "Action")." *See* Mot. ¶ 1.[4]  By its Motion, the "Debtor seeks entry of the Order requiring dismissal of the Action and an order requiring Plaintiffs to appear and show cause as to why they are not in contempt of the automatic stay." *Id.* ¶ 4.  Plaintiffs Elroy Williams and Bassali Williams, however, voluntarily dismissed their complaint against Hess on December 7, 2022.[5]  Given that dismissal of claims against Hess has already taken place voluntarily, there is no need for this Court to hold a hearing or enter any order requiring dismissal of such claims.  The Motion is moot and should be withdrawn by the Debtor, or dismissed by the Court, on this basis.

2.      The Debtor has nevertheless informed the Committee that it has reserved its right to press forward with a hearing on the Motion.  It appears that the Debtor may be pursuing the Motion either in order to ask this Court to impose some sort of sanctions against the Williams plaintiffs, or in the hopes of obtaining some injunctive commentary that it will try to use against other claimants in this bankruptcy proceeding (the "Chapter 11 Case"), based on the broad (and, in the Committee's view, inaccurate) assertions in the Motion.

---

[4] The complaint names two defendants: Hess and Virgin Islands Industrial Maintenance Corp. ("IMC").  The Motion defines the "Action" as the "complaint [] against Hess Corporation."  Mot. ¶ 1.  The Motion does not identify any need—and the Committee submits that the Debtor would have no basis—to seek relief from this Court regarding any claims by the Williams plaintiffs against IMC.

[5] *See Response of Elroy Williams and Bassali Williams to the Debtor's Emergency Motion to Enforce the Automatic Stay and Motion for Entry of an Order to Appear and Show Cause as to Why Elroy Williams and Bassali Williams Are Not in Contempt of the Automatic Stay* [ECF No. 565] (the "Williams Response"), Ex. A.  The Debtor did not seek to resolve the issue consensually with the help of the Committee before filing its Motion.  Rather, the Debtor first informed the Committee about the complaint on December 2, 2022—the same day that the Debtor filed its Motion—and refused to wait to file the Motion in order to give the Committee an opportunity to try to arrange a consensual resolution.  After the Debtor informed the Committee about the Action, the Committee was able to take steps that resulted in the voluntary dismissal of the claims against Hess.  Had the Debtor reached out to the Committee before filing the Motion, the Motion could have been avoided entirely.

3. The Committee respectfully submits that the Debtor would have no basis to seek any relief against the Williams plaintiffs, who have already voluntarily dismissed their claims against Hess. Moreover, there would be no basis for any sanctions. Indeed, counsel for the Williams plaintiffs, Mr. Lynch, has declared that after counsel for Hess contacted Mr. Lynch to assert that the automatic stay applied to Hess, Mr. Lynch requested that Hess's counsel provide a copy of any order showing that the stay applied to Hess. Hess never responded to send any order to back up its claim about the automatic stay and simply filed the Motion.[6]

4. With respect to any hoped-for statements from the Court pertaining to the automatic stay that the Debtor may seek to use in the future against other claimants not subject to the Motion, the Committee submits that such relief would be unsupported and procedurally improper to seek in connection with the Motion. Separate from the Motion, a large group of claimants (the "BC Litigants") have filed a notice of intent to dismiss claims against the Debtor[7] and the Debtor, in turn, filed on the docket a copy of a letter that it sent to the BC Litigants' counsel, raising the same points about the automatic stay that are argued in the Motion.[8] To the extent that the Debtor wishes to litigate questions concerning the automatic stay as to the BC Litigants, it should do so directly with the BC Litigants, and not seek to use the Motion against the Williams plaintiffs in order to achieve injunctive commentary that it might try to use against other creditors.

5. In addition, and as set forth below, the Committee respectfully submits that the Motion misrepresents the scope of the automatic stay and the impact of prior rulings by this Court. Specifically, the Committee does not agree with certain statements in the Motion concerning (1) an

---

[6] *See* Williams Response, Ex. B.
[7] *See BC Litigants' Notice of Intention to Dismiss with Prejudice Claims Pending in Virgins Islands Cases Against HONX, Inc.* [ECF No. 535] (the "Notice").
[8] *See Debtor's Preliminary Response to BC Litigants Notice of Intention to Dismiss with Prejudice Claims Pending in the Virgin Islands Cases Against Honx, Inc.* [ECF No. 540].

order issued by the Court on April 28, 2022, the first day of this bankruptcy case, in advance of a hearing in order to "provide guidance to the parties concerning issues to be addressed at the temporary restraining order hearing" (the "April 28 Guidance"),[9] (2) a ruling issued by the Court during the hearing on April 29, 2022, the second day of this bankruptcy case (the "April 29 Ruling"), and (3) the Order Declaring Stay Violation entered on the docket after the hearing (the "Stay Violation Order").[10]

I. **The Automatic Stay Does Not Apply to Asbestos-Related Actions Against Hess**

6. First, by its terms, the automatic stay applies to actions against the Debtor. The Bankruptcy Code provides, in relevant part, that:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding ***against the debtor*** that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . .

11 U.S.C. § 362(a)(1) (emphasis added).[11]

7. The stay does not extend to actions against non-debtors unless there are found to be unusual circumstances warranting an extension of the stay. *Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003). In order for section 362 to be extended to stay proceedings against non-bankrupt co-defendants, there must be shown to be (1) such identity between the debtor and non-debtor, that the debtor may be said to be the real party defendant, and

---

[9] The Motion incorrectly cites to the April 28 Guidance as an "April 29, 2022 order." *See* Motion ¶ 3. The April 28 Guidance was actually issued on April 28, 2022, the day before the hearing for which it provided guidance. *Order*, Adv. No. 22-3129 (Bankr. S.D. Tex., Apr. 28, 2022) [ECF No. 6].

[10] *Order Declaring Stay Violation*, Adv. No. 22-3129 (Bankr. S.D. Tex., Apr. 29, 2022) [ECF No. 18].

[11] Bankruptcy Code section 362 also provides other bases for an automatic stay, such as claims seeking to "exercise control over property of the estate." *See* 11 U.S.C. 362(a)(3). These other provisions do not appear to be relevant to the Debtor's suggestion that the automatic stay should apply for the benefit of Hess.

(2) that a judgment against the non-debtor will, in effect, be a judgment or finding against the debtor. *See id.*

8.  The Committee respectfully submits that such unusual circumstances have not been shown to apply to asbestos-related litigation against Hess, and does not believe that the Court has ordered otherwise.

## II. The Committee Does Not Understand the Prior Orders in This Bankruptcy to Enjoin Asbestos-Related Litigation Against Hess

9.  In its Motion, the Debtor claims that "[t]he Court has already addressed the scope and effect of the automatic stay as to asbestos-related claims against Hess in this bankruptcy," Mot. ¶ 11, and argues that asbestos-related litigation against Hess has been enjoined. *See*, *e.g.*, *id.* ¶ 2 (construing the Court as having "ruled that the automatic stay applied to asbestos-related actions against Hess"); *id.* ¶ 13 (arguing that the Court "extended the automatic stay to claims against Hess").

10. The Committee respectfully disagrees with the Debtor's interpretation of this Court's rulings and submits this Response in order to make clear that it does not understand asbestos-related litigation against Hess to be enjoined, as the Debtor suggests.

11. In arguing that the Court has already ruled on the scope and effect of the automatic stay as to asbestos-related claims brought against Hess, the Debtor principally relies on the April 28 Guidance and the April 29 Ruling. These were issued on the first and second days, respectively, of the Debtor's Chapter 11 Case. On the same day that it filed for chapter 11, the Debtor commenced an adversary proceeding requesting that the Court issue a temporary restraining order prohibiting a claimant, Kadar Mohansingh, from continuing to prosecute his case in the Virgin Islands Superior Court.[12] At that time, Mr. Mohansingh, a former employee who had worked at

---

[12] *Complaint for Injunctive Relief*, Adv. No. 22-03129 (Bankr. S.D. Tex. Apr. 28, 2022) [ECF No. 1].

4

the Refinery, had an action pending in the Virgin Islands Superior Court asserting claims against both the Debtor and Hess stemming from asbestos exposure during his employment at the Refinery, which was set for trial on May 2, 2022—just a few days after the Debtor commenced this Chapter 11 Case. On the same day that the Debtor filed its petition, Mr. Mohansingh moved to sever his claims against the Debtor from his claims against Hess in the Virgin Islands Superior Court. This Court scheduled a hearing to take place on April 29, 2022, and issued the April 28 Guidance in advance of such hearing to "provide guidance to the parties concerning issues to be addressed at the temporary restraining order hearing to be conducted on April 29, 2022." April 28 Guidance at 1.

12. At the conclusion of the hearing, the Court spoke its ruling, reflected on pages 48-49 of the hearing transcript. In that ruling, the Court held in relevant part that:

> [W]hen I look at the overall events that are occurring, the function of the severance is to destroy the 524(g) remedy that Congress created. The language of the statute prohibits taking any action in a proceeding against the debtor. ***This is a proceeding against the debtor***. The severance, I believe, results in extremely adverse consequences to the debtor's attempts to establish a 524(g) trust. Ordinarily, people have to come here first. They didn't. There was a stay violation. ***I therefore declare*** that the severance order issued by the Court of the Virgin Islands is void, ***that case remains a case against both the debtor and non-debtors***, and the stay remains in effect. The trial on Monday may not proceed. I will issue a written order that relies on those factual findings so that the parties may appeal that order.

April 29 Hr'g Tr. at 48:25-49:14 (emphasis added).[13]

13. After the hearing, the Court entered its Stay Violation Order, which held that:

For the reasons set forth on the record on this date, the Court orders: 1. The severance order issued on April 28, 2022 in Civil Action §-06-CV-231 by the Superior Court of the Virgin Islands was obtained in violation of the stay. 2. The severance order is void. 3. The Debtor and Hess remain as defendants. 4. The

---

[13] Previously, during the same hearing, the Court had also described the proceeding in which Mr. Mohansingh had moved to sever his claims as "*a proceeding against the debtor* in which you took action without getting relief from the stay, *which is different than a non-proceeding that didn't involve the debtor*." April 29 Hr'g Tr. at 16:23-17:4 (emphasis added).

5

automatic stay prohibits the continuation of the civil action referenced in paragraph 1 of this Order.  5. No sanctions are awarded.  6. This order is effective on entry. Stay Violation Order.

14. As such, the Committee respectfully submits that the April 29 Ruling and the Stay Violation Order do not hold that asbestos-related litigation against Hess is enjoined.

15. In entering the April 29 Ruling, moreover, the Court made no findings supporting an injunction under Section 105(a) of the Bankruptcy Code.  To the contrary, the Court noted in its April 28 Guidance that the Debtor had failed to carry its burden to support a request for an additional injunction, noting:

> If another injunction is required, the Court does not understand how HONX will proceed.  A temporary restraining order may be issued based on an affidavit on personal knowledge.  The Snyder declaration does not purport to be based on Snyder's personal knowledge.  It is conclusory, states that it is based on things that Snyder has read or been told, and is inadequate to prove the allegations in the complaint.

April 28 Guidance ¶ 2.

16. The Motion also relies on the April 28 Guidance, in which the Court noted that it did not "understand why this proceeding [*i.e.*, the Debtor's request for a temporary restraining order and preliminary injunction] is necessary," and the observed that:

> It appears that any attempt to proceed in the Virgin Islands would violate the automatic stay.  This would include any attempt to proceed against others ***with the Debtor nominally severed from the litigation***, and any attempt to proceed against ***any entity that may have liability arising out of its dominion or control of the Debtor***.  The automatic stay serves as an injunction.  The Court does not understand the reason for another injunction to be issued.

April 28 Guidance ¶ 1.  The Committee notes that, notwithstanding its title as an "Order," the April 28 Guidance expressly states that it was issued "as guidance to the parties concerning issues to be addressed" at the upcoming hearing.[14]  The April 28 Guidance, moreover, was issued on the same

---

[14] The Motion fails to acknowledge this language and misstates the date it was entered as April 29, 2022.

6

day that the bankruptcy case and the adversary proceeding were commenced, and prior to any hearing or responsive briefing from any affected creditor. Accordingly, contrary to the Debtor's characterization in the Motion, the Committee understands that the April 28 Guidance does not constitute an order determining the scope of the automatic stay, but, rather, sets forth topics for the parties to be prepared to address at the hearing that was held on the following day.

17. Even if the April 28 Guidance were to constitute the Court's views concerning the scope of the automatic stay, however, it still would indicate that the automatic stay applies only to claims against Hess in which (1) the Debtor is a co-defendant, or (2) the liability asserted arises "out of its dominion or control of the Debtor," *i.e.*, derivative liability. April 28 Guidance ¶ 1. It would not state that the stay extends to claims brought solely against Hess, or against Hess for its independent liability.

18. As such, the Committee does not believe this Court to have issued any ruling enjoining asbestos-related litigation against Hess, as suggested by the Debtor's Motion.

### III. The Motion Does Not Seek a New Injunction and Such an Injunction Would Not Be Warranted in Any Event

19. As stated above, the Committee understands this Court's various rulings and the Bankruptcy Code to provide that, in the absence of a Section 105 injunction holding to the contrary, parties remain free to litigate against Hess so long as they do not involve the Debtor in their litigation or assert derivative claims.

20. In its Motion, the Debtor states that it will a move for a temporary restraining order ("TRO") under Section 105 of the Bankruptcy Code if the relief it presently seeks is not granted. *See* Mot. ¶ 3, n.3. The Motion does not itself request relief seeking imposition of a new injunction under Section 105(a) of the Bankruptcy Code or present evidence in support of such a request. Moreover, no injunction is warranted here. If the Debtor *does* seek such relief in the future, the

Committee will oppose it. Among other reasons, unlike in certain other cases where a third-party against which a Debtor has recourse must be protected to preserve a limited pot of funds that may otherwise fund creditor recoveries against overwhelming litigation risk, it does not appear that Hess's substantial funds are at risk from this litigation. An injunction under Section 105 is simply not warranted based on the circumstances of this case.

Dated: December 28, 2022

Respectfully Submitted,

**AKIN GUMP STRAUSS HAUER & FELD LLP**

*/s/ Marty L. Brimmage*
Marty L. Brimmage, Jr. (State Bar No. 00793386; S.D. Tex. 30464)
2300 N. Field Street, Suite 1800
Dallas, TX 75201-2481
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
Email: mbrimmage@akingump.com

-and-

Arik Preis (admitted *pro hac vice*)
Mitchell P. Hurley (admitted *pro hac vice*)
Sara L. Brauner (admitted *pro hac vice*)
Theodore James Salwen (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036-6745
Telephone: (212) 872-1000
Facsimile (212) 872-1002
Email: apreis@akingump.com
Email: mhurley@akingump.com
Email: sbrauner@akingump.com
Email: jsalwen@akingump.com

*Counsel for the Official Committee of Unsecured Creditors of HONX, Inc.*

## CERTIFICATE OF SERVICE

I certify that on December 28, 2022, I caused a copy of the foregoing document to be served on by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Marty L. Brimmage*
Marty L. Brimmage, Jr.