**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HONX, INC.,[1] | ) | Case No. 22-90035 (MI) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## NOTICE OF SERVICE OF SUBPOENA TO WATERS KRAUS & PAUL

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, as made applicable hereto by Rule 9016 of the Federal Rules of Bankruptcy Procedure, Debtor HONX, Inc. will serve a Subpoena to Produce Documents, Information, or Objects on Waters Kraus & Paul.  True and correct copies of the Subpoena and Subpoena Attachment thereto, which will be served, are attached as exhibits to this notice.

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is HONX, Inc. (2163).  The location of the Debtor's service address in this chapter 11 case is:  1501 McKinney Street, Houston, Texas, 77010.

Houston, Texas
December 29, 2022

/s/ Matthew D. Cavenaugh

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
Veronica A. Polnick (TX Bar No. 24079148)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:    (713) 752-4200
Facsimile:    (713) 752-4221
Email:        mcavenaugh@jw.com
              jwertz@jw.com
              vpolnick@jw.com

*Co-Counsel to the Debtor*
*and Debtor in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Christopher T. Greco, P.C. (admitted *pro hac vice*)
Matthew C. Fagen (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        christopher.greco@kirkland.com
              matthew.fagen@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Whitney C. Fogelberg (admitted *pro hac vice*)
Jaimie Fedell (TX Bar No. 24093423) (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:        whitney.fogelberg@kirkland.com
              jaimie.fedell@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Michael F. Williams, P.C. (admitted *pro hac vice*)
Daniel T. Donovan, P.C. (admitted *pro hac vice*)
Alexandra I. Russell (admitted *pro hac vice*)
Sarah McVay (admitted *pro hac vice*)
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone:  (202) 389-5000
Facsimile:  (202) 389-5200
Email:        michael.williams@kirkland.com
              daniel.donovan@kirkland.com
              alexandra.russell@kirkland.com
              sarah.mcvay@kirkland.com

*Co-Counsel to the Debtor*
*and Debtor in Possession*

## **<u>CERTIFICATE OF SERVICE</u>**

On December 29, 2022, I electronically filed the foregoing with the Clerk of Court by using

the CM/ECF system, effecting service on all parties pursuant to Local Rule 5005-1(c).

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

# Exhibit 1

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

Southern District of Texas

In re  HONX Inc.

Debtor

*(Complete if issued in an adversary proceeding)*

Plaintiff

v.

Defendant

Case No.  22-90035 (MI)

Chapter  11

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Waters Kraus & Paul

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A below.

| PLACE | DATE AND TIME |
|---|---|
| Kirkland & Ellis LLP, 4550 Travis Street Dallas, Texas 75205 | January 12, 2023, at 9:00am CT. |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  December 29, 2022

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ Matthew Cavenaugh*
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing HONX, Inc., who issues or requests this subpoena, are: Matthew Cavenaugh; Jackson Walker LLP, 1401 McKinney, Ste. 1400 Houston, TX 77010; mcavenaugh@jw.com; 713-752-4284.

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Exhibit 2

# ATTACHMENT A

## DEFINITIONS

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.  As used in the below Requests and these Definitions and Instructions, the words set forth below shall be defined as follows:

1.      "Communication" or "Communications" means any written disclosure, transfer, or exchange of information, data, or opinion, however made, and shall mean, but is not limited to, any transmittal and/or receipt of information, whether such was formal or informal, and specifically includes letters, memoranda, electronic mail, and text messages.

2.      The terms "concern" or "concerning," in addition to their natural meaning, shall also mean reflecting, constituting, containing, pertaining, supporting, referring, indicating, showing, evidencing, describing, discussing, mentioning, bearing upon, comprising, and relating.

3.      "Document" or "Documents" shall be construed to the fullest extent permitted under the Federal Rules of Civil Procedure and is used in the broadest sense, meaning all written, printed, typed, recorded or graphic matter, however produced or reproduced, of every kind and description, in whatever form (e.g., final and draft versions) in Your actual or constructive possession, custody, care, or control, including but not limited to all writings, correspondence, emails, letters, notes, agendas, memoranda, inter-office Communications, reports, projects, analyses, working papers, charts, debit or credit card or bank account statements, receipts, calendars, appointment books, diaries, journals, drawings, graphs, photographs, notes of telephone conversations or meetings, extracts or summaries of other Documents, computer files, computer printouts, data stored on computer storage disks, hard drives, or networks, text messages, social media communications, videos, data compilations from which information can be obtained or can

1

be translated through detection devices into reasonably useable form, or any other tangible thing. The term "Document" or "Documents" shall include not only originals but also any copies or reproductions of all such written, printed, typed, recorded, or graphic matter upon which notations in writing, print, or otherwise have been made that do not appear in the originals.  In addition to the items in the foregoing list, any comment, notation, strike-out, interlineation, or other alterations appearing on any Document or any copy of any Document, and not a part of the original text of such Document, is considered a separate Document, as is any draft or preliminary form of any Document.

4.      The terms "include," "includes," and "including" mean "including but not limited to" or "including without limitation."

5.      "HONX" shall mean HONX, Inc., and any subsidiary or business segment, predecessor, successor or assignee, principal, operating division, employees, officers, directors, agents, representatives, attorneys, accountants, distributors, and any other Person acting on behalf of or under the direction, authorization, or control of HONX.  For the avoidance of doubt, "HONX" includes predecessors Hess Oil Virgin Island Corp. and Hess Oil New York Corp.

6.      The "Refinery" means the oil refinery at St. Croix previously owned and operated by HONX.

7.      "Person" or "Persons" includes any natural person, custodian of records, firm, association, partnership, joint venture, corporation, related or associated company, trust, or other form of legal entity.

8.      "You" and "Your" shall mean and include Waters Kraus & Paul and any employee, representative, predecessor, agent, or attorney of Waters Kraus & Paul, including all persons acting

or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of Waters Kraus & Paul.

9.      The words "asbestos-related disease, injury, or illness" or any similar words include, without limitation, asbestosis, mesothelioma, pleural plaques, pleural thickening, pleural effusion, lung cancer, laryngeal cancer, gastro-intestinal cancers, or any other conditions associated with, or allegedly associated with, exposure to asbestos or asbestos-containing products.

10.     "Asbestos Tort Claim" means any lawsuit, civil action, or legal notice of claim asserted by an individual (or an individual's personal representative) against HONX, Hess Corporation, and/or HOVENSA L.L.C. seeking any measure of money damages for asbestos-related injuries (both economic and non-economic) allegedly arising from HONX's ownership and/or operations of the Refinery, including, without limitation, any actual or threatened claim or demand asserted against HONX regardless of how, or whether, such claim was resolved (by settlement, dismissal, or otherwise) and regardless of whether such claim resulted in the filing of a civil lawsuit.

11.     "Asbestos Trust Claim" means any request, whether contained in a standalone claim form or similar document, submitted through an online portal of any kind, or transmitted via any other route in any other medium, to an individual or entity responsible, in whole or in part, for reviewing, processing, approving, or paying claims from funds in a trust (or any like legal entity) designed, in part or in whole, to compensate individuals for exposure to asbestos or asbestos-containing products.  Such asbestos trusts include, but are not limited to: The Babcock & Wilcox Asbestos Trust, The Combustion Engineering 524(g) Asbestos PI Trust, The Eagle-Picher Industries Personal Injury Settlement Trust, and the Owens Corning/Fibreboard Asbestos Personal Injury Trust (either FB Subfund or OC Subfund).

12.     "Claimant" means a Person who holds or purports to hold an Asbestos Tort Claim.

13.     "Secondary Exposure" means exposure to asbestos fibers on the person, clothes, or other belongings of another individual (the "Primary Individual") cohabitating with or otherwise in close proximity to the Claimant.

14.     "Complaint" means any pleading filed on Your behalf that operates to commence a lawsuit seeking any measure of money damages for injuries allegedly caused by HONX.

15.     As used herein, the singular shall include the plural and the present tense shall include the past tense.  The words "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of a Request all documents or things that might otherwise be construed to be outside its scope.  The use of the term "the" shall not be construed as limiting the scope of any Request.

16.     The terms "any" and "all" are mutually interchangeable and are meant to encompass each other.

## **INSTRUCTIONS**

1.      If any Document responsive to these Requests was, but no longer is, in Your possession, or subject to Your custody or control, or in existence, state in writing whether: (a) it is missing or lost; (b) it has been destroyed; (c) it has been transferred voluntarily or involuntarily to others; or (d) it has been disposed of otherwise.  In each instance, explain the circumstances surrounding such disposition and identify the Person(s) directing or authorizing the same and the date(s) thereof.  Identify each Document by listing its author, his or her address, type (e.g., letter, memorandum, telegram, chart, photograph), date, subject matter, present location(s) and custodian(s), and state whether the Document (or a copy) is still in existence.

2.      If You object to any portion of the below Requests on the ground of privilege, answer the non-privileged portion of the Requests by providing such non-privileged information as is responsive.

3.      These Requests are continuing requests.   If, after producing the requested Documents, You obtain or become aware of any additional Documents responsive to these Requests, You are required to produce such additional Documents.

4.      The time period for the below Requests is January 1, 1966 through the date of Your responses.

5.      A Request shall be deemed to include a request for the entire Document requested, including any and all file folders within which the Document was contained, transmittal sheets or memoranda, cover letters, exhibits, enclosures, comments or attachments to the Document in addition to the Document itself. In the case of email attachments, if either the email or any of its attachments is responsive, produce the email and all of the corresponding attachments.

6.      Documents attached to each other should not be separated.

7.      Documents not otherwise responsive to these Requests shall be produced if such Documents concern, relate to, mention, discuss, refer to, describe, or explain the Documents which are called for by these Requests.

## **DOCUMENTS TO BE PRODUCED**

**REQUEST FOR PRODUCTION NO. 1**:

All Documents concerning Asbestos Trust Claims submitted by, or on behalf of, Claimants, including such documents that were not ultimately submitted, and including documents concerning deliberations regarding whether to submit Asbestos Trust Claims.

**REQUEST FOR PRODUCTION NO. 2:**

All death certificates related to any Claimant's Asbestos Tort Claims.

**REQUEST FOR PRODUCTION NO. 3:**

All certificates of official capacity related to any Claimant's Asbestos Tort Claims.

**REQUEST FOR PRODUCTION NO. 3:**

All medical and pharmacy records, including, without limitation, charts, reports, notes, and billing records for medical treatment received by any Claimant relating to any injuries such Claimant alleges were caused by HONX.

**REQUEST FOR PRODUCTION NO. 4:**

Cover sheets, or the first page bearing the caption, of all Complaints filed by any Claimant asserting an Asbestos Tort Claim, whether related to HONX or not.

**REQUEST FOR PRODUCTION NO. 5:**

All Claimants' most recent W-2 Form and the first page of all Claimants' most recent IRS Form 1040.

**REQUEST FOR PRODUCTION NO. 6:**

All worker's compensation records and/or other Documents reflecting any benefits that any Claimant applied for and/or received relating to any asbestos-related disease, injury, or illness.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications concerning any Social Security benefits and payments that any Claimant has applied for or received.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications reflecting any Claimant's coverage by life, health, accident, or disability insurance carriers, including Documents sufficient to identify the name and

address of every company to which any Claimant ever applied for such insurance coverage (including any group insurance provided by such Claimant's employer or educational institution), the name and address of any person, agent, or company through which such application was made, the date of the application, the type of insurance for which the Claimant applied, whether a policy was issued or coverage obtained, every policy number assigned to such Claimant, and all charges billed to any insurance carrier, including Medicaid or Medicare, by any medical professional or treating facility that rendered medical services for injuries any Claimant alleges were caused by HONX, including Documents sufficient to show (a) the amount paid by each insurance carrier, (b) the amount of discounts, write-offs, or adjustments by each carrier, (c) the total charges allowed by each carrier, (d) the amount paid by each carrier, (e) the amount paid by such Claimant, and (f) the amount still owed by such Claimant or the insurance carrier.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents concerning how any Claimant came to file a Complaint asserting an Asbestos Tort Claim, including any advertisements, solicitations, or other non-privileged communications.

**REQUEST FOR PRODUCTION NO. 10:**

For Claimants alleging Secondary Exposure Claims, all Documents concerning the employment of such Claimant's Primary Individual at the Refinery, whether as an employee or independent contractor of HONX, or as an employee or independent contractor of an entity unaffiliated with HONX; including, without limitation, offers of employment, Documents concerning the termination of such Primary Individual's employment, the precise occupation title(s) of such Primary Individual, and such Primary Individual's employment location(s) within the Refinery.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents concerning all Claimants' employment at the Refinery, whether as an employee or independent contractor of HONX, or as an employee or independent contractor of an entity unaffiliated with HONX; including, without limitation, offers of employment, Documents concerning the termination of such Claimant's employment with HONX, and the precise occupation title(s) of such Claimant.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents concerning any prior payments to any Claimant for Asbestos Tort Claims, and/or any releases of any Asbestos Tort Claims.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents concerning the first diagnosis of any asbestos-related disease for all Claimants, and any additional or amended diagnoses for the same.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents concerning all Claimants' Pulmonary Function Test (PFT) results.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents concerning all Claimants' International Labour Organization Classification (ILO) scores.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents concerning all Claimants' smoking history, including both the self-smoking history and second-hand smoking history as exposed to other smokers who have ever lived with the Claimant.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to show each Claimant's known history of other asbestos exposure. For each known exposure period, please provide the occupation, industry, company/product names, year of first exposure, and year of last exposure.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents reflecting any Medicaid or Medicare benefits that any Claimant has applied for or received.

**REQUEST FOR PRODUCTION NO. 19:**

Documents reflecting total aggregate payments received by the Claimant for asbestos-related injuries from all entities that are not trusts, and supporting documentation identifying the relevant non-trust entity that made the payment.

**REQUEST FOR PRODUCTION NO. 20:**

Documents concerning any Claimant's involvement in the Limetree Bay chapter 11 case.

**REQUEST FOR PRODUCTION NO. 21:**

Documents concerning any Claimant's involvement in the HOVENSA LLC chapter 11 case.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to establish the basis for any Claimant's alleged lung cancer diagnosis.

**REQUEST FOR PRODUCTION NO. 23:**

Documents concerning any diagnostic information that links any Asbestos Tort Claim alleging a cancer diagnosis with asbestos.

**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to identify the Social Security Numbers for each Claimant.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to identify the diagnosing physician for every injury of each Claimant.

Washington, District of Columbia
December 29, 2022

/s/Matthew Cavenaugh
**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
Veronica A. Polnick (TX Bar No. 24079148)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:    (713) 752-4200
Facsimile:    (713) 752-4221
Email:        mcavenaugh@jw.com
              jwertz@jw.com
              vpolnick@jw.com


*Co-Counsel to the Debtor*
*and Debtor in Possession*


**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Christopher T. Greco, P.C. (admitted *pro hac vice*)
Matthew C. Fagen (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        christopher.greco@kirkland.com
              matthew.fagen@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Whitney C. Fogelberg (admitted *pro hac vice*)
Jaimie Fedell (TX Bar No. 24093423) (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:       whitney.fogelberg@kirkland.com
             jaimie.fedell@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Michael F. Williams, P.C. (admitted *pro hac vice*)
Daniel T. Donovan, P.C. (admitted *pro hac vice*)
Alexandra I. Russell (admitted *pro hac vice*)
Sarah McVay (admitted *pro hac vice*)
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone:   (202) 389-5000
Facsimile:   (202) 389-5200
Email:       michael.williams@kirkland.com
             daniel.donovan@kirkland.com
             alexandra.russell@kirkland.com
             sarah.mcvay@kirkland.com


*Co-Counsel to the Debtor*
*and Debtor in Possession*