IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HONX, INC.,[1] | ) Case No. 22-90035 (MI) |
| | ) |
| Debtor. | ) |
| | ) |

**BURNS CHAREST LLP'S PRELIMINARY
OBJECTION TO DEBTOR'S EMERGENCY MOTION TO
COMPEL DISCOVERY RESPONSES FROM THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS AND BURNS CHAREST LLP**

Burns Charest LLP ("Burns Charest") hereby files its preliminary objection (the "Objection") to the *Emergency Motion to Compel Discovery Responses from the Official Committee of Unsecured Creditors and Burns Charest LLP* [Docket No. 598] (the "Motion"), and in support hereof respectfully states as follows:

1. Burns Charest objects to both an expedited hearing and any accelerated relief sought by HONX, Inc. (the "Debtor"). Notably, prior to the filing of the Motion, counsel for the Debtor made no attempt to confer with Burns Charest regarding scheduling an emergency setting, much less inquire as to the availability of Burns Charest to appear at such a hearing on short notice. Any order granting the production of voluminous discovery less than 48 hours after the filing of the instant Motion would be unjust. Under the circumstances, Burns Charest has not been provided

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is HONX, Inc. (2163). The location of the Debtor's service address in this chapter 11 case is: 1501 McKinney Street, Houston, Texas, 77010.

1

with sufficient time to respond to the substance of the discovery-related issues raised in the Motion.[2]

2.  Moreover, no emergency exists. The Court has set an evidentiary hearing for May 10, 2023—almost four months from the date of the Motion. Rule 9013-1(i) of the Bankruptcy Local Rules for the Southern District of Texas provides that emergency motions "must include a detailed statement why an emergency exists, and the date relief is needed to avoid the consequences of the emergency." BLR 9013-1(i). While the Debtor recounts its frustrations with Burns Charest's responses to the RFPs at some length, the Debtor does not demonstrate that any dire consequences would result if the Court did not compel the production of responsive documents by the end of this week.

3.  Accordingly, Burns Charest does not object to a hearing on the Motion on regular notice.

4.  For the foregoing reasons, the Burns Charest requests that the Court deny the relief sought in the Debtor's Motion, and for such other and further relief to which Burns Charest may be justly entitled.

*[Remainder of page intentionally left blank.]*

---

[2] Burns Charest reserves its right to object to any substantive relief requested in the Motion, the Debtor's *Third Set of Requests for Production of Documents to the Committee of Unsecured Creditors and Burns Charest LLP* (the "Third Set of RFPs"), or the Debtor's *Fourth Set of Requests for Production of Documents to the Committee of Unsecured Creditors and Burns Charest LLP* (together with the Third Set of RFPs, the "RFPs"). Further, Burns Charest reserves its right to object to the propriety of this forum for adjudication of a motion to compel against this non-party.

Dated: January 12, 2023.

Respectfully submitted,

**PORTER HEDGES LLP**

*/s/ John F. Higgins*
John F. Higgins (TX Bar No. 09597500)
M. Shane Johnson (TX Bar No. 24083263)
1000 Main Street, 36th Floor
Houston, Texas   77002-2764
Telephone: (713) 226-6000
Facsimile: (713) 226-6255
jhiggins@porterhedges.com
sjohnson@porterhedges.com

-and-

**BURNS CHAREST LLP**
Warren T. Burns
State Bar No. 24053119
Daniel H. Charest
State Bar No. 24057803
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4555
Facsimile: (469) 444-5002
dcharest@burnscharest.com

*Attorneys for BC Litigants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was duly served by electronic transmission to all registered ECF users appearing in the case on January 12, 2023.

*/s/ John F. Higgins*
John F. Higgins