**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| HONX, INC.,[1] | ) Case No. 22-90035 (MI) |
| Debtor. | ) |

### BURNS CHAREST'S RESPONSE TO ORDER [ECF NO. 643]

Burns Charest, by and through its undersigned counsel, hereby submits the following Response to the *Order* (the "Order") [ECF. No. 643] in the above-captioned chapter 11 case (the "Chapter 11 Case") of HONX, Inc. (the "Debtor").

### RESPONSE

This is the second time a discovery order has been issued with respect to Burns Charest and its clients in response to an emergency discovery motion without Burns Charest having any opportunity to respond substantively. What's more, today's Order is in response to an Emergency Motion that was not directed against Burns Charest. As has been true throughout this case, the Court is getting only part of the story from the Debtor. And that part of the story is deliberately misleading and ripe with material omissions.

Burns Charest responds now to the Court's Order and provides additional information that the Debtor chose not to provide to the Court.

**Burns Charest Has Complied and Will Continue to Comply with the Court's January 13 Order**

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is HONX, Inc. (2163). The location of the Debtor's service address in this chapter 11 case is: 1501 McKinney Street, Houston, Texas 77010.

1.	Burns Charest has produced all non-privileged documents within its possession, custody, and control, that it has identified as responsive to the Debtor's third and fourth requests for production of documents ("Third and Fourth Requests"), which were the subject of the January 13, 2023 hearing.

2.	On January 19, 2023, Burns Charest met and conferred with the Debtor, the UCC, and FCR regarding the status of production responsive to the Court's order.  At that time, Burns Charest informed the debtor that it would agree that the voluminous materials produced during the mediation process could be used for general purposes, including thousands of documents comprising B-reads, Pulmonary Function Tests, and other medical records, relating to potential claims by its clients.

3.	Further, on January 19, 2023, Burns Charest informed the Debtor of its desire to produce approximately 1,400 documents comprising intake questionnaires or other communications provided by its clients.  Although privileged, Burns Charest agreed to produce the documents after the Debtor agreed that it would not argue that the production of these documents constituted a waiver of privilege or work product.  The documents were produced on January 23, 2023.

4.	Further, on January 19, 2023, Burns Charest informed the Debtor that it would review all its files again to ensure that no additional, responsive documents existed.  Burns Charest committed that if any such documents were found, they would be produced no later than January 27, 2023, after the search was concluded.  To date, no additional documents have been found.

5.	Finally, on January 19, 2023, Burns Charest informed the debtor that it was in the process of reaching out to all its clients (over 900 individuals, many of whom do not use email) to ensure that they provided any additional documents in their possession, custody, or control, that

might arguably be responsive to discovery requests propounded on their law firm. Burns Charest informed the Debtor that it had arranged for such documents (if any) to be scanned and that they would be produced to the extent they became available. This process continues.

6. At no time (1) during the meet and confer on January 19, 2023, (2) a subsequent meet and confer conducted on January 20, 2023, resolving a separate issue, or (3) anytime thereafter, did the debtor express any concerns with the process Burns Charest laid out or the timing of any production. Further, the Debtor did not raise any issues related to the same in a motion directed at Burns Charest.

Dated: January 25, 2023

                                      Respectfully submitted,

                                      */s/ Warren T. Burns*
Warren T. Burns
State Bar No. 24053119
Daniel H. Charest
State Bar No. 24057803
**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, TX 75202
Telephone: (469) 904-4555
Facsimile: (469) 444-5002
dcharest@burnscharest.com

***Attorneys for BC Litigants***

3

## CERTIFICATE OF SERVICE

I certify that on January 25, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ Warren T. Burns
Warren T. Burns