# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| HONX, INC.,[1] | ) Case No. 22-90035 (MI) |
| Debtor. | ) |

## THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
## HONX, INC.'S RESPONSE TO ORDER (ECF 643)

The Official Committee of Unsecured Creditors of HONX, Inc. (the "Committee"), by and through its undersigned counsel, hereby submits the following response to the Order [ECF No. 643] entered this morning in response to the *Debtor's Emergency Motion to Compel Deposition Testimony and Document Production from Glaston Quashie, as Personal Representative of Arnold Anthony* [ECF No. 641] (the "Motion") in the above-captioned chapter 11 case (the "Chapter 11 Case") of HONX, Inc. (the "Debtor").

## RESPONSE

1. The Committee has engaged and will continue to engage in efforts to prepare for the hearing scheduled for May 10, 2023, and will continue to facilitate relevant and responsive discovery in connection with such hearing as well. The Committee, however, has serious concerns regarding the due process related to the Order entered this morning, the substance of which is related to (a) the Court's order rendered on the record on January 13, 2023 and (b) the Motion filed yesterday.

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is HONX, Inc. (2163). The location of the Debtor's service address in this chapter 11 case is: 1501 McKinney Street, Houston, Texas 77010.

2. With respect to the Motion filed yesterday, the Committee observes that the Motion was directed to the Committee, not to Burns Charest. Since the Motion was filed yesterday, the Committee has had multiple phone calls and emails with the Debtor about narrowing the issues described in the Motion, and was in the process of responding to it when the Order was entered this morning. Given the timing of the Order, however, no party was provided with an opportunity to respond or be heard, including the opportunity to share with the Court the full story, which is highly relevant but noticeably absent from the Motion.

3. As such, the Committee respectfully notes for the Court, the following:

- The Motion was filed yesterday, seeking relief not later than Friday, January 27, 2023.

- In its less than five pages, the Motion tells only part of the story. Given the timing of the Court's Order this morning, the Committee did not have an opportunity to respond to the Motion.

- The Committee does not represent Mr. Quashie (who has his own counsel in his individual capacity) and the Committee specifically confirmed with the Debtor, before responding regarding service, that the Debtor sought a deposition of Mr. Quashie in his individual capacity.[2] The Committee explained this issue in its response to the Debtor, but the Debtor never followed up with the Committee about accepting service in his capacity as a member of the Committee. And the Committee understands that the Debtor did not ask Burns Charest, Mr. Quashie's individual counsel, to accept service until this morning, *after* the Motion was filed.

- Upon receipt of the Motion which, among other things, suggested that the Debtor intended to ask questions of Mr. Quashie in order to "evaluat[e]" his and the Committee's "performance as a fiduciary for all unsecured creditors," counsel to the Committee immediately conferred with counsel to the Debtor. In light of those conversations, counsel to the Debtor has clarified that it does not intend to pursue any line of questions concerning the Committee's inner workings and will instead focus its questions on Mr.

---

[2] The Debtor did not contact the Committee about potential timing or to discuss the deposition prior to sending the email asking if the Committee would accept service of the subpoena. As soon as it received the Debtor's email, on January 19, the Committee proactively contacted the Debtor to ask in what capacity the Debtor sought to depose Mr. Quashie, but the Debtor did not know the answer to the question at that time. Thus, the Committee asked the Debtor again the next day, during a meet and confer the evening of January 20, 2023, at which point the Debtor informed the Committee that it requested to serve Mr. Quashie with a deposition notice in his individual capacity.

> Quashie's claims as personal representative for his late grandfather, Mr. Anthony.

- The Motion omits any information about Mr. Quashie, who serves as a representative of his late grandfather, Mr. Anthony. Specifically, the Committee understands that Mr. Anthony was deposed in the U.S. Virgin Islands litigation, and multiple other fact witnesses and experts were deposed in his case as well. Mr. Anthony's claims against the Debtor and its parent, Hess Corporation, were first filed in 2004, and the Committee understands that extensive discovery had been conducted and the case was trial ready. It is unclear what the Debtor seeks to obtain from a deposition of a grandson on a matter filed 19 years ago that would not otherwise be covered by the prior deposition of the decedent.

4. With respect to the Court's order from January 13, 2023, the Committee provided a status submission on January 20, 2023.[3] Since then, on Monday, January 23, 2023, the Committee fulfilled its promise and timely produced more than 8,000 documents to the Debtor (including an additional approximately 1,400 new documents from Burns Charest)—on the timing previously agreed to with the Debtor and reported to the Court. On Tuesday, the following day, the Committee identified for the Debtor the seven claimant documents that it had not been given permission to produce[4]—again, on the timing previously agreed to with the Debtor and reported to the Court. The Committee notes that Burns Charest LLP has addressed the discovery question in paragraph 1 of the Order.[5]

5. The Committee will continue to do its part to work cooperatively with the Debtor, and expects the Debtor's cooperation in return. In order to move towards the May 10 hearing efficiently and in coordination with the Debtor, the Committee has attempted to arrange meet and

---

[3] *See Notice of the Official Committee of Unsecured Creditors of HONX, Inc. Regarding (1) Response to the Court's Recent Inquiry Regarding the Production of Mediation Materials for Use in the Chapter 11 Case and (2) Status Update on Discovery Related to Estimation. Filed by Official Committee of Unsecured Creditors of HONX, Inc.* [ECF No. 634].

[4] Five documents relate to one potential claimant who did not provide permission to produce his mediation documents—the only claimant not to do so. One document had been provided to the Committee as a clerical error and does not relate to any potential claims against the Debtor. One document was mediation and attorney-client privileged. None of these seven documents relate to Mr. Quashie or Mr. Anthony.

[5] *See Burns Charest's Response to Order* [ECF No. 649].

3

confer conferences with the Debtor to discuss the claims the Debtor suspects are without merit and to start the conversation about grouping claims for the upcoming hearing.  The Debtor, however, has declined to set a time for that conference and has stated that it is not prepared for such a discussion, despite having had access to thousands of mediation documents concerning the claimants for months.[6]  In addition, while the Committee has thus far refrained from bringing its own discovery disputes to the Court and has worked to try to resolve issues consensually, the Committee notes that it has serious concerns about some of the Debtor's positions and conduct in connection with discovery to date.[7]  As noted, however, the Committee will continue to do its part to try to chart a productive path forward for all parties, and hopes that it will not be required to bring additional disputes to the Court's attention.

---

[6] *See* M. Williams Jan. 24, 2023 email, attached as **Exhibit A**.

[7] Among other things, (i) the Debtor has served multiple subpoenas on third parties without providing notice required under Federal Rule of Bankruptcy Procedure 9016 and Federal Rule of Civil Procedure 45, and did not provide any notice at all of at least three subpoenas until after the Committee repeatedly reminded the Debtor of its obligations and asked for copies of all subpoenas that had been served, *see* ECF Nos. 635, 636, 637; (ii) the Debtor has been receiving productions in response to its third-party subpoenas, but so far has failed to provide copies to the Committee or to commit to any timing to provide copies, despite repeated requests from the Committee for copies of those productions, and (iii) the Debtor disclosed only late last week that it is in possession of 485 boxes of hard copy documents located in the U.S. Virgin Islands that the Committee believes are relevant, based on initial descriptions of the contents of the boxes from the Debtor, but the Debtor will not agree to produce the documents electronically and has yet to provide the Committee with its index of the documents, despite multiple requests from the Committee for that index.  The Debtor has known about the boxes since at least November 2022, but did not disclose them to the Committee until January 19, 2023, at which point the Debtor requested a two-week extension to respond to the Committee's discovery requests—which extension the Committee agreed to provide.  *See* M. Williams Jan. 22, 2023 letter, attached as **Exhibit B**.

Dated: January 25, 2023

        **AKIN GUMP STRAUSS HAUER & FELD LLP**

        */s/ Marty Brimmage, Jr.*
        Marty L. Brimmage, Jr. (State Bar No. 00793386;
        S.D. Tex. 30464)
        2300 N. Field Street, Suite 1800
        Dallas, TX 75201-2481
        Telephone: (214) 969-2800
        Facsimile: (214) 969-4343
        Email: mbrimmage@akingump.com

        -and-

        Arik Preis (admitted *pro hac vice*)
        Mitchell P. Hurley (admitted *pro hac vice*)
        Sara L. Brauner (admitted *pro hac vice*)
        Theodore James Salwen (admitted *pro hac vice*)
        One Bryant Park
        New York, NY 10036-6745
        Telephone: (212) 872-1000
        Facsimile: (212) 872-1002
        Email: apreis@akingump.com
        Email: mhurley@akingump.com
        Email: sbrauner@akingump.com
        Email: jsalwen@akingump.com

        *Counsel to the Official Committee of Unsecured Creditors of HONX, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on January 25, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Marty L. Brimmage, Jr.*
Marty L. Brimmage, Jr.