## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HONX, INC.,[1] | ) | Case No. 22-90035 (MI) |
| | ) | |
| Debtor. | ) | **Re: Docket No. 506** |
| | ) | |

## NOTICE OF WITHDRAWAL OF DEBTOR'S MOTION
## TO ENFORCE THE AUTOMATIC STAY

On December 2, 2022, the above-captioned debtor and debtor in possession (the "Debtor") filed the *Debtor's Emergency Motion to Enforce the Automatic Stay and Motion for Entry of an Order to Appear and Show Cause as to Why Elroy Williams and Bassali Williams are not in Contempt of the Automatic Stay* [Docket No. 506] (the "Motion to Enforce"), seeking an order from the Bankruptcy Court enforcing the automatic stay with respect to the complaint filed against Hess Corporation ("Hess") by Elroy Williams and Bassali Williams (together, the "Williams Plaintiffs"), by and through counsel, Peter J. Lynch Esq. of Fuller & Lynch Advocacy Group, PLLC (FLAG LAW VI), on November 14, 2022 in the Superior Court of the Virgin Islands (the "Superior Court"), styled as *Williams, et al. v. Hess Corp., et al.*, No. SX-2022-CV-00521 (V.I. Super. Ct.) (the "Action").

On December 7, 2022, the Williams Plaintiffs filed a notice with the Superior Court to voluntarily dismiss Hess without prejudice from the Action that is attached hereto as **Exhibit A**.

On December 28, 2022, the Williams Plaintiffs filed the *Response of Elroy Williams and Bassali Williams to the Debtor's Emergency Motion to Enforce the Automatic Stay and Motion for Entry of an Order to Appear and Show Cause as to Why Elroy Williams and Bassali Williams are not in Contempt of the Automatic Stay* [Docket No. 565] and the Official Committee of Unsecured Creditors also filed the *Response of the Official Committee of Unsecured Creditors to the Debtor's Emergency Motion to Enforce the Automatic Stay and Motion for Entry of an Order to Appear and Show Cause as to Why Elroy Williams and Bassali Williams are not in Contempt of the Automatic Stay* [Docket No. 567].

On January 12, 2023, the Superior Court entered an order dismissing Hess from the Action with prejudice (the "Superior Court Order"). The Superior Court Order is attached hereto as **Exhibit B**. On January 23, 2023, the Williams Plaintiffs filed a motion requesting that the Superior Court reconsider and amend the Superior Court Order to dismiss Hess without prejudice

---

[1]   The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is HONX, Inc. (2163). The location of the Debtor's service address in this chapter 11 case is: 1501 McKinney Street, Houston, Texas, 77010.

(the "<u>Superior Court Motion</u>"), given that the notice attached hereto as **<u>Exhibit A</u>** sought to dismiss Hess without prejudice.  The Superior Court Motion is attached hereto as **<u>Exhibit C.</u>**

Given the foregoing, the Debtor hereby withdraws the Motion to Enforce without prejudice.

Houston, Texas
January 25, 2023

*/s/ Matthew D. Cavenaugh*

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
Veronica A. Polnick (TX Bar No. 24079148)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:   (713) 752-4200
Facsimile:   (713) 752-4221
Email:        mcavenaugh@jw.com
              jwertz@jw.com
              vpolnick@jw.com

*Co-Counsel to the Debtor*
*and Debtor in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Christopher T. Greco, P.C. (admitted *pro hac vice*)
Matthew C. Fagen (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:        christopher.greco@kirkland.com
              matthew.fagen@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Whitney C. Fogelberg (admitted *pro hac vice*)
Jaimie Fedell (TX Bar No. 24093423) (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:        whitney.fogelberg@kirkland.com
              jaimie.fedell@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Michael F. Williams, P.C. (admitted *pro hac vice*)
Daniel T. Donovan, P.C. (admitted *pro hac vice*)
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone:   (202) 389-5000
Facsimile:   (202) 389-5200
Email:        michael.williams@kirkland.com
              daniel.donovan@kirkland.com

*Co-Counsel to the Debtor*
*and Debtor in Possession*

**<u>Certificate of Service</u>**

I certify that on January 25, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

## Exhibit A

**The Superior Court Notice**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| Elroy Williams, | &#124; | SX-2022-CV-00521 |
| and Bassali Williams, | &#124; | |
| Plaintiffs, | &#124; | |
| v. | &#124; | Complex Litigation Division |
| | &#124; | |
| Hess Corporation, | &#124; | Complaint for Damages |
| and Virgin Islands Industrial | &#124; | |
| Maintenance Corp., | &#124; | |
| Defendants | &#124; | Jury Trial Demanded |

## <u>NOTICE OF VOLUNTARY DISMISSAL AS TO HESS CORPORATION</u>

COME NOW the Plaintiffs Elroy Williams and Bassali Williams, by and through undersigned counsel, and, pursuant to V.I. R. Civ. P. 41(a)(1)(A)(i), hereby give notice of voluntary dismissal of this action as to Hess Corporation ("Hess"), and say:

1. Plaintiffs filed the above-captioned action on November 14, 2022.

2. Neither Defendant has filed an answer or motion for summary judgment.

3. As permitted by Rule 41(a)(1)(A)(i), Plaintiffs voluntarily elect to dismiss the action against Hess without prejudice.

December 7, 2022

Respectfully submitted,

Fuller & Lynch Advocacy Group, PLLC

*/s/ Peter J. Lynch*
Peter J. Lynch, Esq.
VI Bar No. 1256
FLAG LAW VI
PO Box 303300
St. Thomas, VI 00803
(340) 201-3646
pete@flaglawvi.com

*Williams et al. v. Hess Corporation et al.*
SX-2022-CV-00521
<u>Page 2 of 2</u>

## **<u>Certificate of Service</u>**

  I hereby certify, under penalties of perjury, that on this 7th day of December, 2022, I served a copy of the foregoing on the below-listed counsel, via the c-track electronic filing system:

Carl A. Beckstedt III, Esq.
Carolyn F. O'Connor, Esq.

            *<u>/s/ Peter J. Lynch</u>*

## Exhibit B

**The Superior Court Order**



**FILED**
January 12, 2023 05:38 PM
SX-2022-CV-00521
TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

**ELROY WILLIAMS,**
**AND BASSALI WILLIAMS**

                                    **PLAINTIFFS,**

**v.**

**HESS CORPORATION,**
**AND VIRGIN ISLANDS INDUSTRIAL**
**MAINTENANCE CORPORATION**

                                    **DEFENDANTS.**

**Case No. SX-2022-CV-521**
**Complex Litigation Division**

## ORDER DISMISSING HESS CORPORATION

This matter came before the Court on Notice of Voluntary Dismissal as to Hess Corporation filed by the Plaintiffs on December 7, 2022.  The premises considered,

ORDERED **that Hess Corporation is dismissed with prejudice;** it is further

ORDERED **that the case caption shall be amended to remove Hess Corporation;** and it is further

ORDERED **that a copy of this Order shall be distributed to all counsel of record.**

DATE: January 12, 2023

_____
ALPHONSO G. ANDREWS, JR.
Superior Court Judge

**Attest:**
**TAMARA CHARLES**
**CLERK OF THE COURT**
_____
COURT CLERK III
 01-12-2023
DATE


**FILED**
January 12, 2023 05:39 PM
SX-2022-CV-00521
**TAMARA CHARLES**
**CLERK OF THE COURT**

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### District of St. Croix

| | |
|---|---|
| **Elroy Williams and Bassali Williams,**<br>**Plaintiffs,**<br>v.<br><br>**Hess Corporation, and Virgin Islands**<br>**Maintenance Corp.,**<br>**Defendants.** | Case Number: **SX-2022-CV-00521**<br>Action: **Toxic Tort** |

## NOTICE of ENTRY
## of
## <u>ORDER</u>

**To:**  Peter J. Lynch, Esq.

Carl A. Beckstedt, III, Esq.

Carolyn F. O'Connor, Esq.

Ryan C. Stutzman, Esq.

**Please take notice that on January 12, 2023**

a(n) _____ **ORDER** _____

**dated**     **January 12, 2023**     **was/were entered**

**by the Clerk in the above-titled matter.**

**Dated:** **January 12, 2023**

**Tamara Charles**
**Clerk of the Court**

By:

**Cheryl Parris**
**Court Clerk III**

**<u>Exhibit C</u>**

**The Superior Court Motion**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| Elroy Williams, | &#124; | SX-2022-CV-00521 |
| and Bassali Williams, | &#124; | |
| Plaintiffs, | &#124; | |
| v. | &#124; | Complex Litigation Division |
| | &#124; | |
| Virgin Islands Industrial | &#124; | Complaint for Damages |
| Maintenance Corp., | &#124; | |
| Defendant. | &#124; | Jury Trial Demanded |

## MOTION TO RECONSIDER AND AMEND ORDER

COME NOW the Plaintiffs Elroy Williams and Bassali Williams ("Plaintiffs"), by and through their undersigned counsel, and file this Motion to Reconsider the Court's January 12, 2023 Order dismissing Defendant Hess Corporation with prejudice, and say:

On December 7, 2022, Plaintiffs filed a Notice of Voluntary Dismissal as to Defendant Hess Corporation (the "Notice"). In paragraph 3 of the Notice, Plaintiffs stated "As permitted by Rule 41(a)(1)(A)(i), Plaintiffs voluntarily elect to dismiss the action against Hess *without prejudice*." (Emphasis added.)

Virgin Islands Rules of Civil Procedure provide, in pertinent part, that "A motion to reconsider must be based on: (1) intervening change in controlling law; (2) availability of new evidence; (3) the need to correct clear error of law; or (4) failure of the court to address an issue specifically raised prior to the court's ruling." V. I. R. Civ. P. 6-4(b).  Also, "Unless the notice or stipulation [of dismissal] states otherwise, the dismissal is *without prejudice*." V. I. R. Civ. P. 41(a)(1)(B) (emphasis added).

*Williams et al. v. Hess Corporation et al.*
SX-2022-CV-00521
Motion to Reconsider and Amend Order

Page 2 of 4

On January 12, 2023, in an apparent inadvertent mistake, this Court entered an Order not providing the relief Plaintiffs sought of dismissal *without prejudice*, but instead dismissing the action against Hess Corporation *with prejudice*.

As this Court has previously held, "'the plaintiff is the master of the complaint and has the option of naming those parties the plaintiff chooses to sue.'" *Burns v. Femiani*, 786 F. App'x 375, 379 (3d Cir. 2019) (ellipsis omitted) (quoting *Lincoln Property Co. v. Roche*, 546 U.S. 81, 91 (2005)). The plaintiff also "selects the claims that will be alleged in the complaint. Some may be substantially justified, others may not. The plaintiff may abandon some claims by an appropriate motion, or may offer no proof at trial to . . . support of an element of a cause of action." *United States v. Jones*, 125 F.3d 1418, 1428-29 (11th Cir. 1997). But courts do not tell plaintiffs who to sue, what claims to assert, or what facts to allege." *Abraham v. St. Croix Renaissance Grp.*, 2020 VI Super 21, *7-8 (V.I. Super. Ct. 2020).

In the instant case, on November 22, 2022, Carolyn O'Connor, co-counsel for Hess Corporation, represented to Plaintiffs, via email to the undersigned, that Hess Corporation is protected from suit by a bankruptcy stay.[1] While Plaintiffs doubt that this position is accurate, on December 7, 2022, in an abundance of caution, Plaintiffs chose to file the Notice,

---

[1] Non-party HONX, Inc. is a debtor in bankruptcy in the United States Bankruptcy Court in the Southern District of Texas (BK 22-90035), and is a subsidiary of Hess Corporation. Attorney O'Connor maintains that the bankruptcy stay for HONX, Inc. extends also to Hess Corporation, a non-debtor, but to date has produced to Plaintiffs no court order which would confirm this assertion.

*Williams et al. v. Hess Corporation et al.*
SX-2022-CV-00521
Motion to Reconsider and Amend Order

Page 3 of 4

voluntarily dismissing the instant complaint against Hess without prejudice,

until the question of a stay is resolved.   The issue of whether the bankruptcy

stay of HONX, Inc. applies also to Hess is set to addressed at a February 16,

2023 hearing in Case No. 22-90035 in the United States Bankruptcy Court

for the Southern District of Texas (Houston).   The resolution of this question

will determine whether Hess may be reinstated as a Defendant in the instant

action.   Without correction or amendment, the Court's January 12, 2023

"with prejudice" dismissal would of course preclude such reinstatement, even

if the bankruptcy court were to agree with Plaintiffs that the HONX, Inc.

bankruptcy stay does not extend to Hess, a non-debtor.

Because Plaintiffs clearly requested dismissal without prejudice, this

Court's order dismissing Hess Corporation with prejudice qualifies as both a

"clear error of law" under 6-4(b)(3), and a "failure to address the request that

was made prior to the Court's ruling" under 6-4(b)(4).

WHEREFORE the Plaintiffs respectfully request that this Honorable

Court vacate or amend its January 12, 2023, Order, and enter a corrective

order, dismissing Hess Corporation *without prejudice*.

January 23, 2023                       Respectfully submitted,

                                       Fuller & Lynch Advocacy Group, PLLC

                                       */s/ Peter J. Lynch*
                                       Peter J. Lynch, Esq.
                                       VI Bar No. 1256
                                       FLAG LAW VI
                                       PO Box 303300
                                       St. Thomas, VI 00803
                                       (340) 201-3646
                                       pete@flaglawvi.com

*Williams et al. v. Hess Corporation et al.*
SX-2022-CV-00521
Motion to Reconsider and Amend Order

<u>Page 4 of 4</u>

## <u>**Certificate of Service**</u>

      I hereby certify, under penalties of perjury, that on this 23rd day of January, 2023, I served a copy of the foregoing on the below-listed counsel, via the c-track electronic filing system:

Carl A. Beckstedt III, Esq.
Carolyn F. O'Connor, Esq.

Ryan Stutzman, Esq.

                                  */s/ Peter J. Lynch*