United States Bankruptcy Court
Southern District of Texas

**ENTERED**
May 09, 2025
Nathan Ochsner, Clerk

FILED
APR 09 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| **In Re Professional Fee Matters Concerning the Jackson Walker Law Firm** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 4:23-CV-4787-AM** |

### MEMORANDUM OPINION AND ORDER

This joins a constellation of cases concerning the conduct of now-former Chief United States Bankruptcy Judge David Jones ("Jones"), his relationship with now-former Jackson Walker LLP ("Jackson Walker") partner Elizabeth Freeman ("Freeman"), and the millions of dollars in fees he awarded to that and other law firms in major bankruptcy cases.[1] Here, the United States Trustee, Region 7 for the Southern and Western District of Texas ("UST") seeks disgorgement of fees that Jones awarded to Jackson Walker in 34 such proceedings.[2]

Pending before the Court is a single consolidated motion styled as the "United States Trustee's Motion for Withdrawal of the Reference and Referral of Motion for Relief Under

---

[1] *See, e.g., Van Deelen v. Jones et al.*, 4:23-CV-3729-AM (S.D. Tex.); *Bouchard v. Jones et al.*, 4:24-CV-0693-AM (S.D. Tex.).

[2] *See* Bankr. S.D. Tex. Case Nos. 21-30936 (*In re Brilliant Energy, LLC*), 21-90054 (*In re Strike, LLC*), 20-35740 (*In re Seadrill Partners LLC*), 21-90002 (*In re Basic Energy Servs., Inc.*), 20-33233 (*In re Chesapeake Energy Corp.*), 20-33295 (*In re Covia Holdings Corp.*), 20-20184 (*In re J. C. Penney Direct Mktg. Servs. LLC*), 21-31861 (*In re Katerra, Inc.*), 21-30427 (*In re Seadrill Ltd.*), 20-32564 (*In re Stage Stores, Inc.*), 22-90018 (*In re Sungard AS New Holdings, LLC*), 20-34758 (*In re Tug Robert J. Bouchard Corp.*), 18-35672 (*In re Westmoreland Coal Co.*), 20-32021 (*In re Whiting Petroleum Corp.*), 20-35561 (*In re Mule Sky LLC*), 22-50009 (*In re 4E Brands Northamerica LLC*), 22-90129 (*In re Altera Infrastructure Project Services LLC*), 23-90055 (*In re Auto Plus Auto Sales LLC*), 20-32519 (*In re Neiman Marcus Group LTD LLC*), 20-33302 (*In re Covia Finance Company, LLC*), 20-33916 (*In re TMW Merchants LLC*), 20-31886 (*In re Sheridan Production Partners, 1-A, LP*), 22-90126 (*In re Laforta - Gestao E Investmentos*), 20-33812 (*In re Denbury Holdings, Inc.*), 20-32680 (*In re Energy Services Puerto Rico, LLC*), 22-90002 (*In Seadrill Member LLC*), 19-32112 (*In re Jones Energy, Inc.*), 19-34508 (*In re Sanchez Energy Corp.*), 20-34500 (*In re IQOR Holdings Inc.*), 18-30155 (*In re EXCO Resources, Inc.*), 20-50082 (*In re Volusion, LLC*), 20-30336 (*In re McDermott International Inc.*), 22-90032 (*In re GWG Holdings, Inc.*), 22-90035 (*In re HONX, Inc.*).

Rule 60(b)(6) and Related Matters" ("Motion") filed on November 3, 2023.[3]  (ECF No. 2.[4])

The UST filed in each of the 34 bankruptcy cases identical motions styled as the "United States

Trustee's Motion For Relief From Judgment Or Order Pursuant To Federal Rule Of Civil Procedure

60(b)(6) And Federal Rule Of Bankruptcy Procedure 9024 Approving Any Jackson Walker

Applications For Compensation And Reimbursement Of Expenses" ("Rule 60 Motions").

(*See* ECF No. 1 at 1; ECF Nos. 1-2, *In re Pro. Fee Matters Concerning the Jackson Walker L.*

*Firm*, Case No. 23-645 (Bankr. S.D. Tex.).)  The UST asks the Court to withdraw the Rule 60

Motions' reference to the United States Bankruptcy Court for the Southern District of Texas

("Bankruptcy Court") and oversee the Rule 60 Motions on the same terms as the cases assigned

hereto in the United States District Court for the Southern District of Texas's ("District Court")

General Order 2023-21.  (*Id.*)[5]

The District Court received a Report and Recommendation from the Honorable Eduardo

V. Rodriguez, Chief United States Bankruptcy Judge for the Southern District of Texas on

December 22, 2023.  (ECF No. 1; Case No. 23-645 at ECF No. 44.)  The Court now **ADOPTS IN**

**PART** and **REJECTS IN PART** the Report and Recommendation and **GRANTS** the UST's

Motion.  The Court **WITHDRAWS the reference** to the Bankruptcy Court of the 34 bankruptcy

proceedings, including the Rule 60 Motions.

Additionally, the UST filed a Motion for a Hearing or Status Conference on this matter.

(ECF No. 29.)  The Court **GRANTS** the UST's Motion for a Hearing or Status Conference.  (ECF

No. 29.)

---

[3] The Chief United States District Judge for the Southern District of Texas reassigned this action to the undersigned on August 8, 2023.  (ECF No. 20.)

[4] The Clerk filed a copy of the Motion—originally filed as ECF No. 255, *In re Brilliant Energy LLC*, No. 21-30936 (Bankr. S.D. Tex.)—on this case's docket as ECF No. 2 on December 22, 2023.

[5] The UST also sought withdrawal of "any related matters" [ECF No. 2 at 1] and later clarified the scope of its request in an exhibit to its R&R objections.  (ECF No. 5 at 2 n.3; ECF No. 5-1.)

## I. BACKGROUND

### A. Procedural Background

The Court adopts and incorporates herein the procedural history section of the Report and Recommendation ("R&R"). (ECF No. 1 at 2-3.) The R&R recommended denying the Motion and maintaining the Rule 60 Motions' reference to the Bankruptcy Court in all 34 cases. (*Id.* at 1-2; Case No. 23-645 at ECF No. 44.) The UST objected to the R&R on January 4, 2024. (ECF No. 5.) Jackson Walker responded to the UST's objections on January 17, 2024. (ECF No. 6.) The UST replied on January 25, 2024. (ECF No. 7.) Morton S. Bouchard, III, Individually and as Co-Trustee for the Morton S. Bouchard III 2017 Family Trust, filed a special appearance in this matter on May 9, 2024, and objected to the R&R. (ECF No. 16.) Randy W. Williams, Chapter 7 Trustee for the Chapter 7 estate of Brilliant Energy LLC, Case No. 21-30936, objected to the R&R on August 27, 2024. (ECF No. 22.) The UST filed a notice of additional motions for withdrawal of the reference in 16 additional bankruptcy cases on October 7, 2024. (ECF No. 25.) Chief Judge Rodriguez filed a Supplemental Report and Recommendation ("Supplemental R&R") on October 23, 2024. (ECF No. 26.) The UST filed objections to the Supplemental R&R on November 6, 2024. (ECF No. 27.) EXCO Resources, Inc. et al. ("EXCO") filed a separate objection to the Supplemental R&R and joined the UST's objection on November 8, 2024. (ECF No. 28.) On April 2, 2025, the UST filed a motion for a hearing or status conference on the matter. (ECF No. 29.) EXCO filed a notice of joinder in the UST's motion for a hearing or status conference. (ECF No. 30.)

## II. ANALYSIS

### A. The Report and Recommendation

The UST first argues that Bankruptcy Rule 5011(a) invalidates the Southern District's Bankruptcy Local Rule 5011-1 ("BLR 5011-1") and bars bankruptcy judges from issuing reports

and recommendations on withdrawal motions.[6] (ECF No. 2 at 5-6 (citing *In re Healthcentral.com*, 504 F.3d 775, 785 (9th Cir. 2007)).)  Bankruptcy Rule 5011(a) provides that "[a] motion for withdrawal of a case or proceeding shall be heard *by a district judge*."  (Emphasis added.)  Bankruptcy judges may not enter orders on withdrawal motions under this Rule.  BLR 5011-1 provides that "[a] motion to withdraw a case, contested matter, or adversary proceeding to the district court must be filed with the clerk.  Unless the district court orders otherwise, the matter will first be presented to the bankruptcy judge *for recommendation*." (Emphasis added.)

The R&R rightly opined that "BLR 5011-1 only authorizes this [Bankruptcy] Court to issue a report and recommendation and does not authorize this [Bankruptcy] Court to issue any order" on a withdrawal motion.  (R&R at 5.)  It correctly concluded that "Bankruptcy Rule 5011(a) does not invalidate BLR 5011-1." (*Id.* at 4.)  The Court finds no error in this section of the R&R and adopts and incorporates it herein.

### B. Withdrawal of the Reference

The UST asks the court to withdraw the Rule 60 Motions' reference in 34 bankruptcy cases for cause pursuant to 28 U.S.C. § 157(d).[7]  (ECF No. 2; ECF No. 255, Bankr. Case No. 21-30936.) Section 157 provides for mandatory and permissive withdrawal.  Withdrawal is mandatory when a claim or defense requires material and substantial consideration of non-Bankruptcy Code federal law. *See, e.g., In re OCA, Inc.*, No. CIV.A. 06-3811, 2007 WL 1728914, at *2 (E.D. La. June 13,

---

[6] The UST also argued that the District Court should decide withdrawal in the first instance, without an R&R. (ECF No. 2 at 5-7.)  The UST acknowledges that the R&R's issuance mooted this challenge.  (ECF No. 5 at 14-15 n.14.)

[7] Section 157(d) provides: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *See also In re Moody*, 899 F.2d 383, 386 (5th Cir. 1990); *In re Autoseis, Inc.*, No. 14-20130, 2015 WL 4113241, at *2 (Bankr. S.D. Tex. June 1, 2015).

2007) (collecting cases); *see also In re National Gypsum Co.*, 145 B.R. 539, 541 (Bankr. N.D. Tex. 1992). The UST does not claim mandatory withdrawal applies here.

District courts may also exercise discretion to withdraw a reference "for cause shown." 28 U.S.C. § 157(d). Section 157(d) does not define "cause." *See id.* Fifth Circuit courts consider the "general principles" described in *Holland Am. Ins. Co. v. Succession of Roy* when determining whether "cause" exists. 777 F.2d 992, 998 (5th Cir. 1985) (permissive withdrawal requires a "sound, articulated foundation"); *see also Levine v. M&A Customer Home Builder & Dev.*, 400 B.R. 200, 203 (S.D. Tex. 2008); *In re Morrison*, 409 B.R. 384, 389 (S.D. Tex. 2009) (Movant "bear[s] the burden of establishing grounds for permissive withdrawal.") These include: whether the matter is "core" or "non-core"; the goals of "promoting uniformity in bankruptcy administration"; "reducing forum shopping and confusion"; "fostering the economical use of the debtors' and creditors' resources," and "expediting the bankruptcy process"; and whether "there is a jury demand." *Holland*, 777 F.2d at 999.

An analysis of the *Holland* factors requires the recognition of the fact that this case involves numerous significant issues surrounding the Jones-Freeman relationship and Jackson Walker's knowledge and failure to disclose. Many of these issues do not concern a substantive Title 11 right and are not questions that, by their nature, could only arise in a bankruptcy case, Jones's acts as a bankruptcy judge notwithstanding. 28 U.S.C. § 157(b). Moreover, this Court is thoroughly acquainted with the facts because this action concerns many of the same facts and issues presented before this Court in other recent and ongoing litigation and arises from the same pattern of conduct. *See, e.g., Van Deelen*, 4:23-CV-3729-AM; *Bouchard*, 4:24-CV-0693-AM. Therefore, uniformity,

5

economy, and expediency all weigh in favor of withdrawal. Furthermore, the remaining factors are neutral.[8] Therefore, the *Holland* factors weigh in favor of withdrawal.

These factors offer guideposts toward the statutory standard, which remains simply "cause." *Id.* at 998. As such, *Holland*'s factors are not exhaustive. Beyond the *Holland* factors, the Court considers the fact that judicial proceedings must both be and appear impartial; "[w]e must continuously bear in mind that 'to perform its high function in the best way justice must satisfy the appearance of justice.'" *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988) (quoting *In re Murchison*, 349 U.S. 133, 136 (1955) (quotation omitted)); *see also* Canon 2, Code of Conduct for United States Judges (judges must avoid the appearance of impropriety). "Both the appearance and reality of impartial justice are necessary to the public legitimacy of judicial pronouncements and thus to the rule of law itself." *Williams v. Pennsylvania*, 579 U.S. 1, 15-16 (2016). These broad and unyielding principles teach that the appearance of bias provides "cause" to appropriately adapt judicial assignment processes to cure such concerns.

The Court knows of no reason to think that the bankruptcy judges, after November 15, 2023, who have overseen these proceedings thus far have done so other than ably and honorably, to the highest standard of judicial professionalism. No party claims otherwise. This Memorandum Order and Opinion should not be read to cast doubt on their service or on any order or decision they have made in these proceedings to date. This unique case nevertheless requires stiff measures. The need to reestablish public trust and confidence in the court system alone impels withdrawal in this highly unusual case.

---

[8] While a claim to disgorge fees concerns the administration of the estate as an action to recover property of the estate (see *In re Uplift Rx, LLC*, No. 17-32186, 2023 WL 3035346, at *5 (Bankr. S.D. Tex. Jan. 19, 2023)), this case involves numerous atypical circumstances that require an analysis of non-bankruptcy issues. Therefore, the "core" or "non-core" factor is neutral. Additionally, the R&R found the forum shopping factor to be neutral, and this Court finds no error in the Report and Recommendation's section on this factor. (*Id.* (citing *City Bank v. Compass Bank*, 2011 WL 5442092, at*6 (W.D. Tex. Nov. 9, 2011).) The Court accordingly adopts and incorporates that section herein. Finally, no party demands a jury trial, therefore, this factor is neutral.

**C. The Status Conference**

In conjunction with the Court's withdrawal, the Court finds that a status conference is necessary in order to discuss what procedural avenues these cases should follow moving forward—specifically, which issues are best decided by this Court or the Bankruptcy Court.

### III. CONCLUSION

Therefore, having considered the UST's Motion, the Bankruptcy Court's Report and Recommendation, the relevant law, and the objections and responding briefs, the Court **ADOPTS IN PART** and **REJECTS IN PART** the Report and Recommendation as set forth herein. (ECF No. 1.)

Considering the facts that gave rise to these proceedings, and the Court's desire to promote uniformity, economy, and expediency, this Court finds the references to the bankruptcy courts should be terminated.

The Court **GRANTS** the UST's Motion for Withdrawal of the Reference. (ECF No. 2.)

The Court **WITHDRAWS the REFERENCE** of each of the 34 bankruptcy cases. **All orders** entered in these cases thus far, including those concerning discovery, **STAND** unless and until this Court, or a court to which this Court later refers or reassigns a particular matter, orders otherwise.

The Court **GRANTS** the UST's Motion for a Status Conference. (ECF No. 29.) An order will be forthcoming to set the date and time.

SIGNED and ENTERED on this 9th day of April 2025.

ALIA MOSES
Chief United States District Judge

7