**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| HONX, INC., | ) | |
| | ) | Case No. 22-90035 (MI) |
| Debtor. | ) | |
| | ) | |

**ANNUAL REPORT, FINANCIAL STATEMENTS AND CLAIMS SUMMARY OF**
**THE HONX ASBESTOS TRUST FOR FISCAL YEAR ENDED DECEMBER 31, 2025**

Alan B. Rich, as Trustee of the HONX Asbestos Trust (the **_"Trust"_**), respectfully files this Annual Report of the HONX Asbestos Trust for Fiscal Year Ended December 31, 2025, pursuant to the Further Modified First Amended Chapter 11 Plan of Reorganization of HONX, Inc. (the **_"Plan"_**) and the HONX Asbestos Trust Agreement (the **_"Trust Agreement"_**).

**I.      GENERAL**

On April 28, 2022, HONX, Inc. filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101-1532 (the **_"Bankruptcy Code"_**) in the United States Bankruptcy Court for the Southern District of Texas—Houston Division (the **_"Bankruptcy Court"_**).  On February 16, 2024, the United States District Court for the Southern District of Texas—Houston Division entered its Findings of Fact, Conclusions of Law, and Order (I) Confirming the Further Modified First Amended Chapter 11 Plan of Reorganization of HONX, Inc. and (II) Granting Related Relief (the **_"Confirmation Order"_**) confirming the Further Modified First Amended Chapter 11 Plan of Reorganization of HONX, Inc. (the **_"Plan"_**).  On February 16, 2024, the Bankruptcy Court filed the Confirmation Order on the Bankruptcy Court's docket.

1

Pursuant to the Plan, the Trust was established on March 11, 2024.  Pursuant to the Plan, Hon. Barbara Houser is the Future Claimants' Representative (the **"FCR"**) for the Trust.

## II.   REPORTING REQUIREMENTS

Section 2.2(c) of the Trust Agreement requires the Trustee to account to the Bankruptcy Court and file an annual report containing financial statements of the Trust and a summary of the number and types of claims disposed of by the Trust during the period covered by the financial statements.  Under Section 4.5(c) and Section 5.5 of the Trust Agreement, the Trust shall include a description of the amounts paid during the reporting period to the Trustee and the FCR in its annual report.  Pursuant to Section 2.2(i) of the Trust Agreement, the Trustee, no less often than once a year, shall make available to claimants and other interested parties the number of claims by disease levels that have been resolved by individual review.

## III.   FINANCIAL STATEMENTS

A copy of the Trust's audited special-purpose financial statements for the fiscal year ended December 31, 2025 is attached hereto as Exhibit A.  The Trust's operating expenses are listed in the Special-Purpose Statement of Changes in Net Claimants' Equity, attached hereto.

## IV.   ASBESTOS PERSONAL INJURY CLAIMS

Below is a summary of the number and types of claims disposed of by the Trust during 2025.  All claims disposed of by the Trust in 2025 were asserted by either Current Claimants or Post-Petition Claimants.  The Trust did not dispose of any claims asserted by Future Claimants in 2025.  The Trust did not resolve any claims by individual review during 2025.

| DISEASE LEVEL | DISEASE | NUMBER OF CLAIMS |
|---|---|---|
| Level 1 | Mesothelioma (Extraordinary Exposure) | 0 |
| Level 2 | Mesothelioma (Standard Exposure) | 0 |
| Level 3 | Lung Cancer (Extraordinary Exposure) | 0 |
| Level 4 | Lung Cancer (Standard Exposure) | 0 |
| Level 5 | Other Cancer (Extraordinary Exposure) | 1 |
| Level 6 | Other Cancer (Standard Exposure) | 1 |
| Level 7 | Severe Asbestosis (Extraordinary Exposure) | 0 |
| Level 8 | Severe Asbestosis (Standard Exposure) | 0 |
| Level 9 | Bilateral Asbestos-Related Nonmalignant Disease I (Extraordinary Exposure) | 0 |
| Level 10 | Bilateral Asbestos-Related Nonmalignant Disease I (Standard Exposure) | 2 |
| Level 11 | Bilateral Asbestos-Related Nonmalignant Disease II (Extraordinary Exposure) | 1 |
| Level 12 | Bilateral Asbestos-Related Disease II (Standard Exposure) | 0 |

## V.      COMPENSATION AND EXPENSES OF THE TRUSTEE AND FCR

Pursuant to Sections 4.5(c) and Section 5.5 of the Trust Agreement, the annual report shall also include a description of the amounts paid during the reporting period to the Trustee and the FCR.  The Trust refers the Court to the Special-Purpose statement of Changes in Net Claimants' Equity in the Trust's financial statements, attached hereto.

Respectfully submitted this 27th day of April 2026.

**STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA, P.C.**

By   */s/ Sander L. Esserman*
 **SANDER L. ESSERMAN**
 State Bar No. 06671500
 **CLINT L. TAYLOR**
 State Bar No. 24042008

2323 Bryan Street, Suite 2200
Dallas, TX 75201-2689
(214) 969-4900 – Telephone
(214) 969-4999 – Facsimile

**ATTORNEYS FOR THE
HONX ASBESTOS TRUST**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 27th day of April 2026, the foregoing Annual Report, Financial Statements and Claims Summary of the HONX Asbestos Trust for Fiscal Year Ended December 31, 2025 was served via ECF on all those parties receiving such notice through the Court's CM/ECF system.

 */s/ Sander L. Esserman*
**SANDER L. ESSERMAN**

# EXHIBIT A

**HONX Asbestos Trust**

**Special-Purpose Financial Statements
and Independent Auditor's Report**

**Year Ended December 31, 2025 and
For the Period March 8, 2024 (Date of Formation)
to December 31, 2024**



**HONX Asbestos Trust**

**Index**

|  | PAGE |
|---|---|
| Independent Auditor's Report | 2 |
| Special-Purpose Financial Statements | |
| Special-Purpose Statements of Net Claimants' Equity | 4 |
| Special-Purpose Statements of Changes in Net Claimants' Equity | 5 |
| Notes to Special-Purpose Financial Statements | 6 |

**CohnReznick LLP**
cohnreznick.com

CohnReznick

<u>Independent Auditor's Report</u>

To the Trustee of
HONX Asbestos Trust

*Opinion*

We have audited the accompanying special-purpose financial statements of the HONX Asbestos Trust (the "Trust"), which comprise the special-purpose statement of net claimants' equity as of December 31, 2025 and 2024 and the related special-purpose statement of changes in net claimants' equity for the year ended December 31, 2025 and for the period March 8, 2024 (Date of Formation) to December 31, 2024, and the related notes to the special-purpose financial statements (collectively, the "Financial Statements").

In our opinion, the accompanying Financial Statements present fairly, in all material respects, the net claimants' equity of the Trust as of December 31, 2025 and 2024, and the changes in net claimants' equity for the year ended December 31, 2025 and for the period March 8, 2024 (Date of Formation) to December 31, 2024, in conformity with the basis of accounting described in Note 2 to the Financial Statements.

*Basis for Opinion*

We conducted our audits in accordance with auditing standards generally accepted in the United States of America ("GAAS"). Our responsibilities under those standards are further described in the Auditor's Responsibilities for the Audit of the Financial Statements section of our report. We are required to be independent of the Trust and to meet our other ethical responsibilities in accordance with the relevant ethical requirements relating to our audits. We believe that the audit evidence we have obtained is sufficient and appropriate to provide our audit opinion.

*Basis of Accounting*

We draw attention to Note 2 of the Financial Statements, which describes the basis of accounting. The Financial Statements are prepared on a special-purpose basis of accounting, which is a basis of accounting other than accounting principles generally accepted in the United States of America. The special-purpose basis of accounting has been adopted by the Trustee to communicate the amount of net claimants' equity presently available to fund current and future claims. As a result, the Financial Statements may not be suitable for another purpose. Our opinion is not modified with respect to this matter.

*Responsibilities of Management for the Financial Statements*

Management is responsible for the preparation and fair presentation of these Financial Statements in accordance with the special-purpose basis of accounting; this includes determining that the special purpose basis of accounting is an acceptable basis for the preparation of the Financial Statements in these circumstances. Management is also responsible for the design, implementation, and maintenance of internal control relevant to the preparation and fair presentation of the Financial Statements that are free from material misstatement, whether due to fraud or error.

2



*Auditor's Responsibilities for the Audit of the Financial Statements*

Our objectives are to obtain reasonable assurance about whether the Financial Statements as a whole are free from material misstatement, whether due to fraud or error, and to issue an auditor's report that includes our opinion. Reasonable assurance is a high level of assurance but is not absolute assurance and therefore is not a guarantee that an audit conducted in accordance with GAAS will always detect a material misstatement when it exists. The risk of not detecting a material misstatement resulting from fraud is higher than for one resulting from error, as fraud may involve collusion, forgery, intentional omissions, misrepresentations, or the override of internal control. Misstatements are considered material if there is a substantial likelihood that, individually or in the aggregate, they would influence the judgment made by a reasonable user based on the Financial Statements.

In performing an audit in accordance with GAAS, we:

- Exercise professional judgment and maintain professional skepticism throughout the audit.

- Identify and assess the risks of material misstatement of the Financial Statements, whether due to fraud or error, and design and perform audit procedures responsive to those risks. Such procedures include examining, on a test basis, evidence regarding the amounts and disclosures in the Financial Statements.

- Obtain an understanding of internal control relevant to the audit in order to design audit procedures that are appropriate in the circumstances, but not for the purpose of expressing an opinion on the effectiveness of the Trust's internal control. Accordingly, no such opinion is expressed.

- Evaluate the appropriateness of accounting policies used and the reasonableness of significant accounting estimates made by management, as well as evaluate the overall presentation of the Financial Statements.

- Conclude whether, in our judgment, there are conditions or events, considered in the aggregate, that raise substantial doubt about the Trust's ability to continue as a going concern for a reasonable period of time.

We are required to communicate with those charged with governance regarding, among other matters, the planned scope and timing of the audit, significant audit findings, and certain internal control related matters that we identified during the audits.

*Restriction on Use*

This report is intended solely for the information and use of the management of the Trust, the Trustee, the beneficiaries of the Trust and the United States Bankruptcy Court for the Southern District of Texas Houston Division and is not intended to be and should not be used by anyone other than these specified parties. Upon filing with the United States Bankruptcy Court for the Southern District of Texas Houston Division, the report is a matter of public record, which public filing does not expand the list of specified users.

*CohnReznick LLP*

Frisco, Texas
April 24, 2026

3

**HONX Asbestos Trust**

**Special-Purpose Statements of Net Claimants' Equity**
**December 31, 2025 and 2024**

<u>Assets</u>

| | | 2025 | | 2024 |
|---|---|---|---|---|
| Cash and cash equivalents | | | | |
| Unrestricted | $ | 1,300,000 | $ | 55,587,008 |
| Restricted | | 3,250 | | - |
| Investments in marketable securities | | 29,938,759 | | 26,797,357 |
| Receivable from Hess Corporation | | 20,000,000 | | 20,000,000 |
| Accrued interest and dividend income | | 237,098 | | 226,824 |
| Purchased interest | | - | | 8,950 |
| Prepaid expenses | | 10,612 | | 9,214 |
| Prepaid and refundable federal income taxes | | 9,206 | | 9,206 |
| Total assets | $ | 51,498,925 | $ | 102,638,559 |

<u>Liabilities and Net Claimants' Equity</u>

| | | 2025 | | 2024 |
|---|---|---|---|---|
| Accrued expenses | $ | 92,836 | $ | 98,371 |
| Claims processing deposits | | 3,250 | | - |
| Accrued payments to claimants | | - | | 52,952,968 |
| Deferred tax liability | | 336,466 | | - |
| Total liabilities | | 432,552 | | 53,051,339 |
| Net claimants' equity | $ | 51,066,373 | $ | 49,587,220 |

See Notes to Special-Purpose Financial Statements.

4

**HONX Asbestos Trust**

**Special-Purpose Statements of Changes in Net Claimants' Equity**
**Year Ended December 31, 2025 and for the Period**
**March 8, 2024 (Date of Formation) to December 31, 2024**

|  | 2025 | 2024 |
|---|---:|---:|
| **Additions** | | |
| Interest and dividend income | $ 1,470,479 | $ 4,043,985 |
| Net gain on investments in marketable securities, net of management fees, custody fees and bond amortization | 1,006,170 | - |
| Other income | 500 | - |
| Received from Hess Corporation at formation - | | |
|    Cash | - | 133,000,000 |
|    Receivable | - | 20,000,000 |
|     Total additions | 2,477,149 | 157,043,985 |
| **Deductions** | | |
| Payments to Claimants | - | 105,000,000 |
| Income tax expense, net | 336,466 | 955,794 |
| Legal fees | 175,485 | 351,565 |
| Future Claimants' Representative fees and expenses | 122,857 | 104,958 |
| Trustee fees and expenses | 91,286 | 236,707 |
| Accounting fees | 62,952 | 22,205 |
| Consulting fees | 59,357 | 204,587 |
| Claims processing fees | 54,000 | 90,081 |
| Trustee fiduciary fee | 25,725 | 25,000 |
| Insurance expense | 25,321 | 28,081 |
| Audit fees | 20,123 | 9,833 |
| Financial consulting fees | 18,000 | 13,500 |
| Delaware Trustee fees and expenses | 4,000 | 6,810 |
| Foreign taxes paid | 2,320 | 2,528 |
| Miscellaneous expenses | 104 | 1,203 |
| Net loss on investments in marketable securities, net of management fees, custody fees and bond amortization | - | 403,913 |
|     Total deductions | 997,996 | 107,456,765 |
| Net increase in net claimants' equity | 1,479,153 | 49,587,220 |
| Net claimants' equity, beginning of period | 49,587,220 | - |
| Net claimants' equity, end of period | $ 51,066,373 | $ 49,587,220 |

See Notes to Special-Purpose Financial Statements.

5

HONX Asbestos Trust

**Notes to Special-Purpose Financial Statements**
**December 31, 2025 and 2024**

**Note 1 - Nature of Trust**

**Description of Trust**
The HONX Asbestos Trust (the "Trust") was established in accordance with the Further Modified First Amended Chapter 11 Plan of Reorganization (the "Plan"), of HONX, Inc. ("HONX"), and certain affiliates, or Hess Corporation ("Hess") pursuant to Chapter 11 of the United States Bankruptcy Code. The purpose of the Trust is:

- To assume all liabilities and responsibility for all Asbestos Claims ("Claims");

- To direct the processing, liquidation and payment of all compensable Asbestos Claims in accordance with the Plan, the Trust Agreement, the Trust Distribution Procedures ("TDP"), and the Confirmation Order;

- To preserve, hold, manage, and maximize the Trust assets for use in paying and satisfying Claims;

- To use the Trust's assets and income to pay holders of all Claims in accordance with the Trust Agreement and the TDP in such a way that holders of Claims are treated fairly, equitably, and reasonably in light of the finite assets available to satisfy such claims; and

- To comply in all respects with the requirements for a trust set forth in Section 524(g)(2)(B) of the Bankruptcy Code.

The Trust was established on March 8, 2024, the Effective Date of the Plan ("Effective Date"), and is a Qualified Settlement Fund under Internal Revenue Code (the "Code") Section 468B for holders of Claims ("Qualified Settlement Fund"). The Trust operates as the HONX Asbestos Trust.

Pursuant to the Plan, at formation of the Trust, Hess contributed $153,000,000, consisting of $105,000,000 in cash for payment of Holders of Allowed malignant and nonmalignant Current Asbestos Claims, $25,000,000 in cash for payment of certain Asbestos Claims, $3,000,000 in cash for payment of administrative expenses and $20,000,000 to be paid on the fifth anniversary of the Effective Date. In addition to the Initial Trust Payment, on certain anniversaries of the Effective Date as specified in the Plan, Hess may contribute certain Supplemental Trust Payments, which shall not exceed $37,000,000 in accordance with the Plan.

The Trust is governed by a Trust Agreement and TDP that establish the framework and criteria for allowance and payment of Claims by the Trust. The Trust Agreement and TDP were approved by the United States District and Bankruptcy Courts as part of the Plan. There are certain asbestos related diseases specified in the TDP. If the medical and exposure requirements are satisfied, then the Claimant is eligible to receive the liquidated value determined through either the Expedited Review or Individual Review.

The Trust's assets consist primarily of cash and cash equivalents, a receivable from the debtor and investments in marketable securities, which, with the earnings (or losses) on such investments, are intended to be totally consumed by the allowance and payment of claims and operation of the Trust. The percentage amount of each allowed claim that will actually be paid will be determined by projections of total allowed Claims and operational expense of the Trust, on the one hand, and total assets and net earnings (or losses), on the other. The Trust began accepting Claims on March 8, 2024 and began paying current claimants in April 2024. The Trustee is a fiduciary and is responsible for administering the Trust and the Trust's assets in accordance with the Trust Agreement and the Plan.

**HONX Asbestos Trust**

**Notes to Special-Purpose Financial Statements**
**December 31, 2025 and 2024**

**Termination**

The Trust Agreement (Section 6.2) provides that the Trust shall exist for a minimum of twenty five years, provided that Hess has funded all obligations, then after the twentieth anniversary of the Effective Date in accordance with the Plan, and if all such funds are exhausted prior to the twenty-fifth anniversary of the Effective Date, then the Trust shall be permitted to terminate. On or after the twenty-fifth anniversary of the Effective Date, the Trust shall terminate on the date of the first to occur of the following events.

- All Trust assets have been depleted;

- Thirty-six consecutive months have elapsed during which no qualifying Trust Claims has been approved by the Trust, or

- The Trustee determines, with the consent of the Future Claimants' Representative, that the continued administration of the Trust is uneconomic given the anticipated future costs of operating the Trust compared to the amount of the anticipated future payments to Holders of Claims.

On the Termination Date or as soon as reasonably practicable, after the wind-up of the Trust's affairs by the Trustee and payment of all the Trust's liabilities have been provided for as required by applicable law, all remaining assets shall revert to Hess, provided that the Bankruptcy Court must enter a Final Order that states that the Trust was terminated in accordance with the Trust Agreement and that any excess funds remaining may revert to Hess.

Following the dissolution and distribution of the assets of the Trust, the Trust shall terminate and the Trustee shall execute and file a Certificate of Cancellation.

**Note 2 - Summary of Significant Accounting Policies**

**Basis of accounting**

The Trust's special-purpose financial statements ("Financial Statements") are prepared using special-purpose accounting methods that differ from accounting principles generally accepted in the United States of America ("GAAP"). The special-purpose accounting methods are being used to better communicate the equity available to satisfy current and future claims. Since the accompanying Financial Statements and transactions are not based upon GAAP, accounting treatment by other parties for these same transactions may differ as to timing and amount. These special-purpose accounting methods and the differences from GAAP are summarized as follows:

- The Financial Statements are prepared using the accrual basis of accounting, except as otherwise described herein.

- The statement of net claimants' equity is not classified, resulting in no separation between current and noncurrent assets.

- These Financial Statements do not include a statement of cash flows.

- Cash and cash equivalents are recorded at cost with accrued interest shown separately.

- The funding received from Hess has been recorded directly to net claimants' equity. These funds do not represent taxable income to the Trust. Payments to Claimants are reported as deductions from net claimants' equity and do not represent tax-deductible expenses of the Trust.

- At year ended December 31, 2025 and for the period March 8, 2024 (Date of Formation) to December 31, 2024, the liability for accrued payments to claimants reflected in the statements of net claimants'

7

**HONX Asbestos Trust**

**Notes to Special-Purpose Financial Statements**
**December 31, 2025 and 2024**

equity represents outstanding payments to Current Claimants. No liability is recorded for future claims filings and filed claims on which no offer has been made. Net claimants equity represents funding available to pay present and future claims on which no liability has been recorded.

- The Trust's investments in marketable debt securities are considered as available for sale. The unrealized holdings gains (losses) on these investments are included in net gain on investments in marketable securities, net of management fees, custody fees and bond amortization on the accompanying statements of changes in net claimants' equity. Under GAAP, the unrealized holding gains (losses) on available for sale investments would be included as a component of net claimants' equity reported as accumulated other comprehensive income.

- As described in Note 3, the receivable from Hess Corporation is recorded based on the amounts provided for in the Plan documents and no provision for potential uncollectible receivables has been recorded. The receivable has not been discounted to estimated present value and thus is not considered a financial instrument and is not included in the fair value leveling tables.

**Use of estimates**
The preparation of Financial Statements in conformity with the special-purpose accounting method requires management to make estimates and assumptions that affect the reported amounts of assets and liabilities at the date of the special-purpose financial statements and the reported amounts of additions and deductions to net claimants' equity during the reporting period. Significant items subject to such estimates and assumptions include the carrying value of financial instruments and current and deferred income tax expense. Actual results could differ from those estimates.

**Financial instruments**
The Trust's financial instruments are cash and cash equivalents, accrued interest and dividend income, investments in marketable securities, and accrued expenses. The carrying amount of cash and cash equivalents, accrued interest and dividend income and accrued expenses approximate their fair values based on their short-term nature. The carrying amount of investments in marketable securities is based on fair value.

**Cash and cash equivalents**
The Trust considers all highly-liquid debt instruments purchased with an original maturity value of three months or less to be cash equivalents. Unrestricted cash and cash equivalents at December 31, 2025 and 2024 are as follows:

| | | 2025 | | 2024 |
|---|---|---|---|---|
| Money market funds | | | | |
| Texas Capital Bank | $ | 565,699 | $ | 53,347,636 |
| Dreyfus Government Fund | | 5,825 | | - |
| Federated Hermes Muni Obligations | | 47,369 | | - |
| Fidelity Cash Reserves | | 681,107 | | 2,239,372 |
| | $ | 1,300,000 | $ | 55,587,008 |

**HONX Asbestos Trust**

**Notes to Special-Purpose Financial Statements**
**December 31, 2025 and 2024**

At December 31, 2025, restricted cash represents filing fees received from claimants, which will be refunded if the claim is accepted.

**Concentrations of credit risk**

Financial instruments, which potentially subject the Trust to concentrations of credit risk, consist primarily of cash and cash equivalents and investments in marketable securities. The Trust maintains a portion of its cash and cash equivalents in accounts that are not federally insured but considers them to be of high credit quality. The Trust has not experienced any losses in such accounts, and it does not believe it is exposed to any significant credit risk.

The Trust's investments are exposed to various risks, such as interest rate, market and credit risk. Due to the level of risk associated with investments, it is at least reasonably possible that significant changes in risks in the near-term may materially affect the amounts reported in the Financial Statements. However, the Trust has a formal investment policy of placing investments in high-quality financial institutions.

**Receivable from Hess Corporation**

The Trust records a receivable after all conditions are met in accordance with the Plan documents or related signed settlement agreements. No provision for a potentially uncollectible receivable was recorded. At December 31, 2025 and 2024, the receivable was not discounted to estimated net present value, and no allowance was made for the contingency that less than the full settlement amount may be received.

**Investments in marketable securities and related income (loss)**

Investments in marketable securities are reported at fair value in the special-purpose statements of net claimants' equity and changes in the fair value of investments, as well as unrealized and realized gains and losses are included in net gain (loss) on investments in marketable securities, net of management fees, custody fees and bond amortization reported in the special-purpose statements of changes in net claimants' equity. Purchases and sales of marketable securities are recorded on the trade date. Realized gains and losses on disposals of investments are determined by the specific identification method.

Investments considered to be permanently impaired in value are written down to their estimated net realizable value and the write down is recorded as a realized loss on investments. Unrealized losses that are other-than-temporary based upon management's estimates using quantitative and qualitative criteria are recognized as realized investment losses. Actual results could differ from those estimates.

**Claims processing deposits**

Claims processing deposits represent filing fees collected from each holder of an Asbestos Claim and the fee is waived for all pro se claimants.

**Net claimants' equity**

The Trust, under the adopted special-purpose accounting convention, does not record the liability for future claims expected to be filed over the life of the Trust. The net claimants' equity is available for (i) the payments of allowed asbestos-related claims and (ii) operational expenses of the Trust.

**Income taxes**

Deferred tax assets and liabilities are recorded based on temporary differences between the carrying amounts of assets and liabilities for financial reporting and income tax purposes using the enacted tax rates and laws that will be in effect when the differences are expected to reverse. A valuation allowance is established when it is likely that the deferred tax assets may not be realized. In the opinion of management,

**HONX Asbestos Trust**

**Notes to Special-Purpose Financial Statements**
**December 31, 2025 and 2024**

the Trust is not subject to state income taxes and therefore, the Financial Statements do not include any provision or liability for state income taxes. Funds received by the Trust from Hess Corporation and disbursements paid to settle asbestos claims are not taxable or deductible by the Trust.

The Trustee's estimate of the potential outcome of any uncertain tax issues is subject to management's assessment of relevant risks, facts, and circumstances existing at that time. The Trust uses a more likely than not threshold for financial statement recognition and measurement of tax positions taken or expected to be taken in a tax return. To the extent that the Trustees' assessment of such tax position changes, the change in estimate is recorded in the period in which the determination is made. The Trust reports tax-related interest and penalties as a component of income tax expense and operating expenses, respectively. The Trust has recognized no increase in assets or liabilities for unrecognized tax benefits or expenses.

**Subsequent events**
The Trust has evaluated events and transactions subsequent to the date of the Financial Statements for matters requiring recognition or disclosure in the Financial Statements. The accompanying Financial Statements consider events through April 24, 2026, the date on which the Financial Statements were available to be issued.

**Note 3 - Receivable from Hess Corporation**

As part of the Plan, Hess is required to contribute $20,000,000 to the Trust. The amount receivable has been recognized in the Financial Statements. The receivable is due on the fifth anniversary of the Effective Date of the Trust, or March 8, 2029.

**Note 4 - Investments in Marketable Securities**

The Trust measures its investments, at fair value, according to a hierarchy of valuation techniques. The following are the levels of the hierarchy and a brief description of the type of valuation information ("inputs") that qualifies an investment for each level:

Level I - Quoted prices are available in active markets for identical investments as of the reporting date.

Level II - Pricing inputs are other than quoted market prices included in Level I, however are observable indirectly for the investment.

Level III - Pricing inputs are unobservable for the investment and includes situations where there is little, if any, market activity for the investment. The inputs into the determination of fair value require significant management judgment or estimation. The Trust does not carry any Level III investments.

The following section describes the valuation methodologies the Trust uses to measure its financial assets at fair value.

*Mutual Funds - Equity funds:* Valued at the closing price reported on the active market on which the individual securities are traded.

*Municipal bonds:* Valued using the documented trade price if trading in an active market. Otherwise, valued using a metrics system provided by the pricing vendors.

HONX Asbestos Trust

**Notes to Special-Purpose Financial Statements**
**December 31, 2025 and 2024**

The valuations of the Trust's investments in marketable securities by the above fair value hierarchy levels and the corresponding cost of the investments as of December 31, 2025 and 2024, are as follows:

| | Level | Fair Value | Cost | Unrealized Gains, Net |
|---|---|---|---|---|
| | | December 31, 2025 | | |
| Mutual funds - equity funds | I | $ 10,297,720 | $ 9,316,631 | $ 981,089 |
| Municipal bonds | 2 | 19,641,039 | 19,432,595 | 208,444 |
| Total | | $ 29,938,759 | $ 28,749,226 | $ 1,189,533 |

| | Level | Fair Value | Cost | Unrealized Losses, Net |
|---|---|---|---|---|
| | | December 31, 2024 | | |
| Mutual funds - equity funds | I | $ 8,692,728 | $ 8,819,587 | $ (126,859) |
| Municipal bonds | 2 | 18,104,629 | 18,259,904 | (155,275) |
| Total | | $ 26,797,357 | $ 27,079,491 | $ (282,134) |

Maturities of the Trust's debt securities at December 31, 2025 are as follows:

| | Level | Fair Value | Cost | Unrealized Gains (Losses), Net |
|---|---|---|---|---|
| Due in one year or less | 2 | $ - | $ - | $ - |
| Due after one year through five years | 2 | 4,101,684 | 4,052,481 | 49,203 |
| Due after five years through ten years | 2 | 7,270,983 | 7,199,116 | 71,867 |
| Due after ten years through twenty years | 2 | 7,525,241 | 7,436,168 | 89,073 |
| Due after twenty years | 2 | 743,131 | 744,830 | (1,699) |
| Total | | $ 19,641,039 | $ 19,432,595 | $ 208,444 |

The net gain (loss) on investments in marketable securities is calculated as follows for the year ended December 31, 2025 and for the period March 8, 2024 (Date of Formation) to December 31, 2024:

| | 2025 | 2024 |
|---|---|---|
| Realized gains (losses), net | $ (172,122) | $ 859 |
| Unrealized gain (losses), net | 1,471,666 | (282,134) |
| Management fees | (45,189) | (18,135) |
| Custody fees | (14,666) | (8,699) |
| Bond amortization | (233,519) | (95,804) |
| Net gain (loss) on investments | $ 1,006,170 | $ (403,913) |

11

**HONX Asbestos Trust**

**Notes to Special-Purpose Financial Statements**
**December 31, 2025 and 2024**

**Note 5 - Taxation**

The Trust reports its income to the Internal Revenue Service as a designated settlement fund which is taxed at the highest rate applicable to trusts under Section I(e) of the Code, which was 37%.

The Trust's federal income tax expense is calculated as follows for the year ended December 31, 2025 and for the period March 8, 2024 (Date of Formation) to December 31, 2024:

|  | 2025 | 2024 |
|---|---|---|
| Modified taxable income (loss) | $ (280,164) | $ 2,583,226 |
| Tax rate | 37.0% | 37.0% |
| Federal income tax expense (benefit) | (103,661) | 955,794 |
| Deferred federal income tax expense (benefit) | 544,516 | (104,389) |
| Change in valuation allowance | (104,389) | 104,389 |
| Income tax expense, net | $ 336,466 | $ 955,794 |

Temporary differences between financial reporting income and taxable income generate deferred tax assets and liabilities as of December 31, 2025 and 2024, as follows:

|  | 2025 | 2024 |
|---|---|---|
| Net operating loss carryforward | $ 103,661 | $ - |
| Unrealized loss on investments | (440,127) | 104,389 |
| Valuation allowance | - | (104,389) |
| Deferred tax liability, net | $ (336,466) | $ - |

At December 31, 2025, the Trust has a net operating loss carryforward of $280,160, with no expiration date. The Trust made no cash payments for income taxes during the year ended December 31, 2025. During the period March 8, 2024 (Date of Formation) to December 31, 2024, the Trust made cash payments for income taxes of $965,000. The Trust's income tax returns are subject to audits by federal authorities.

**Note 6 - Future Claimants' Representative**

The Trust Agreement sets forth the role and responsibility of the Future Claimants' Representative ("FCR"). The FCR serves in a fiduciary capacity, representing the interests of the Future Demand Holders who may file an Asbestos Claim in the future, but who at this time are unknown to the Trust ("Future Demand Holders"). The FCR role, in part, is to protect rights of the Future Demand Holders. The Trustee is required to consult with or obtain the consent of the FCR on certain matters identified in the Trust Agreement and the TDP.



**Independent Member of Nexia**

**cohnreznick.com**